1  MICHAEL J. BETTINGER (State Bar No. 122196)
   LISA MARIE SCHULL (State Bar No. 196132)
2  PRESTON GATES & ELLIS LLP
   55 Second Street, Suite 1700
3  San Francisco, California 94105-3493
   Telephone:  (415) 882-8200
4  Facsimile:  (415) 882-8220

5  Attorneys for Defendant,
   Microsoft Corporation
6

7                      UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9                             (SAN JOSE DIVISION)

10
    GOOGLE, INC. and KAI-FU LEE,            Case No. C 05 30951
11
                               Plaintiffs,  NOTICE OF REMOVAL OF PENDING
12                                          STATE COURT ACTION PURSUANT
          v.                                TO 28 U.S.C. §§ 1332, 1441, 1446
13
    MICROSOFT CORPORATION, and DOES 1       (DIVERSITY OF CITIZENSHIP)
14  through 20, inclusive,

15                             Defendants.

16

17         TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18         PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant,

19  Microsoft Corporation ("Microsoft") hereby removes to this Court the state court action described

20  below.  In support of the removal, Microsoft states as follows:

21         1.     On July 21, 2005, Google, Inc. and Kai-Fui Lee (collectively "Plaintiffs")

22  commenced a declaratory relief action against defendant Microsoft in the Superior Court of

23  California, County of Santa Clara, entitled *Google Inc. and Kai-Fu Lee v. Microsoft Corporation*,

24  Case No.105CV045586 (the "Complaint").  A true and correct copy of the Summons and the

25  Complaint is attached hereto as Exhibit A.

26         2.     On July 22, 2005, Microsoft was served with the Complaint.

27         3.     This action is a civil action that may be removed to this Court by Microsoft under the

28  provisions of United States Code, Title 28, §1441(b).

4. Microsoft files this Notice of Removal within 30 days after receipt, by service or otherwise, of the Summons and Complaint. Removal is therefore timely pursuant to 28 U.S.C.§ 1446(b).

5. Based on the allegations in the Complaint, the basis of federal jurisdiction is diversity of citizenship pursuant to 28 U.S.C. §1332.

6. As alleged in the Complaint, Microsoft is a corporation incorporated under the laws of the State of Washington, with its principal place of business in Redmond, Washington.

7. As alleged in the Complaint, plaintiff Google Inc. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Mountain View, California.

8. Based on the allegations in the Complaint, plaintiff Kai-Fu Lee is a citizen of the State of California.

9. Plaintiffs' Complaint does not set forth an amount in controversy. In actions seeking declaratory relief, however, the amount in controversy is determined by the "value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1977). The Ninth Circuit looks to the pecuniary effect an adverse declaration will have on either party to the lawsuit. S*ee, Sanchez v. Monumental Life Ins. Co,* 102 F.3d 398, 405 (9th Cir. 1996). Microsoft has a pending complaint against Plaintiffs in the Superior Court of Washington, King County, Case Number 05-2-23561-6, alleging that Plaintiffs are in violation of, and have breached the covenant not to compete at issue in this action. Microsoft avers, based upon Kai-Fu Lee's earnings, the type of damages alleged in its complaint against Plaintiffs, and its experience in matters of this type, its damages are in the excess of $75,000. Thus, Microsoft avers that the pecuniary effect of an adverse declaration in this action will exceed $75,000. Accordingly, Microsoft meets the jurisdictional amount in controversy requirement of this Court.

10. The prerequisites for removal pursuant to 28 U.S.C. §1441 have been met.

11. Intradistrict Assignment: Because the underlying state court action was filed in Santa Clara County Superior Court, the San Jose Division is the appropriate division for removal of the action.

12. Pursuant to 28 U.S.C. §1441(d), Notice to Adverse Party and to the Superior Court of Santa Clara County of Removal of Action to Federal Court are concurrently being filed with the Superior Court of Santa Clara County and served on Plaintiffs.

