1  MICHAEL J. BETTINGER (State Bar No. 122196)
   LISA MARIE SCHULL (State Bar No. 196132)
2  PRESTON GATES & ELLIS LLP
   55 Second Street, Suite 1700
3  San Francisco, California  94105-3493
   Telephone:  (415) 882-8200
4  Facsimile:  (415) 882-8220

5  Attorneys for Defendant,
   Microsoft Corporation
6

FILED

E-Filing

05 JUL 29 PM 2: 40

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10  GOOGLE, INC. and KAI-FU LEE,              Case No. C 05  3095
11
                              Plaintiffs,    NOTICE OF PENDENCY OF OTHER
12                                           ACTION (Pursuant to Civil L.R. 3-13)

13       v.

14  MICROSOFT CORPORATION, and DOES 1
    through 20, inclusive,
15
                              Defendants.

16

17       Pursuant to Civil Local Rule 3-13, defendant Microsoft Corporation ("Microsoft"), notifies

18  the Court of the related action, *Microsoft Corporation v. Kai-Fu Lee and Google, Inc.*, pending in

19  the Superior Court of Washington, King County, Case Number 05-2-23561-6. ("Microsoft's

20  Complaint").  Microsoft's Complaint against Kai-Fu Lee and Google Inc. (collectively

21  "Defendants") was commenced on July 18, 2005.  Microsoft's Complaint alleges that Defendants

22  have breached the same covenant not to compete at issue in the action filed by Defendants.

23  Microsoft also alleges causes of action against Defendants for misappropriation of trade secrets, and

24  tortious interference with contractual relations.  A true and correct copy of Microsoft's Complaint is

25  attached hereto as Exhibit A.

26       On July, 27 2005, Microsoft moved for a Temporary Restraining Order and Order to Show

27  Cause prohibiting Defendants from further breaching the covenant not to compete also at issue in

28  this action.  On July 28, 2005, the Superior Court of Washington granted in part Microsoft's

1  Temporary Restraining Order and Order to Show Cause.  A true and correct copy of the Court's

2  Order is attached here to as Exhibit B.

3      In order to avoid conflicts, conserve resources and promote an efficient determination of this

4  action, Microsoft believes that these cases should be coordinated to avoid conflicting judgments, and

5  that the Court should either dismiss this action or stay the proceedings pending the outcome of the

6  already advanced Washington State Court action.

7

8  DATED:  July 29, 2005                          PRESTON GATES & ELLIS LLP

9

10                                     By _____

11                                        Lisa Marie Schull
                                          Attorneys for Defendant
12                                        MICROSOFT CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

8    IN AND FOR THE COUNTY OF KING

9    MICROSOFT CORPORATION, a
     Washington corporation,
10
                                    Plaintiff,
11
           v.
12
     KAI-FU LEE and GOOGLE INC., a
13   Delaware corporation,

14                                  Defendants.

No. 2 · 2 3 5 6 1 - 6 SEA

COMPLAINT

15
16
17
18       Plaintiff Microsoft Corporation ("Microsoft") is suing defendants Kai-Fu Lee

19   ("Lee") and Google Inc. ("Google") because Lee is breaking contractual promises to

20   Microsoft, and Google is intentionally assisting Lee.  Microsoft hired Lee as a Vice

21   President almost five years ago, and has richly rewarded him for the fine work he has

22   performed on behalf of the company.  As a condition of becoming an executive at

23   Microsoft, Lee agreed to certain contractual provisions, including a limited non-compete

24   agreement, aimed at protecting Microsoft's confidential, proprietary and trade secret

25   information.  During his tenure as a Vice President at Microsoft, Lee lead the

     development of certain proprietary search technologies, including Microsoft technologies

     that directly compete with substantially similar services offered by Google.  In addition,

COMPLAINT - 1
K:\0010310266B\UCJUCJ_P2290



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    Lee is one of the main architects of Microsoft's business strategies in China. By virtue of

2    his position, Lee was afforded access to highly confidential, proprietary and trade secret

3    technological data and business plans regarding Microsoft's search strategies and business

4    plans for China. Lee recently announced that he is leaving Microsoft to join Google to

5    become the head of Google's new office in China. Accepting such a position with a direct

6    Microsoft competitor like Google, violates the narrow non-competition promise Lee made

7    when he was hired as an executive. It may also violate, or threatens to violate, Lee's other

8    contractual obligations, such as his promises to maintain in strict confidence Microsoft

9    confidential, proprietary and trade secret information. Google is fully aware of Lee's

10   promises to Microsoft, but has chosen to ignore them, and has encouraged Lee to violate

11   them.

