1   STEPHEN E. TAYLOR (SBN 58452)
    JAN J. KLOHONATZ (SBN 111718)
2   STACEY L. WEXLER (SBN 184466)
    TAYLOR & COMPANY LAW OFFICES, INC.
3   One Ferry Building, Suite 355
    San Francisco, California 94111
4   Telephone: (415) 788-8200
    Facsimile: (415) 788-8208
5   E-mail:     staylor@tcolaw.com
    E-mail:     jklohonatz@tcolaw.com
6   E-mail:     swexler@tcolaw.com

7   Attorneys for Plaintiffs
    GOOGLE INC. and KAI-FU LEE

8

9

10             IN THE UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA

11

                      SAN JOSE DIVISION

12

13   GOOGLE INC. and KAI-FU LEE,         Case No.: C 05-03095 (RMW)

14         Plaintiffs,              **GOOGLE INC.'S AND KAI-FU**
                              **LEE'S RESPONSE TO MICROSOFT**
15   v.                           **CORPORATION'S NOTICE OF**
                              **PENDENCY OF OTHER ACTION**
16   MICROSOFT CORPORATION,         **(PURSUANT TO CIVIL L.R. 3-13)**

17         Defendant.

18

19

20

21

22

23

24

25

26

27

28

GOOGLE INC.'S AND KAI-FU LEE'S RESPONSE TO MICROSOFT CORPORATION'S NOTICE OF PENDENCY
OF OTHER ACTION (PURSUANT TO CIVIL L.R. 3-13): CASE NO. C 05-03095 (RMW)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Civil Local Rule 3-13(c), plaintiffs Google Inc. ("Google") and Kai-Fu Lee ("Dr. Lee") respond as follows to defendant Microsoft Corporation's ("Microsoft") Notice of Pendency of Other Action.

## I.    RELATIONSHIP OF THE ACTIONS

In the case pending before this Court, Google and its employee, Dr. Lee, seek a declaration that the covenant not to compete contained in Dr. Lee's employee agreement with his former employer, Microsoft, is an unlawful restraint of trade, and thus is invalid and unenforceable pursuant to well-established California law and public policy. Google and Dr. Lee filed their complaint in this action in the Superior Court of the State of California for the County of Santa Clara on July 21, 2005. Microsoft thereafter removed the case to this Court on the basis of diversity jurisdiction on July 29, 2005, acknowledging that Dr. Lee is a California citizen.

From August 2000 through mid-July 2005, Dr. Lee, a computer scientist, worked for Microsoft in the State of Washington. Prior to that time, Dr. Lee had been employed by two California companies, and from late 1998 until approximately August 2000, by an affiliate of Microsoft in China. Dr. Lee signed the Microsoft employment contract at issue in this lawsuit upon his return to Washington from China in August 2000. The covenant not to compete contained in that agreement provides, in pertinent part, as follows:

> While employed at Microsoft and for a period of one year thereafter, I will not: (a) accept employment or engage in activities competitive with products, services or projects (including actual or demonstrably anticipated research or development) on which I worked or about which I learned confidential or proprietary information or trade secrets while employed at Microsoft … .

See Microsoft's Notice of Pendency of Action, Exh. A, at p. 5:1-4.

On or about July 5, 2005, while on sabbatical, Dr. Lee informed Microsoft he intended to resign his position at Microsoft and was considering employment with California-based Google. On his last day of employment with Microsoft, July 18, 2005, Microsoft served Dr. Lee with a complaint filed in the Superior Court of the State of Washington for King County. That action is entitled Microsoft Corporation v. Kai-Fu Lee and Google Inc., Civil Case No. 05-2-23561-6. The complaint in

1.

TAYLOR & CO.
LAW OFFICES, INC.

GOOGLE INC.'S AND KAI-FU LEE'S RESPONSE TO MICROSOFT CORPORATION'S NOTICE OF PENDENCY OF OTHER ACTION (PURSUANT TO CIVIL L.R. 3-13): CASE NO. C 05-03095 (RMW)

1   the Washington action alleges that Dr. Lee violated the terms of his employment agreement with

2   Microsoft *by accepting employment with Google*, that Dr. Lee's conduct "threatens to disclose" or Dr.

3   Lee "inevitably will disclose" Microsoft's trade secrets to Google, and that Google tortiously interfered

4   with Microsoft's contract with Dr. Lee *by offering him a job*. See Microsoft's Notice of Pendency of

5   Other Action, Exh. A, at pp. 8:13-10:7.

6          On July 19, 2005, Dr. Lee moved to California to begin his employment at Google.  He is a

7   citizen of the United States and is currently living in California.  While he is expected to spend time in

8   China as part of his job responsibilities for Google, traveling to and from California during the course

9   of his overseas assignment, Dr. Lee will at the same time report to and remain in ongoing contact with

10  senior management and other employees with whom he will be working at Google's headquarters in

11  Mountain View, California.  Dr. Lee intends to maintain permanent residency in California while he is

12  on overseas assignment in China.  Dr. Lee's employment agreement with Google provides that he is

13  not to disclose any confidential or trade secret information of his former employer to Google.