DATED: July 29, 2005

PRESTON GATES & ELLIS LLP

By _____
Lisa Marie Schull
Attorneys for Defendant
MICROSOFT CORPORATION

Original

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Microsoft Corporation, a Washington corporation, and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Google Inc., a Delaware corporation, and Kai-Fu Lee

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, SANTA CLARA COUNTY
Downtown Superior Court Branch
191 N. First Street, San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):*
105CV045586

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen E. Taylor (Bar # 058452)
Taylor & Company Law Offices, Inc.
One Ferry Building, Suite 355, San Francisco, CA 94111
Phone No. (415) 788-8200
Fax No. (415) 788-8208

DATE:                    JUL 2 1 2005            Kiri Torre
*(Fecha)*                                         Clerk, by Chief Executive Officer/Clerk          Sara Bairez       , Deputy
                                                  *(Secretario)*                                   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: Microsoft Corporation, a Washington Corporation
   under: [X] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
*LexisNexis® Automated California Judicial Council Forms*

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, state bar number, and address):
Stephen E. Taylor (SBN 058452)
Taylor & Company Law Offices, Inc.
One Ferry Building, Suite 355, San Francisco, CA 94111
TELEPHONE NO.: (415) 788-8200   FAX NO.: (415) 788-8208
ATTORNEY FOR (Name): Plaintiffs Google Inc., a Delaware corporation, and Kai-Fu Lee

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

**CASE NAME:**
Google Inc. and Kai-Fu Lee v. Microsoft Corporation and Does 1 through 20, inclusive

ENDORSED
FILED
JUL 21 2005
KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY Sara Bairez DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited    [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE:<br>**1 05CV045586** |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[X] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [X] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [ ] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action (specify): One (1)

5. This case [ ] is [X] is not a class action suit.

Date: July 21, 2005

Stephen E. Taylor
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
LexisNexis® Automated California Judicial Council   www.courtinfo.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

## To Plaintiffs and Others Filing First Papers

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must check all five items on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in Item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

## To Parties in Complex Cases

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in Items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
   Auto (22)—Personal Injury/Property Damage/Wrongful Death
   Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/ Wrongful Death
   Product Liability *(not asbestos or toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice— Physicians & Surgeons
      Other Professional Health Care Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip and fall)
      Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
      Intentional Infliction of Emotional Distress
      Negligent Infliction of Emotional Distress
      Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business Practice (07)
   Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
   Defamation (e.g., slander, libel) (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)

**Employment**
   Wrongful Termination (36)
   Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
      Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/ Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open book accounts) (09)
      Collection Case—Seller Plaintiff
      Other Promissory Note/Collections Case
   Insurance Coverage *(not provisionally complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute

**Real Property**
   Eminent Domain/Inverse Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential.)*

**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ—Administrative Mandamus
      Writ—Mandamus on Limited Court Case Matter
      Writ—Other Limited Court Case Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800-1812)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Toxic Tort/Environmental (30)
   Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of County
      Confession of Judgment *(non-domestic relations)*
      Sister State Judgment
      Administrative Agency Award *(not unpaid taxes)*
      Petition/Certification of Entry of Judgment on Unpaid Tax
      Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-harassment)*
      Mechanics Lien
      Other Commercial Complaint Case *(non-tort/non-complex)*
      Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
   Partnership and Corporate Governance (21)
   Other Petition *(not specified above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief from Late Claim
      Other Civil Petition

# CIVIL LAWSUIT NOTICE

Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

ATTACHMENT A

CASE NUMBER: **105CV045586**

**READ THIS ENTIRE FORM**

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

> **DEFENDANTS** (the person(s) being sued): You must do each of the following to protect your rights:
> 1. You must file a written response to the Complaint, in the clerk's office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> **Warning:** If you do not do these three things, you may automatically lose this case.