## I. PARTIES

13        1.    Microsoft is a Washington corporation with its principal place of business

14   in Redmond, Washington.

15        2.    Lee is a resident of Bellevue, Washington. Lee held the position of Vice

16   President at Microsoft for most of the last five years. For at least the last three years, Lee

17   has worked in Microsoft's Natural Interactive Services Division. His duties included

18   managing the creation of new search technologies and methodologies for Microsoft.

19   Search technologies and innovations developed by Lee are utilized throughout Microsoft,

20   and incorporated into products and services that directly compete with Google. In

21   addition, throughout his career at Microsoft, Lee has held leadership roles with respect to

22   Microsoft's strategies for doing business in China.

23        3.    Google is a Delaware corporation with its principal place of business in

24   California. Google maintains an office in Kirkland, Washington and does business

25   throughout the State of Washington. Google purports to have the world's largest internet

     search engine. Google profits from this search engine by selling advertising targeted at

COMPLAINT - 2
K:\00103\02668\JC\JC J_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   consumers that use the free service. Microsoft's MSN search engine is one of Google's

2   major competitors. Google has also developed software that allows consumers to search

3   their personal computers. When consumers have this software and run this kind of search

4   on their personal computers, the Google product returns results both from the hard drive

5   of the personal computer and from the internet. The MSN division of Microsoft offers a

6   similar desktop search service. The MSN service was recently developed by Lee's group

7   at Microsoft.

8                    ## II. JURISDICTION AND VENUE

9           4.      This is an action for monetary damages and injunctive relief arising out of

10  Defendant Lee's breach of his written employment agreement(s) with Microsoft, in which

11  he promised (a) to devote his entire working time, abilities, and efforts to Microsoft in

12  furtherance of Microsoft's best interests and to refrain from engaging in other activities

13  that may conflict with Microsoft's business interests; (b) never to disclose Microsoft's

14  confidential and proprietary information and trade secrets to others outside of Microsoft;

15  (c) never to use such confidential and proprietary information or trade secrets for any

16  purpose other than his work for Microsoft; (d) not to solicit or induce other Microsoft

17  employees to leave Microsoft and work for other companies; and (e) for a period of one

18  year following termination of his employment, not to compete with Microsoft in certain,

19  defined ways or provide services to any other person or entity that competes with

20  Microsoft in certain, defined ways. Defendant Lee has either actually breached or

21  threatened to breach one or more of these promises.

22          5.      This Court has jurisdiction over the action pursuant to RCW § 2.08.010.

23  Defendant Google is subject to the jurisdiction of this Court because it does business and

24  maintain offices in Washington. Defendant Lee is subjected to the jurisdiction of this

25  Court because his agreement with Microsoft was entered into in Washington and because

    he has expressly consented to the jurisdiction of this Court Venue is proper in this Court

COMPLAINT - 3
K:\0010\00266BUC\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  pursuant to the express terms of the agreement between Microsoft and Lee and RCW §

2  4.12.025.

3  III. FACTS

4        6.      On August 8, 2000, Lee entered into an Employee Agreement

5  ("Agreement") with Microsoft. Microsoft required Lee to enter into this Agreement as a

6  condition of his employment by Microsoft and in conjunction with his promotion to the

7  position of Vice President. In return for entering into the Agreement, Lee received

8  substantial compensation and benefits.

9        7.      Paragraph 1 of the Agreement provides, in relevant part:

10
11  > **1. Best Efforts/Conflicting Interest/Moonlighting.** I will
> diligently perform my assigned duties and devote my entire
12  > working time, abilities and efforts to such duties and to furthering
> the best interests of Microsoft. During my employment, I will not
13  > engage in any activity or investment that (a) conflicts with
> Microsoft's business interests, (b) occupies my attention so as to
14  > interfere with the proper and efficient performance of my duties for
> Microsoft, or (c) interferes with the independent exercise of my
15  > judgment in Microsoft's best interest. . . .