## II.   FURTHER PROCEEDINGS

15         Microsoft contends that the Court should dismiss this action or stay the proceedings pending

16  the outcome of the Washington state court action.  The Washington action is currently scheduled for

17  trial on January 9, 2006, with a preliminary injunction hearing set for September 6, 2005.  The

18  Washington state court entered a Temporary Restraining Order against Google and Dr. Lee on July 28,

19  2005.  See Microsoft's Notice of Pendency of Other Action, Exh. B.  According to Microsoft, this

20  Court should defer to the Washington state court to "avoid conflicting judgments."

21         Contrary to Microsoft's request, the California Supreme Court has held in similar

22  circumstances that parallel proceedings in different courts should go forward.  See Medtronic, Inc. v.

23  Advanced Bionics Corp., 29 Cal. 4th 697 (2002).  In Medtronic, the Supreme Court reversed an

24  antisuit injunction that prohibited the parties from litigating the enforceability of the same non-

25  compete provision in Minnesota, while a parallel California action was allowed to proceed.  Although

26  the Supreme Court did not prohibit the litigants from continuing the Minnesota case, the Court found

27  that the pendency of the Minnesota action did not divest California of jurisdiction.  See id. at 708.

2.

TAYLOR & CO.
LAW OFFICES, INC.

GOOGLE INC.'S AND KAI-FU LEE'S RESPONSE TO MICROSOFT CORPORATION'S NOTICE OF PENDENCY OF OTHER ACTION (PURSUANT TO CIVIL L.R. 3-13): CASE NO. C 05-03095 (RMW)

1    This California-based action similarly must be allowed to proceed independently to promote

2   fundamental public policy in California.  Since 1872, with the enactment of the predecessor statute to

3   Business and Professions Code section 16600 ("Section 16600"), California has had a well-established

4   public policy of ensuring free movement of employees unencumbered by post-employment

5   restrictions.  Section 16600 provides, in pertinent part, that "every contract by which anyone is

6   restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

7    California's public policy in favor of competition and "freedom of movement of persons whom

8   California-based employers ... wish to employ," and against contracts in restraint of trade, is deeply

9   rooted.  See Application Group, Inc. v. Hunter Group, Inc., 61 Cal. App. 4th 881, 900-01 (1998).

10   California's policy is intended to ensure that its employers remain competitive, and has been held by

11   California courts to outweigh the interest that out-of-state employers may have in enforcing anti-

12   competitive covenants -- even covenants allowed under the laws of other states.  See id.  "[T]he

13   interests of the employee in his own mobility and betterment are deemed paramount to the competitive

14   business interests of the [former] employer ... ."  Id. at 900 (quoting Diodes, Inc. v. Franzen, 260 Cal.

15   App. 2d 244, 255 (1968)). California steadfastly adheres to its fundamental public policy,

16   notwithstanding that other states hold a differing view.  See Hill Med. Corp. v. Wycoff, 86 Cal. App.

17   4th 895, 900-01 (2001).

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

TAYLOR & CO.
LAW OFFICES, INC.

GOOGLE INC.'S AND KAI-FU LEE'S RESPONSE TO MICROSOFT CORPORATION'S NOTICE OF PENDENCY OF
OTHER ACTION (PURSUANT TO CIVIL L.R. 3-13):  CASE NO. C 05-03095 (RMW)

1      Google and Dr. Lee submit that this action thus must proceed to resolve the present case under

2  the law of California.  This Court's ruling on the pure question of law that Google and Dr. Lee present

3  in their declaratory relief action need not await the outcome of the lengthy and fact-based proceedings

4  mandated by Washington law regarding the enforceability of covenants not to compete.  Put simply,

5  Google's principal place of business is in California and Dr. Lee is a California resident.  This Court is

6  uniquely situated to determine as expeditiously as possible the rights of the parties under California

7  law.

8

9                          Respectfully submitted,

10 Dated:  August 15, 2005            TAYLOR & COMPANY LAW OFFICES, INC.

11

12

13                 By: _____

14                       Stephen E. Taylor

15                 Attorneys for Plaintiffs
                    GOOGLE INC. and KAI-FU LEE

4.