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 39 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

| | |
|---|---|
| Your Case Management Judge is: JAMIE JACOBS-MAY | DEPT: 4 |

The first CMC is scheduled as follows: (Completed by Clerk of Court)
Date: **NOV 1 5 2005**  Time: 1:00PM  Dept.: 4

The next CMC is scheduled as follows: (Completed by party if the first CMC was continued or has passed)
Date: _____  Time: _____  Dept.: _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Form CV-5012
Rev. 1/01/04

CIVIL LAWSUIT NOTICE

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorneys fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a nonadversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

ENDORSED
FILED

JUL 21 2005

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY Sara Balrez DEPUTY

1  STEPHEN E. TAYLOR (SBN 58452)
   JAN J. KLOHONATZ (SBN 111718)
2  RICHARD B. HARDACK (SBN 222091)
   TAYLOR & COMPANY LAW OFFICES, INC.
3  One Ferry Building, Suite 355
   San Francisco, California 94111
4  Telephone: (415) 788-8200
   Facsimile:  (415) 788-8208
5  E-mail:    staylor@tcolaw.com
   E-mail:    jklohonatz@tcolaw.com
6  E-mail:    rhardack@tcolaw.com

7  MICHAEL W. DROKE (SBN 162078)
   DORSEY & WHITNEY LLP
8  555 California Street, Suite 1000
   San Francisco, California 94104-1513
9  Telephone: (415) 781-1989
   Facsimile:  (415) 398-3249
10 E-mail:    Droke.Michael@dorsey.com

11 Attorneys for Plaintiffs
   GOOGLE INC. and KAI-FU LEE
12

13
14                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
15                   IN AND FOR THE COUNTY OF SANTA CLARA
16

17  GOOGLE INC. and KAI-FU LEE,       Case No.: **1 0 5 C V 0 4 5 5 8 6**

18          Plaintiffs,                COMPLAINT FOR DECLARATORY
                                       RELIEF (C.C.P. § 1060)
19  v.
                                       (EXPEDITED TRIAL DATE REQUEST
20  MICROSOFT CORPORATION, and         PURSUANT TO C.C.P. § 1062.3(a))
    DOES 1 through 20, inclusive,
21                                     (COMPLEX CASE C.R.C. 1800(c)(1))
            Defendants.
22

23
24
25
26
27
28

TAYLOR & CO.
LAW OFFICES, INC.

COMPLAINT FOR DECLARATORY RELIEF (C.C.P. § 1060)

## I. INTRODUCTION

1. Plaintiffs Google Inc. and Kai-Fu Lee seek judicial relief from an overreaching and unlawful non-compete provision drafted by defendant Microsoft Corporation. The State of California has an expressly stated and fundamental public policy against contracts that seek to restrain employees from choosing where they want to work in California. Specifically, Business and Professions Code section 16600 provides, in pertinent part, that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." This public policy extends to contracts regardless of where they are entered into, where the employee seeks to work in California. Google Inc. and Dr. Lee therefore seek a declaration, pursuant to California Code of Civil Procedure section 1060, that the Microsoft Corporation non-compete provision is an unlawful restraint of trade, and thus is invalid, unenforceable, and in violation of fundamental public policy of the State of California. Microsoft Corporation's efforts to enforce the non-compete provision violate California law and public policy, and constitute an unlawful business practice and an illegal restraint of trade.

## II. PARTIES

2. Plaintiff Google Inc. ("Google") is a corporation organized under the laws of the State of Delaware and is registered to do business in California, with its principal place of business in Mountain View, California.

3. Plaintiff Kai-Fu Lee ("Dr. Lee") resides in California and became an employee of Google on July 19, 2005. Prior to that time, Dr. Lee had been employed by defendant Microsoft Corporation.

4. Plaintiffs are informed and believe, and on that basis allege, that defendant Microsoft Corporation ("Microsoft") is a corporation organized under the laws of the State of Washington and is registered to do business in California, with its principal place of business in Redmond, Washington.

5.   Plaintiffs are informed and believe, and on that basis allege, that at all material times, all defendants, including DOES 1 through 20, and each of them, were the agents, co-conspirators, employees, officers, principals or representatives of each of the other defendants herein; that in doing the things hereinafter set forth, defendants were acting within the course and scope of such relationship; and that plaintiffs' losses as herein alleged were proximately caused by the conduct of all defendants.

### III. BACKGROUND

6.   Google was formed in the Silicon Valley in 1998, and has its world headquarters in Mountain View, California. Google's mission is to organize the world's information and make it universally accessible and useful.