16        8.      Paragraph 3 of the Agreement provides, in relevant part:

17  > **3. Non-Disclosure.** During my employment and at all times
> thereafter, I will neither disclose to anyone outside Microsoft nor
18  > use for any purpose other than my work at Microsoft . . . any
> confidential or proprietary information or trade secrets of
19  > Microsoft or its subsidiaries . . . . "Confidential or proprietary
> information or trade secrets" means all data and information in
20  > whatever form, tangible or intangible, that is not generally known
> to the public and that relates to the business, technology, practices,
21  > products, marketing, sales, services, finances, or legal affairs of
22  > Microsoft . . ., including without limitation: information about
> actual or prospective customers, suppliers and business partners;
23  > business, sales, marketing, technical, financial and legal plans,
> proposals and projections; concepts, techniques, processes,
24  > methods, systems, designs, programs, code, formulas, research,
25  > experimental work and work in progress.

      9.      Paragraph 9 of the Agreement provides, in relevant part:

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**9. Non-Competition and Non-Solicitation.**  While employed at Microsoft and for a period of one year thereafter, I will not (a) accept employment or engage in activities competitive with product, services or projects (including actual or demonstrably anticipated research or development) on which I worked or about which I learned confidential or proprietary information or trade secrets while employed at Microsoft; (b) render services to any client or customer of Microsoft for which I performed services during the twelve months prior to leaving Microsoft's employ; (c) induce, attempt to induce, or assist another to induce or attempt to induce any person to terminate his employment with Microsoft or to work for me of for any other person or entity. If during or after my employment with Microsoft I seek work elsewhere, I will provide a copy of this Agreement to any persons or entities by whom I am seeking to be hired before accepting employment with or engagement by them.

10.   Paragraphs 12 and 13 of the Agreement provide, in relevant part:

**12. Equitable Relief.**  I acknowledge that any violation of this Agreement by me will cause irreparable injury to Microsoft and shall entitle Microsoft to extraordinary relief in court, including but not limited to temporary restraining orders and preliminary and permanent injunctions, without the necessity of posting bond or security.

**13. Non-Waiver and Attorneys' Fees.**  . . . If court proceedings are brought to enforce or interpret any provision of this Agreement, the prevailing party shall be entitled to an award of reasonable and necessary expenses of litigation, including reasonable attorneys' fees.

11.   Paragraph 14 of the Agreement provides, in relevant part:

I agree that . . . exclusive venue and exclusive personal jurisdiction for any action arising out of this Agreement shall lie in state or federal court located in King County, Washington. . . . The terms and conditions of this Agreement shall survive termination of my employment.

12.   Lee worked as a Vice President for Microsoft beginning in August 2000. For the last several years he has worked in Microsoft's Natural Interactive Services Division. Although Lee has worked on several technologies during his employment with Microsoft, search technologies were a primary focus. For example, at one point Lee was

COMPLAINT - 5

K:\00103\02668\JCJJCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

1   responsible for the overall development of the MSN internet search application. Lee
2   subsequently led the development of search technologies and applications that ultimately
3   became the recently released MSN desktop search service. Over the past several years,
4   Lee and his team have contributed significantly to the development of MSN's new
5   internet search service that was just released this year. All of these search technologies
6   and services compete directly with substantially similar technologies and services offered
7   by Google.

8        13.    As a result of his leadership role with respect to the development of various
9   Microsoft search technologies, Lee was privy to confidential and proprietary information
10  and trade secrets related to search strategies, architecture of search engines, natural
11  language advancements for search engines and algorithms designed to improve search
12  engines and search results. In addition, Lee learned of Microsoft's confidential and
13  proprietary plans to monetize the search technologies it developed.

14       14.    In addition to his leadership role with respect to search technologies, Lee
15  was one of the lead executives in charge of developing and implementing Microsoft's
16  business strategies with respect to China. Prior to joining Microsoft Corporation, Lee
17  worked for an affiliate company in China where he was in charge of Microsoft's China
18  research laboratory. Since his return, Lee has continued to lead on issues related to China.
19  As a result, he has had access to confidential and proprietary information and trade secrets
20  related to Microsoft's overall China business strategy, Microsoft's target areas for
21  expansion, Microsoft's plans for gaining market share with respect to internet search in
22  China, and Microsoft's key employees, partners and contacts in China.

23       15.    In addition, Lee has been exposed to a great deal of other high level
24  company strategic information by virtue of his executive status with the company. Lee
25  regularly received "executive only" confidential business plans and strategies, and

COMPLAINT - 6
K:\00103\02668\JCJ\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   regularly attended "executive only" meetings wherein these confidential business plans
2   and strategies were discussed.