7.   More than 2,500 Californians are employed within the State of California by Google -- approximately two-thirds of Google's workforce worldwide. Moreover, Google employees based outside California regularly collaborate, often in real-time, with Mountain View employees using a variety of methods, including electronic messaging and video conferences. Google's two founders and its Chief Executive Officer work out of Google's Mountain View facility, as well as all of Google's other senior executive officers. Google executives based outside of Mountain View consult on a daily basis with Google's senior executives in California on key decisions.

8.   Microsoft has significant ties to California. Plaintiffs are informed and believe, and on that basis allege, that Microsoft has California offices in at least Sacramento, San Francisco, Mountain View, Santa Monica, Irvine and San Diego. In addition, as of the filing of this complaint, a search for Microsoft job openings at the microsoft.com web site shows well over one hundred positions of employment to be filled in California.

9.   Dr. Lee is a computer scientist who holds a doctorate from Carnegie Mellon University and a bachelor's degree in computer science from Columbia University. Dr. Lee is a citizen of the United States. During the period August 2000 through mid-July 2005, Dr. Lee was living and working in the State of Washington for Microsoft as a corporate vice president of Microsoft's National Interactive Services Division. Prior to joining Microsoft, Dr. Lee had been employed by two

1  California companies -- Silicon Graphics, Inc. in Mountain View, California, and Apple Computer,
2  Inc. in Cupertino, California.
3       10.   In 1998, Dr. Lee accepted a position of at-will employment at Microsoft, opening an
4  academic research lab for Microsoft in China. In August 2000, Dr. Lee returned to the United States
5  and thereafter signed a form at-will employment agreement, entitled "Microsoft Corporation Employee
6  Agreement," that contained a broad provision titled "Non-Competition & Non-Solicitation" (the
7  "Covenant Not to Compete"). The Covenant Not to Compete provides as follows:

> While employed at MICROSOFT and for a period of one year thereafter, I
> will not: (a) accept employment or engage in activities competitive with
> products, services or projects (including actual or demonstrably
> anticipated research or development) on which I worked or about which I
> learned confidential or proprietary information or trade secrets while
> employed at MICROSOFT... .

12  The Covenant Not to Compete also obligated Dr. Lee as follows:

> If during or after my employment with MICROSOFT I seek work
> elsewhere, I will provide a copy of this Agreement to any persons or
> entities by whom I am seeking to be hired before accepting employment
> with or engagement by them.

16  Plaintiffs are informed and believe, and on that basis allege, that Microsoft requires all of its employees
17  to sign a Microsoft Corporation Employee Agreement that contains the Covenant Not to Compete.
18       11.   In early June 2005, Dr. Lee left Microsoft on sabbatical. On or about July 5, 2005, Dr.
19  Lee informed Microsoft of his intention to resign from Microsoft at the end of this sabbatical, and that
20  he was considering employment with Google. On July 18, 2005, Dr. Lee's last day of employment
21  with Microsoft, he was served with a complaint alleging, *inter alia*, that he had breached his Microsoft
22  Corporation Employee Agreement and violated the Covenant Not to Compete.
23       12.   On July 19, 2005, Dr. Lee moved to California to begin his employment at Google and
24  to formally execute his Google employment documents. Dr. Lee's employment with Google, as
25  confirmed in his Google offer letter, is governed by California law. He is currently working in
26  California.

3.

COMPLAINT FOR DECLARATORY RELIEF (C.C.P. § 1060)

13. Dr. Lee holds the position of Vice President, Engineering at Google. Dr. Lee is living in California, is looking for residential housing in Santa Clara County, and is expected to maintain a residence in California throughout his employment with Google. He is also registered to vote in California and is obtaining a California Driver's License. California income and payroll taxes are being paid by Dr. Lee and Google on wages earned by Dr. Lee. California taxes will continue to be withheld from future wages and other compensation that is paid by Google to Dr. Lee in California. Dr. Lee is in the process of selling both his residential and income property in the State of Washington. He currently has two California mailing addresses, one for his personal mail and the second for business mail. Dr. Lee also has new telephone numbers for both his work-related and personal telephone calls, both with Santa Clara County area codes.