3       16.     On July 5, 2005, Lee informed the head of his department, Eric Rudder,
4   that he did not plan to return from sabbatical. Lee stated he had contacted Google
5   regarding employment six weeks before leaving for sabbatical, and had spoken with
6   Google attorneys, whom he said warned him Microsoft would become angry and escort
7   him off the premises when he admitted he had spoken with them. Lee stated Google
8   offered him the opportunity to build and lead its China office "end to end." Were Lee to
9   accept such a role, he would necessarily work on Google search technologies that directly
10  compete with the search technologies he helped develop for Microsoft. In addition, were
11  he to accept the position with Google, he would necessarily be helping Google compete
12  against Microsoft's business strategies for China – strategies that he helped develop on
13  behalf of Microsoft.

14      17.     Prior to offering Lee the position in China, Google was well aware of the
15  fact that every Microsoft employee is required to execute an Employee Agreement that
16  contains restrictions similar to those found in Lee's Employee Agreement. Nevertheless,
17  simultaneously with the service of this Complaint on Lee, Microsoft specifically informed
18  Google of Lee's Employee Agreement and provided it with a copy of that Agreement.

19      18.     Although Google is aware that employing Lee as the head of its China
20  operations will cause Lee to breach his contractual obligations to Microsoft, Google has
21  wrongfully continued to employee Lee, and thus intentionally interfered with Microsoft's
22  contractual rights, and put at risk Microsoft's confidential, proprietary and trade secret
23  information

24      19.     The information Lee obtained and had access to while employed at
25  Microsoft—including, but not limited to, confidential search  plans and technologies,
    confidential plans to compete with Google and confidential plans for Microsoft's business

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

1   strategies in China---were considered and treated as confidential and proprietary by

2   Microsoft and constitutes Microsoft's proprietary trade secrets.  For example, the search

3   engine source code and architectural plans are maintained by Microsoft in a manner to

4   ensure that they are accessed only by individuals who have expressly agreed to maintain

5   them as confidential.  Moreover, the confidential business plans and strategies regarding

6   China are accessible only by a select number of Microsoft employees.  Access to such

7   confidential and proprietary information would be strategically and economically

8   advantageous to any company or individual seeking to compete with Microsoft such as

9   Google.  Lee's intimate knowledge of such confidential and proprietary information

10   would undoubtedly be beneficial to him and Google, in competing with Microsoft.

11        20.      Lee's current and threatened continuing violations of the Agreement have

12   caused and will continue to cause irreparable harm to Microsoft.

13                    **IV.  COUNT I:  BREACH OF CONTRACT**

14        21.      Microsoft incorporates the allegations of Paragraphs 1 through 20 as

15   though fully set forth herein.

16        22.      Lee entered into a valid and binding agreement with Microsoft in which he

17   promised that he would not, for a period of one year following termination of his

18   employment with Microsoft, compete with Microsoft in certain, defined ways or provide

19   services to any other person or entity that competes with Microsoft in certain, defined

20   ways---i.e., he would not accept employment or engage in activities competitive with

21   products, services or projects (including actual or demonstrably anticipated research or

22   development) on which he worked or about which he learned confidential or proprietary

23   information or trade secrets while employed at Microsoft.

24        23.      Lee received adequate consideration to support the Agreement.

25

COMPLAINT - 8
K:\00103\02668\JCJ\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

24.     Lee breached the Agreement by accepting employment with Google, which competes with Microsoft in the provision on search services worldwide and specifically in the China market.

## V. COUNT II:  BREACH OF NON-DISCLOSURE PROMISES AND MISAPPROPRIATION OF TRADE SECRETS

25.     Microsoft incorporates the allegations of Paragraphs 1 through 24 as though fully set forth herein.

26.     While an employee of Microsoft, Lee was privy to sensitive, privileged, confidential, and proprietary information that constitutes trade secrets of Microsoft.

27.     Based on information and belief, Lee's conduct threatens to disclose or Lee inevitably will disclose Microsoft's trade secrets to Google and/or others for his and/or Google's financial gain in the course of working to improve Google search products that compete with Microsoft, and in the course of establishing and building Google's presence in China to compete with Microsoft's efforts in China.  Such actions by Lee violates the non-disclosure provisions of the Agreement.

28.     Moreover, the conduct of Lee and Google constitutes threatened misappropriation of trade secrets in violation of RCW 19.108 et seq.