14. The Covenant Not to Compete is unenforceable under California law. Microsoft's efforts to enforce the Covenant Not to Compete violate California law and public policy, and constitute an unlawful business practice and an illegal restraint of trade.

## FIRST CAUSE OF ACTION

### (Declaratory Relief -- C.C.P. § 1060 -- By All Plaintiffs)

15. Plaintiffs incorporate herein by reference paragraphs 1 through 14 above, as if set forth in full.

16. Microsoft has filed a lawsuit against Google and Dr. Lee asserting that Google and Dr. Lee are in violation of and have breached the Covenant Not to Compete.

17. Microsoft's assertions are hampering Google's ability to pursue and expand its business, and are interfering with Dr. Lee's right and ability to carry out the duties and responsibilities of his employment with Google.

18. Google and Dr. Lee contend that the Covenant Not to Compete is invalid and unenforceable as a matter of law under California Business and Professions Code section 16600, and other provisions of California law. Business and Professions Code section 16600 provides, in pertinent part, that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Business and Professions Code section 16600 is a

component of Chapter 1 ("Contracts in Restraint of Trade") of Part Two ("Preservation and Regulation of Competition") of Division Seven ("General Business Regulations") of the Business and Professions Code.

19. The Microsoft Corporation Employee Agreement, which contains the Covenant Not to Compete, also provides that it is governed by the laws of the State of Washington, and that venue for any action arising out of that agreement shall be in a state or federal court located in King County, Washington. The laws of the State of Washington relating to contract provisions such as the Covenant Not to Compete are in fundamental conflict with California law. The State of California has a materially greater interest than the State of Washington in having its laws applied to decide the enforceability of the Covenant Not to Compete (a) because of the strong public policy in California in favor of free mobility of employees and against provisions restraining anyone from engaging in any lawful profession, trade, or business, and (b) because the Covenant Not to Compete is interfering with the California-based employment relationship between Google and Dr. Lee.

20. An actual, present, and justiciable controversy has arisen between plaintiffs and defendants concerning the enforceability of the Covenant Not to Compete.

21. Plaintiffs desire a judicial determination and declaration that this case may properly proceed in California, that California law governs the enforceability of the Covenant Not to Compete, and that the Covenant Not to Compete is invalid and unenforceable under California law.

## IV. PRAYER

WHEREFORE, plaintiffs pray for relief against defendants as follows:

1. For a declaration by the Court that this case may properly proceed in California, that California law governs the enforceability of the Covenant Not to Compete, and that the Covenant Not to Compete is invalid and unenforceable against Google or Dr. Lee;

2. For costs of suit incurred herein; and

3. For such other and further relief as this Court may deem to be just and proper.

## REQUEST FOR EXPEDITED TRIAL DATE

Plaintiffs hereby request an expedited trial date pursuant to California Code of Civil Procedure section 1062.3.

Dated: July 21, 2005

TAYLOR & COMPANY LAW OFFICES, INC.

By: _____
Stephen E. Taylor

Attorneys for Plaintiffs
GOOGLE INC. and KAI-FU LEE

TAYLOR & Co.
LAW OFFICES, INC.

6.

COMPLAINT FOR DECLARATORY RELIEF (C.C.P. § 1060)

## PROOF OF SERVICE

I, Karen Stilber, declare as follows:

I am a citizen of the United States and a resident of the County of San Francisco; I am over the age of 18 years and am not a party to the within action or proceeding. I am employed by the law firm of Preston Gates & Ellis LLP, located at 55 Second Street, Suite 1700, San Francisco, California 94105.

On July 29, 2005, I served the foregoing documents described as:

**NOTICE OF REMOVAL OF PENDING STATE COURT ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**

on the interested parties in this action by placing a true copy thereof enclosed in an envelope addressed as follows:

| | |
|---|---|
| Stephen E. Taylor<br>Taylor & Company Law Offices, Inc.<br>One Ferry Building, Suite 355<br>San Francisco, CA  94111 | Attorneys for Plaintiffs Google, Inc. and Kai-Fu Lee |

[XX]  **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 29, 2005, at San Francisco, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
KAREN STILBER

PROOF OF SERVICE – Page 1 of 1