29.     Defendants' threatened misappropriation of Microsoft's trade secrets is causing and, if not enjoined, will continue to cause substantial and irreparable injury and damages to Microsoft.

## VI. COUNT III:  TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

30.     Microsoft incorporates the allegations of Paragraphs 1 through 29 as though fully set forth herein.

31.     Microsoft has a valid contract with Lee which, amongst other things, prohibits Lee from working for a competitor like Google for a period of one year after leaving Microsoft.

COMPLAINT - 9

K:\0010310266\9\JCJ\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

32.    Google knew that Lee had a non-competition agreement with Microsoft and still offered Lee a job (or has continued to employ him) knowing that his employment would violate Microsoft's legitimate contractual rights, and would allow Google to obtain an unfair and improper competitive advantage against Microsoft.

33.    The conduct of Google constitutes or threatens to constitute tortuous interference with contractual relations. This conduct has and will continue to result in damages to plaintiff.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Microsoft prays for the following relief:

A.    Entry of a preliminary injunction and permanent injunction that:

(i)    Enjoins Lee and Google from all actions in violation of Lee's Employee Agreement;

(ii)    Enjoins Defendants or any person or entity acting in concert with them from disclosing or misappropriating for their own use or benefit, any of Microsoft's trade secrets or other confidential and proprietary information in violation of the Agreement and RCW 19.108 et seq.; and

(iii)    Requires Defendants to return to Microsoft's counsel within 24 hours all property, documents, files, reports, and/or other materials that Defendants have in their possession, custody, or control that were obtained from Microsoft;

(iv)    Prohibits Defendants from destroying any documents of any kind, whether in written or electronic form, that relate in any way to Microsoft and Google's employment of Lee;

(v)    Enjoins Lee, or Google on Lee's behalf, from soliciting, encouraging, or attempting to induce employees of

COMPLAINT - 10

K:\001031\02668\JJC\JJC\_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

1       Microsoft or its subsidiaries to terminate their employment and go

2              to work for any other entity, including Google; and

3       B.      Compensatory damages in an amount to be determined at trial;

4       C.      An award of Microsoft's attorneys' fees and costs incurred pursuant to the

5    Agreement; and

6       D.      Such further relief as the Court deems just and equitable.

7

8       DATED this 18th day of July, 2005.

9

10                                      PRESTON GATES & ELLIS LLP

11

12                              By

13                                      Jeffrey C. Johnson, WSBA # 23066
                                        Attorneys for Plaintiff
14                                      Microsoft Corporation

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 11

K:\00103\02668\JHH\JHH_P21CA

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

Judge Steven González

1

2

3

4

5

6

7      IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

8            IN AND FOR THE COUNTY OF KING

9   MICROSOFT CORPORATION, a
    Washington corporation,                No. 05-2-23561-6 SEA
10
                        Plaintiff,          ORDER GRANTING IN PART
11                                          PLAINTIFF'S MOTION FOR
                                            TEMPORARY RESTRAINING
12       v                                  ORDER

    DR. KAI-FU LEE and GOOGLE INC., a
13  Delaware corporation,

14                      Defendants.

15

16       THIS MATTER came on for hearing before this Court upon Plaintiff's Motion for

17  a Temporary Restraining Order. Defendants Dr. Kai-Fu Lee and Google Inc. were

18  provided with formal notice of this hearing.

19       Having considered Plaintiff's motion and all pleadings submitted in support of and

20  in opposition to the motion, including three documents submitted by Plaintiff and

21  reviewed in-camera[1], as well as the arguments of counsel for the parties, the Court is

22  satisfied that Plaintiff has established a clear legal or equitable right; a well-grounded fear

23  _____
    [1] Plaintiff has requested that the three documents be maintained under seal as it would be
24  untenable to be required to disclose confidential or proprietary information or trade secrets
    in order to protect them. Plaintiff must file a motion to seal the documents setting forth
25  the basis for the request. Defendant has not objected to the documents being filed under
    seal. Due to the pressing nature of this action, the court has reserved ruling on this request
    in order to provide third parties the opportunity to be heard. The court anticipates ruling
    on the motion to seal the three documents pursuant to the *Ishikawa* factors on or before
    August 2, 2005
    ORDER GRANTING IN PART PLAINTIFF'S
    MOTION FOR TEMPORARY RESTRAINING
    ORDER - 1

of immediate invasion of that right and that the acts complained of will result in actual and

substantial injury to Plaintiff; and that the equities dictate that a temporary restraining

order, in substantially the form requested, should be entered  Now, therefore, it is hereby

**ORDERED** that, pending the below-scheduled hearing (even if such hearing is

continued), Defendants Dr. Kai-Fu Lee and Google Inc. are hereby temporarily restrained

and enjoined as follows:

1) Defendant Dr. Lee is enjoined from accepting employment competitive with or engaging in any activities competitive with any product, service or project (including actual or demonstrably anticipated research or development) on which he worked while employed at Microsoft, including but not limited to accepting employment or engaging in activities related to (a) computer search technologies, including but not limited to internet search engines, desktop search technologies and any other search technologies, (b) natural language processing or speech technologies, or (c) business strategies, planning, or development with respect to the Chinese market for computer search technologies;

2) Defendant Google Inc. is enjoined from employing Dr. Lee for or otherwise engaging him in any activities competitive with any product, service or project (including actual or demonstrably anticipated research or development) on which he worked while employed at Microsoft, including but not limited to accepting employment or engaging in activities related to (a) computer search technologies, including but not limited to internet search engines, desktop search technologies and any other search technologies, (b) natural language processing or speech technologies, or (c) business strategies, planning, or development with respect to the Chinese market for computer search technologies;

3) Defendants Dr. Lee and Google Inc., or any person or entity acting in concert with either of them, are enjoined from disclosing or misappropriating for their own use or benefit, any trade secrets or other confidential or proprietary information of Microsoft obtained in connection with Dr. Lee's work for Plaintiff. "Confidential or proprietary information or trade secrets" means all data and information in whatever form, tangible or intangible, that is not generally known to the public and that relates to the business,

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING
ORDER - 2

technology, practices, products, marketing, sales, services, finances, or legal affairs of Microsoft    , including without limitation: information about actual or prospective customers, suppliers and business partners; business, sales, marketing, technical, financial and legal plans, proposals and projections; concepts, techniques, processes, methods, systems, designs, programs, code, formulas, research, experimental work and work in progress;

4) Defendant Dr. Lee is enjoined from soliciting, encouraging, or attempting to induce employees of Microsoft or its subsidiaries to terminate their employment to work for any other entity, including Google Inc ;

5) Defendants are required to return to Plaintiff's counsel within 24 hours all property, documents, files, reports, and/or other materials, if any, that Defendants have in their possession, custody, or control that were obtained from Plaintiff in connection with Dr. Lee's work for Plaintiff; and

6) Plaintiff and Defendants are enjoined from destroying any documents or files of any kind, whether in written or electronic form, that relate in any way to Microsoft and Google Inc.'s employment of Dr Lee

**IT IS FURTHER ORDERED** that Plaintiff shall post security in the amount of $1,000,000.00 for the payment of Defendants' costs and damages that may be incurred in the event Defendants are found to be wrongfully enjoined or restrained by this order, and such security shall be posted not later than August 2, 2005.

**IT IS FURTHER ORDERED** that Defendants shall appear before Judge Steven González of the King County Superior Court on the 6th day of September, 2005, at 9:00 a.m., to show cause, if any, why a preliminary injunction should not be entered for the pendency of this lawsuit including, but not limited to, the relief set forth above

DONE IN OPEN COURT this 28th day of July, 2005.

JUDGE STEVEN GONZÁLEZ

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING
ORDER - 3

# PROOF OF SERVICE

I, Karen Stilber, declare as follows:

I am a citizen of the United States and a resident of the County of San Francisco; I am over the age of 18 years and am not a party to the within action or proceeding. I am employed by the law firm of Preston Gates & Ellis LLP, located at 55 Second Street, Suite 1700, San Francisco, California 94105.

On July 29, 2005, I served the foregoing documents described as:

**NOTICE OF PENDENCY OF OTHER ACTION**

on the interested parties in this action by placing a true copy thereof enclosed in an envelope addressed as follows:

_____

Stephen E. Taylor                    Attorneys for Plaintiffs Google, Inc. and Kai-Fu Lee
Taylor & Company Law Offices, Inc.
One Ferry Building, Suite 355
San Francisco, CA  94111

[XX]  **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 29, 2005, at San Francisco, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
KAREN STILBER

PROOF OF SERVICE – Page 1 of 1