1   STEPHEN E. TAYLOR (SBN 58452)
    JAN J. KLOHONATZ (SBN 111718)
2   STACEY L. WEXLER (SBN 184466)
    TAYLOR & COMPANY LAW OFFICES, INC.
3   One Ferry Building, Suite 355
    San Francisco, California 94111
4   Telephone:  (415) 788-8200
    Facsimile:   (415) 788-8208
5   E-mail:      staylor@tcolaw.com
    E-mail:      jklohonatz@tcolaw.com
6   E-mail:      swexler@tcolaw.com

7   Attorneys for Plaintiffs
    GOOGLE INC. and KAI-FU LEE

8

9

10                   UNITED STATES DISTRICT COURT

                     NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12

13  GOOGLE INC. and KAI-FU LEE,          Case No.:  CV 05-03095 (RMW)

14         Plaintiffs,                   **NOTICE OF MOTION AND MOTION
                                         BY PLAINTIFFS GOOGLE INC. AND
15  v.                                   KAI-FU LEE FOR SUMMARY
                                         JUDGMENT; MEMORANDUM OF
16  MICROSOFT CORPORATION                POINTS AND AUTHORITIES IN
                                         SUPPORT OF PLAINTIFFS' MOTION
17         Defendant.                    FOR SUMMARY JUDGMENT**

18                                       Date:      October 14, 2005
                                         Time:      9:00 a.m.
19                                       Place:     Courtroom 6

20                                       Honorable Ronald M. Whyte

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, INC.

NOTICE OF MOTION AND MOTION BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE FOR SUMMARY
JUDGMENT:  CASE NO. CV 05-03095 (RMW)

1

## <u>TABLE OF CONTENTS</u>

NOTICE OF MOTION AND MOTION .................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 2

I.   INTRODUCTION ................................................................................................................ 2

II.  UNDISPUTED FACTS ....................................................................................................... 3

    A.   GOOGLE IS A CALIFORNIA-BASED EMPLOYER ........................................... 3

    B.   DR. LEE IS A GOOGLE EMPLOYEE
        AND CALIFORNIA CITIZEN ................................................................................ 4

    C.   WHEN DR. LEE LEFT MICROSOFT FOR
        GOOGLE, MICROSOFT SUED HIM AND
        GOOGLE IN WASHINGTON STATE COURT ..................................................... 4

    D.   DR. LEE AND GOOGLE FILED THIS SUIT IN CALIFORNIA
        TO INVALIDATE THE COVENANT NOT TO COMPETE ............................... 5

III. ARGUMENT ...................................................................................................................... 6

    A.   THIS COURT SHOULD APPLY CALIFORNIA
        LAW IN DETERMINING THE ENFORCEABILITY
        OF THE COVENANT NOT TO COMPETE ......................................................... 6

        1.   California and Washington Law Differ as to
            the Enforceability of Covenants Not to Compete ...................................... 7

        2.   California Has a Materially Greater Interest Than Washington
            In Determining the Enforceability of the Covenant Not to Compete ...... 10

    B.   CALIFORNIA LAW BARS THE COVENANT
        NOT TO COMPETE  CONTAINED IN THE
        MICROSOFT EMPLOYMENT AGREEMENT ................................................... 12

        1.   California Bars Covenants That Restrain An
            Employee From Engaging In a Lawful Profession ................................... 12

        2.   Ninth Circuit Case Law Is Not to the Contrary ....................................... 14

    C.   THE COURT SHOULD GRANT SUMMARY JUDGMENT  HOLDING THAT THE
        COVENANT NOT TO COMPETE
        IS UNENFORCEABLE UNDER CALIFORNIA LAW ...................................... 19

IV.  CONCLUSION ................................................................................................................ 19

i.

TAYLOR & CO.
LAW OFFICES, INC.

1

**TABLE OF AUTHORITIES**

2

<u>CASES</u>

America Online, Inc. v. Super. Ct.,
   90 Cal. App. 4th 1 (2001) .................................................................................... 7

Application Group Inc. v. Hunter Group, Inc.,
   61 Cal. App. 4th 881 (1998) ......................................................... 6, 8, 10, 11, 13

Argueta v. Banco Mexicano, S. A.,
   87 F.3d 320 (9th Cir. 1996) ............................................................................. 6, 7

Campbell v. Board of Trustees of Stanford University,
   817 F.2d 499 (9th Cir. 1987) ....................................................................... 16, 17

Chamberlain v. Augustine,
   172 Cal. 285 (1916) .......................................................................................... 12

Copier Specialists v. Gillen,
   76 Wash. App. 771 (1995) ................................................................................. 9

Diodes Inc. v. Franzen,
   260 Cal. App. 2d 244 (1968) ............................................................................. 8

D'Sa v. Playhut, Inc.,
   85 Cal. App. 4th 927 (2000) ......................................................... 9, 14, 15, 17

FDIC v. McSweeney,
   976 F.2d 532 (9th Cir. 1992) ............................................................................ 18

General Commercial Packaging Inc. v. TPS Package Eng'g, Inc.,
   126 F.3d 1131 (9th Cir. 1997) .................................................................... 16, 17

Gordon Termite Control v. Terrones,
   84 Cal. App. 3d 176 (1978) ............................................................................. 13

Hanna v. Plummer,
   380 U.S. 460 (1965) .......................................................................................... 18

Hill Med. Corp. v. Wycoff,
   86 Cal. App. 4th 895 (2001) ......................................... 7, 9, 10, 13, 14, 17

Hunter v. Super. Ct.,
   36 Cal. App. 2d 100 (1939) .............................................................................. 13

IBM v. Bajorek,
    191 F.3d 1033 (9th Cir. 1999) ...................................................................... 15, 16, 17, 18

In re Watts,
    298 F.3d 1077 (9th Cir. 2002) ................................................................................... 18

Inamed Corp. v. Kuzmak,
    275 F. Supp. 2d 1100 (C.D. Cal. 2002) ...................................................................... 12

Insurance Company of North America v. Zomaya Group, Inc.,
    189 F.3d 914 (9th Cir. 1999) ....................................................................................... 10

Jackson v. Rogers & Wells,
    210 Cal. App. 3d 336 (1989) ....................................................................................... 12

Jorgensen v. Cassiday,
    320 F.3d 906 (9th Cir. 2002) ......................................................................................... 6

Knight, Vale & Gregory v. McDaniel,
    37 Wash. App. 366 (1984) .............................................................................................. 9

Kolani v. Gluska,
    64 Cal. App. 4th 402 (1998) ........................................................................................ 13

Manetti-Farrow, Inc. v. Gucci America, Inc.,
    858 F.2d 509 (9th Cir. 1988) .......................................................................................... 6

Medtronic Inc. v. Advanced Bionics Corp.,
    29 Cal. 4th 697 (2002) ............................................................................................ 18, 19

Muggill v. The Reuben H. Donnelley Corp.,
    62 Cal. 2d 239 (1965) .................................................................................... 8, 12, 14, 15

Organon, Inc. v. Hepler,
    23 Wash. App. 432 (1979) .............................................................................................. 9

Owen v. United States,
    713 F.2d 1461 (9th Cir. 1983) ...................................................................................... 18

Perry v. Moran,
    109 Wash. 2d 691 (1987) ............................................................................................ 8, 9

Plyler v. Wheaton Van Lines,
    640 F.2d 1091 (9th Cir. 1981) ...................................................................................... 18

Smith v. CMTA-IAM Pension Trust,
    654 F.2d 650 (9th Cir. 1981) ........................................................................................ 16

iii.

TAYLOR & CO.
LAW OFFICES, INC.

Stephan v. Dowdle,
    733 F.2d 642 (9th Cir. 1984) ........................................................................... 18

Summerhays v. Scheu,
    10 Cal. App. 2d 574 (1935) ............................................................................. 12

Thompson v. Impaxx, Inc.,
    113 Cal. App. 4th 1425 (2003) ................................................................... 13, 17

TwoRivers v. Lewis,
    174 F.3d 987 (9th Cir. 1999) ........................................................................... 18

Whyte v. Schlage Lock Co.,
    101 Cal. App. 4th 1443 (2002) .......................................................... 13, 14, 17

## **STATUTES**

California Business and Professions Code section 16600 ................................................. Passim

California Business and Professions Code section 16601 ......................................................... 7

California Business and Professions Code section 16602 ......................................................... 7

## **ARTICLES**

Ronald Gilson, A Legal Infrastructure of High Technology Industrial
Districts: Silicon Valley, Route 128, and Covenants Not to Compete,
74 N.Y.U. L.Rev. 575 (1999) ................................................................................ 11

iv.

TAYLOR & CO.
LAW OFFICES, INC.

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 14, 2005 at 9:00 a.m. in Courtroom 6 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California, 95113, plaintiffs Google Inc. ("Google") and Kai-Fu Lee ("Dr. Lee") will and hereby do move this Court for an Order granting summary judgment on their Complaint for Declaratory Relief, and for entry of judgment in their favor, on the basis that the covenant not to compete contained in the Microsoft Corporation Employee Agreement signed by Dr. Lee ("Microsoft Employee Agreement") is void and unenforceable.

This motion for summary judgment is made on the grounds that there is no genuine issue as to any material fact, and Dr. Lee and Google are entitled to summary judgment because the covenant not to compete in the Microsoft Employee Agreement violates California Business and Professions Code section 16600 ("Section 16600"). Section 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Google and Dr. Lee thus seek an order granting summary judgment, and a judgment in their favor, because the covenant not to compete at issue violates California law.

This motion is based on this Notice of Motion and Motion by Plaintiffs Google Inc. and Kai-Fu Lee for Summary Judgment, the accompanying Memorandum of Points and Authorities In Support of Plaintiffs' Motion for Summary Judgment, the supporting Declarations of Kai-Fu Lee, Alan Ku, and Stephen E. Taylor filed concurrently herewith, the pleadings, records and files in this action, and on such oral argument as may be presented at the time of the hearing, as well as all other matters this Court deems to be appropriate.

NOTICE OF MOTION AND MOTION BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE FOR SUMMARY JUDGMENT: CASE NO. CV 05-03095 (RMW)

TAYLOR & CO.
LAW OFFICES, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Google Inc. and its new Vice President of Engineering, Dr. Kai-Fu Lee, filed this lawsuit to preclude Dr. Lee's former employer, Microsoft Corporation, from enforcing a covenant not to compete that violates California law.  Dr. Lee -- a prominent computer scientist -- left Microsoft for Google in July of this year.  Before Dr. Lee tendered his resignation, Microsoft sent Google a complaint against Dr. Lee and Google in a Washington State court action, claiming that Google's offer of employment to Dr. Lee, and Dr. Lee's acceptance of that offer, were in contravention of the non-compete provision in Dr. Lee's employment agreement with Microsoft.  Microsoft served Dr. Lee with that complaint within minutes after he resigned.  Since then, Dr. Lee has moved to California to begin work for Google at its headquarters in Mountain View.

Microsoft's attempt to keep its former employee, Dr. Lee, from working for a competitor cannot be countenanced in California.  For more than a century, California has had a fundamental public policy <u>against</u> covenants not to compete, and that policy is embodied in an express statutory prohibition of such agreements.  In California, it is beyond dispute that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."  Cal. Bus. & Prof. Code § 16600.  Californians, like Dr. Lee, are thus allowed freely to choose their employers, and vice versa, without interference from past employers, like Microsoft.

Nevertheless, the state court in Washington recently issued a Temporary Restraining Order ("TRO") against Dr. Lee and Google, based on the non-compete provision.  According to Microsoft, the non-compete provision it seeks to enforce, and the TRO it requested and obtained, preclude Dr. Lee from working for any of Microsoft's competitors <u>worldwide</u> for <u>one year</u> in any area that competes in any way with <u>anything about which Dr. Lee learned, or on which Dr. Lee worked</u>, while at Microsoft.  A preliminary injunction hearing is scheduled for September 6, 2005, but the Washington case will not go to trial until January 9, 2006.  In the meantime, Dr. Lee's right and ability to work for Google remains in question.

2.

This Court can -- and should -- provide certainty regarding Dr. Lee's employment status now. California law must govern this dispute over Dr. Lee's right to enter into a California-based employment relationship with Google, and California law unequivocally bars covenants not to compete that prevent an employee from competing with his former employer.  Accordingly, the Court should grant this motion for summary judgment, thereby invalidating Microsoft's non-compete and upholding a fundamental principle of California law.

## II.   UNDISPUTED FACTS

### A.   GOOGLE IS A CALIFORNIA-BASED EMPLOYER

Google was formed in the Silicon Valley in 1998, and has its world headquarters in Mountain View, California.  More than 2,500 people -- approximately two-thirds of Google's workforce worldwide -- are employed by Google within the State of California.  Google's two founders, its Chief Executive Officer, and all of Google's other senior executive officers work out of Google's Mountain View facility, the same location where Dr. Lee was working before the TRO issued.  Google executives who are based outside of Mountain View consult on a daily basis with Google's senior executives in California on key decisions.  Other Google employees not based in California regularly collaborate, often in real time, with Mountain View employees using a variety of methods, including electronic messaging and video conferences.  (Declaration of Alan Ku In Support of Motion by Plaintiffs Google Inc. and Kai-Fu Lee for Summary Judgment ("Ku Decl."), ¶¶ 2 and 4.)

Originally incorporated in California, Google was re-incorporated in Delaware in August 2003, but has always maintained its principal place of business in Northern California.  The company went public on August 19, 2004.  In June 2005, The San Francisco Business Times listed Google as the 32nd largest publicly traded company in the Greater Bay Area, and ranked Google first among Bay Area companies with the largest initial public offerings in 2004.  In April 2005, The San Jose Mercury News ranked Google 19th among the top 150 public companies in Silicon Valley.  (Ku Decl., ¶ 2; Exh. A.)

NOTICE OF MOTION AND MOTION BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE FOR SUMMARY JUDGMENT:  CASE NO. CV 05-03095 (RMW)

TAYLOR & CO.
LAW OFFICES, INC.

**B.  DR. LEE IS A GOOGLE EMPLOYEE AND CALIFORNIA CITIZEN**

Dr. Lee approached Google in May of 2005 regarding a possible position of employment. Google subsequently offered Dr. Lee a position as Vice President, Engineering, which he accepted on July 19, 2005.  That day, he began working at Google's Mountain View, California facility. (Declaration of Kai-Fu Lee In Support of Motion by Plaintiffs Google Inc. and Kai-Fu Lee for Summary Judgment ("Lee Decl."), ¶ 4.)  Dr. Lee's employment with Google, as confirmed in his offer letter, is governed by California law.  (Ku Decl., ¶ 5.)

Dr. Lee now lives in Palo Alto, California and his office is located at Google's Mountain View campus.  (Lee Decl., ¶ 6.)  He has two California mailing addresses, one for personal mail and another for business mail.  (Id., ¶ 6.)  He also has personal and business telephone numbers with Santa Clara County area codes.  Dr. Lee has obtained a California driver's license and has registered to vote in California.  (Id., ¶ 6.)  Dr. Lee has already begun paying California state income taxes, including tax on a signing bonus from Google.  (Id., ¶ 6.)

Dr. Lee is expected to become an expatriate Google employee on overseas assignment in China; however, California state income taxes will continue to be withheld from his compensation during that time.  (Id., ¶ 8.)  While he is in China, Dr. Lee will be in regular communication with senior management at Google's Mountain View, California headquarters.  (Id., ¶ 8.)  He also will travel to and work at Google's Mountain View facility on a regular basis.  (Id., ¶ 8.)

**C.  WHEN DR. LEE LEFT MICROSOFT FOR GOOGLE, MICROSOFT SUED HIM AND GOOGLE IN WASHINGTON STATE COURT**

On July 18, 2005, Dr. Lee met with his supervisor at Microsoft and resigned from his at-will employment.  Within minutes after his resignation, Dr. Lee was served by Microsoft with a Washington State court complaint.[1]  In that Washington action, Microsoft seeks to enforce the covenant not to compete provision ("Covenant Not to Compete") that is contained in Dr. Lee's employment agreement with Microsoft ("Microsoft Employment Agreement").  (Declaration of

---

[1] Microsoft sent Google the complaint even earlier, and before Dr. Lee had tendered his resignation.

NOTICE OF MOTION AND MOTION BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE FOR SUMMARY JUDGMENT:  CASE NO. CV 05-03095 (RMW)

TAYLOR & CO.
LAW OFFICES, INC.

Stephen E. Taylor In Support of Motion by Plaintiffs Google Inc. and Kai-Fu Lee for Summary

Judgment ("Taylor Decl."), ¶ 2, <u>Exh. A</u>.)  The Covenant Not to Compete provides as follows:

> While employed at MICROSOFT and for a period of one year thereafter, I
> will not: (a) accept employment or engage in activities competitive with
> products, services or projects (including actual or demonstrably
> anticipated research or development) on which I worked or about which I
> learned confidential or proprietary information or trade secrets while
> employed at MICROSOFT. . . .  If during or after my employment with
> MICROSOFT I seek work elsewhere, I will provide a copy of this
> Agreement to any persons or entities by whom I am seeking to be hired
> before accepting employment with or engagement by them.

(Lee Decl., ¶ 2; <u>Exh. A</u>.)  The Microsoft Employment Agreement also contains a Washington choice of

law provision and a forum selection clause identifying King County, Washington.  (<u>Id.</u>, at ¶ 2; <u>Exh. A</u>.)

## D.  DR. LEE AND GOOGLE FILED THIS SUIT IN CALIFORNIA TO INVALIDATE THE COVENANT NOT TO COMPETE

On July 19, 2005 -- the day after he left Microsoft -- Dr. Lee arrived in California and began

working at Google's world headquarters in Mountain View.  (Lee Decl., ¶¶ 4 and 6.)  This is not the

first time Dr. Lee has been a California citizen.  Dr. Lee previously worked for two of Silicon Valley's

leading companies -- Silicon Graphics Inc. in Mountain View, and Apple Computer, Inc. in Cupertino.

(Lee Decl., ¶ 3.)  Now Dr. Lee is once again a California citizen, as Microsoft concedes, having

removed this case to federal court on diversity of citizenship grounds.

Dr. Lee and Google filed this action in the Superior Court for Santa Clara County on July 21,

2005, asserting one cause of action for declaratory relief.  (Taylor Decl., ¶ 3.)[2]  Plaintiffs seek a

declaration that the Covenant Not to Compete is void and unenforceable pursuant to well-established

California law and public policy.  Given Microsoft's own significant presence in California, with

California offices in at least Sacramento, San Francisco, Mountain View, Santa Monica, Irvine and San

Diego (Taylor Decl., ¶ 6, <u>Exh. D</u>), Microsoft is undoubtedly well aware of California's policy against

covenants not to compete.

---

[2] Microsoft thereafter removed this case to federal court on July 29, 2005.

NOTICE OF MOTION AND MOTION BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE FOR SUMMARY
JUDGMENT:  CASE NO. CV 05-03095 (RMW)

TAYLOR & CO.
LAW OFFICES, INC.

1

2

3

### III.  ARGUMENT

**A.  THIS COURT SHOULD APPLY CALIFORNIA LAW IN DETERMINING THE ENFORCEABILITY OF THE COVENANT NOT TO COMPETE**

As a preliminary matter, plaintiffs recognize that the Microsoft Employment Agreement contains both a forum selection clause, which identifies a state or federal court in King County, Washington as the exclusive forum for actions between Microsoft and Dr. Lee[3] arising out of that agreement, as well as a choice of law provision designating Washington law as governing the agreement.  Nonetheless, the California public policy in favor of employee mobility, and against covenants not to compete, compels the conclusion that both the forum selection clause and the choice of law provision in the Microsoft Employment Agreement should not be enforced.  Instead, the Court should apply California law to the California-based employment relationship that now exists between Dr. Lee and Google.

A federal court sitting in diversity must apply the forum state's choice of law rules.  See Jorgensen v. Cassiday, 320 F.3d 906, 913 (9th Cir. 2002).  Under California law, where a contract contains a choice of law provision, a California court will not apply the substantive law designated by the contract in either of two circumstances: (1) the chosen state has no substantial relationship to the parties or the transaction, or (2) application of the law of the chosen state would be contrary to a fundamental policy of California and California has a materially greater interest than the chosen state in the determination of the particular issue.  See Application Group Inc. v. Hunter Group, Inc., 61 Cal. App. 4th 881, 896-97 (1998).

With respect to the enforcement of a forum selection clause, a federal court in a diversity case applies federal law.  See Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988).  The federal test, which is similar to that of California, provides that where enforcement of a forum selection clause would contravene a strong public policy of the forum in which the action is brought -- i.e., California -- the forum selection clause will not be enforced.  See Argueta v. Banco

---

[3] Google, of course, is not a party to the agreement.

6.

TAYLOR & CO.
LAW OFFICES, INC.

1  Mexicano, S. A., 87 F.3d 320, 325 (9th Cir. 1996); America Online, Inc. v. Super. Ct., 90 Cal. App.

2  4th 1, 12 (2001).  Thus, if the conditions for disregarding a choice of law clause are met, the forum

3  selection clause necessarily must be disregarded as well.

4          Because enforcement of either the forum selection clause or the choice of law clause contained

5  in the Microsoft Employment Agreement would violate California's public policy, and because

6  California has a materially greater interest in the California-based employment relationship at issue

7  here, this Court must decide this case on the merits, applying California law to determine whether the

8  Covenant Not to Compete is enforceable.

9          1.      **California and Washington Law Differ as to**
10                 **the Enforceability of Covenants Not to Compete**

11         California law and Washington law are not the same regarding covenants not to compete, and

12  the application of Washington law to this case would contravene California's well-established public

13  policy against enforcement of such contractual provisions.

14         There can be no dispute that California's public policy against covenants not to compete, and in

15  favor of employee mobility, is a strong, fundamental policy of this state.  See Hill Med. Corp. v.

16  Wycoff, 86 Cal. App. 4th 895, 900 (2001).  Since 1872, with the enactment of the predecessor statute

17  to Business and Professions Code section 16600 ("Section 16600"), California has had an express

18  public policy of ensuring free movement of employees unencumbered by post-employment

19  restrictions.  Section 16600 provides, in pertinent part, that "every contract by which anyone is

20  restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." [4]

21  Thus, in California, "[t]he interests of the employee in his own mobility and betterment are deemed

22  paramount to the competitive business interests of the employer, where neither the employee nor his

23

24  _____

25  [4] Neither of the exceptions to Section 16600 applies here.  Business and Professions Code section 16601 allows
    a person selling a business, or all of a person's shares in a business, to agree not to compete with the buyer.

26  Business and Professions Code section 16602 allows a partner in a business, upon that person's departure from
    the partnership, to agree not to carry on a similar business within a specified geographic region.  This case

27  presents neither of those scenarios.

28

7.

TAYLOR & CO.
LAW OFFICES, INC.

new employer has committed any illegal act accompanying the employment change." <u>Application Group</u>, 61 Cal. App. 4th at 900 (quoting <u>Diodes Inc. v. Franzen</u>, 260 Cal. App. 2d 244, 255 (1968)).

Moreover, by promoting employee mobility, California's policy against non-competes also helps to ensure that California employers are able to remain competitive:

> California employers will be able to compete effectively for the most talented, skilled employees in their industries, wherever they may reside. In this day and age -- with the advent of computer technology and the concomitant ability of many types of employees in many industries to work from their homes, or to "telecommute" to work from anywhere a telephone link reaches -- an employee need not reside in the same city, county, or state in which the employer can be said to physically reside.

> \*      \*      \*      \*

> California has correlative interest in protecting its employers and their employees from anticompetitive conduct by out-of state employers such as [defendant] -- including litigation based on a covenant not to compete to which the California employer is not a party -- who would interfere with or restrict these freedoms.

<u>Application Group</u>, 61 Cal. App. 4th at 901.[5]  Indeed, California has "a strong interest in protecting the freedom of movement of persons whom California-based employers . . . wish to employ to provide services in California, regardless of the person's state of residence or precise degree of involvement in California projects . . . ." <u>Id.</u> at 900-01.

Washington law, on the other hand, allows for enforcement of non-compete clauses if they are found to be reasonable.  <u>See</u> <u>Perry v. Moran</u>, 109 Wash. 2d 691, 698 (1987).  Washington law does state that non-competes are "disfavored," but Washington courts are more likely to enforce such

---

[5] California law *does* enforce contract provisions that protect a former employer's trade secrets.  <u>See</u> <u>Muggill v. The Reuben H. Donnelley Corp.</u>, 62 Cal. 2d 239, 242 (1965).  While that principle might allow enforcement of the "Non-Disclosure" term of the Microsoft Employment Agreement, it cannot save the Covenant Not to Compete.  Moreover, in moving for a temporary restraining order in the Washington case, Microsoft offered no evidence whatsoever of any breach of the non-disclosure provisions of the agreement.

NOTICE OF MOTION AND MOTION BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE FOR SUMMARY JUDGMENT:  CASE NO. CV 05-03095 (RMW)

TAYLOR & CO.
LAW OFFICES, INC.

provisions, at least to some extent.  See, e.g., Perry, supra; Knight, Vale & Gregory v. McDaniel, 37 Wash. App. 366 (1984); Organon, Inc. v. Hepler, 23 Wash. App. 432 (1979).[6]

Microsoft's own characterization of how Washington law would apply to this case is telling.  In its motion for a temporary restraining order in the Washington litigation ("TRO Motion"), Microsoft stated that "Dr. Lee's promises not to compete give Microsoft a legal right that is clearly enforceable under Washington law."  (Taylor Decl., ¶ 4, Exh. B, p. 7:21-23.)  Microsoft claims that under Washington law, covenants not to compete "are enforceable despite an employee's insistence that he or she will not disclose confidential business information.  The very point of a non-compete is to provide a company with the security of knowing that it does not have to rely on such assurances."  (Taylor Decl., ¶ 4, Exh. B, p. 8:8-11.)  Microsoft thus argues that its non-compete is enforceable even in the absence of any actual business loss, customer interference, or trade secret disclosure.

In California, however, assurances that an employee will not disclose a former employer's confidential business information are sufficient.  The business interests of a former employer are not paramount to the personal freedoms of an individual to decide where he or she wants to work.  See D'Sa v. Playhut, Inc., 85 Cal. App. 4th 927, 934 (2000).

California steadfastly adheres to its fundamental public policy, notwithstanding that other states, such as Washington, hold a differing view.  See, e.g., Hill Med. Corp., 86 Cal. App. 4th at 900-01.  Long ago, California expressly rejected the "reasonableness" test that is used in Washington:

> At common law, and in many states, restraints on the practice of a profession, trade or business were valid, if reasonable.  In contrast, however, California has settled public policy in favor of open competition.  California codified its public policy and rejected the common law "rule of reasonableness" in 1872, upon the enactment of the Civil Code.

---

[6] Washington courts consider three factors in making the "reasonableness" determination:  (1) whether the restraint is necessary for the protection of the business or goodwill of the employer; (2) whether the non-compete imposes upon the employee any greater restraint than is reasonably necessary to secure the employer's business or goodwill; and (3) whether the degree of injury to the public from the loss of the service and skill of the employee sufficiently warrants a refusal to enforce the covenant.  See Copier Specialists v. Gillen, 76 Wash. App. 771, 773-74 (1995); Knight, Vale & Gregory, 37 Wash. App. at 369.

9.

TAYLOR & CO.
LAW OFFICES, INC.

Id. at 900-01 (citations omitted).  This fundamental difference between California and Washington law on the enforceability of non-competes is dispositive of the forum selection issue; this Court should decide this case, as soon as possible, on the merits.  In addition, because California has a materially greater interest in this dispute than does Washington, for the reasons described below, the Court should likewise decline to enforce the choice of law provision in the Microsoft Employment Agreement.

### 2.  California Has a Materially Greater Interest Than Washington In Determining the Enforceability of the Covenant Not to Compete

Dr. Lee is now once again a citizen of California, and Google is a significant California employer. Without the choice of law provision in the Microsoft Employment Agreement, California law would apply here.  See, e.g., Insurance Company of North America v. Zomaya Group, Inc., 189 F.3d 914, 919 (9th Cir. 1999) ("In an ordinary diversity case, federal courts apply the substantive law of the forum in which the court is located . . . .").  Under the circumstances of this case, Dr. Lee and Google are entitled to the protections of California law, notwithstanding the contractual provision choosing Washington law.

Where California's interests have been compared previously to those of a state that allows reasonable non-competes to be enforced, California has been deemed to have a materially greater interest in deciding this issue, such that a choice of law provision would not be enforced. See Application Group, 61 Cal. App. 4th at 899-901.  This case presents circumstances that are materially indistinguishable from those in the Application Group case, and this Court should reach the same result.

In Application Group, an individual employee living in Maryland was recruited to work for a California employer.  Unlike Dr. Lee, who has already moved to California, the employee in Application Group was not moving to California, but would be managed by a California-based supervisor, and would perform services that sometimes were for California-based customers.  See 61 Cal. App. 4th at 886, 892, 905.  The employee had an employment contract with her former employer, entered into in Maryland.  In that contract, she agreed that for one year after her employment, she

10.

TAYLOR & CO.
LAW OFFICES, INC.

1    would not render "directly or indirectly, any services of a consulting or advisory nature . . . to any

2    business which is a competitor of [her former employer]." Id. at 887. The contract also contained a

3    Maryland choice of law provision. See id.

4         Based on California's public policy against covenants not to compete, the California courts

5    disregarded the Maryland choice of law clause and applied California law to that employment

6    relationship, notwithstanding that the employee never became a California resident.[7] Maryland, like

7    Washington, uses a reasonableness test to determine whether non-competes will be enforced. Under

8    those circumstances, Maryland's and California's laws were sufficiently different regarding the

9    enforceability of covenants not to compete, and California was deemed to have a materially greater

10   interest in having this issue decided under its laws. See id. at 899-902. As a result, the covenant not to

11   compete was rendered invalid, even though a Maryland court had found, and the California employer

12   had conceded, that it would have been enforceable under Maryland law. See id. at 885, 887 n.3.[8]

13        As the court in Application Group held, California has an overriding interest in enforcing its

14   policy against covenants not to compete. Indeed, that policy has been credited as a major reason for

15   the success of the Silicon Valley. Ronald Gilson, A Legal Infrastructure of High Technology

16   Industrial Districts: Silicon Valley, Route 128, and Covenants Not to Compete, 74 N.Y.U. L.Rev. 575,

17   578 (1999). California is unique in this regard. In contrast, Washington's only interest is the

18   protection of Dr. Lee's former employer, Microsoft, if the Covenant Not to Compete is considered

19   reasonable. But to enforce the choice of Washington's law under these circumstances would "allow an

20   out-of-state employer/competitor to limit employment and business opportunities in California."

21   Application Group, 61 Cal. App. 4th at 902.

22

23

24   [7] For that reason, the present case provides more compelling circumstances for applying California law than did
     the Application Group case, because Dr. Lee has moved to California and has become a California citizen, as
25   Microsoft admits.

26   [8] Unlike the plaintiffs in Application Group, Google and Dr. Lee do not concede that the Covenant Not to
     Compete at issue here is enforceable under Washington law.

27

28                                                     11.

Because the application of Washington law here would be contrary to California law and public policy, and because California has a materially greater interest in determining the enforceability of the Covenant Not to Compete, the Court should apply California law to this dispute.

**B.   CALIFORNIA LAW BARS THE COVENANT NOT TO COMPETE CONTAINED IN THE MICROSOFT EMPLOYMENT AGREEMENT**

Once the Court determines that California law applies to this dispute, it cannot allow Microsoft to enforce its Covenant Not to Compete.  Whether a contract provision is enforceable is a matter of law for the Court to decide.  See, e.g., Inamed Corp. v. Kuzmak, 275 F. Supp. 2d 1100, 1135 (C.D. Cal. 2002); Jackson v. Rogers & Wells, 210 Cal. App. 3d 336, 349-50 (1989).  California courts consistently hold that Section 16600 prohibits any restraint on an employee's ability to work for a competitor of his former employer.  Because enforcement of Microsoft's Covenant Not to Compete would preclude Dr. Lee from working for any Microsoft competitor in any area that competes in any way with anything he worked on or learned about while at Microsoft, the Court must grant judgment in plaintiffs' favor.

**1.   California Bars Covenants That Restrain An Employee From Engaging In a Lawful Profession**

Based largely on the policy concerns described above, directly applicable California case law compels the conclusion that Microsoft's non-compete is invalid.  Contracts restraining persons from engaging in a profession, trade or business take many forms, but all are invalid in California.  By way of example, California courts have voided not only extreme prohibitions, such as one by which a party to a contract agreed never again to enter into a particular business at any place (Summerhays v. Scheu, 10 Cal. App. 2d 574, 576 (1935)), but also have invalidated lesser restrictions, such as:

- A covenant forfeiting retirement benefits upon doing any act in competition with a former employer.  Muggill, 62 Cal. 2d at 242-43.

- A covenant requiring a former employee to pay $5,000 if he competed with his former employer in certain geographic areas.  Chamberlain v. Augustine, 172 Cal. 285, 288 (1916).

12.

TAYLOR & CO.
LAW OFFICES, INC.

- A covenant in which a radiologist agreed not to practice radiology within a seven and one-half mile radius of his former firm's facilities for three years.  Hill Med. Corp., 86 Cal. App. 4th at 901.

- A covenant precluding a former employee from competing in any manner with his former employer for one year within a radius of forty miles from his place of former employment.  Kolani v. Gluska, 64 Cal. App. 4th 402, 407 (1998).

- A covenant requiring a former employee to pay $50.00 for each former customer he called on after departing from his previous employer.  Gordon Termite Control v. Terrones, 84 Cal. App. 3d 176, 177 (1978).

- An agreement by a designer not to design machinery similar to, or to be used for similar purposes as, the machinery designed for the other contracting party.  Hunter v. Super. Ct., 36 Cal. App. 2d 100, 114-15 (1939).

As discussed in Section III.A.2, supra, the California Court of Appeal has also invalidated a non-compete as violating California law, even though the provision would have been enforceable under the law of the state chosen in the contract at issue. Application Group, 61 Cal. App. 4th at 885, 887.

Recent California decisions confirm the continuing vitality of California's law and public policy against any contractual restraints on an employee competing with his former employer.  In Thompson v. Impaxx, Inc., 113 Cal. App. 4th 1425 (2003), for example, the California Court of Appeal reversed the trial court, which had found a covenant not to compete enforceable because it was "narrowly drawn and meant to protect [the employer's] legitimate proprietary interest[s]." Id. at 1428 (emphasis added).  Respondents argued that their covenant should be enforced because it was "less restrictive, and less anticompetitive, than the broad, traditional anticompetitive clauses . . . ." Id. at 1429.  It was immaterial, however, to the Thompson court that the covenant had been "narrowly drawn," and was "less restrictive."  Instead, the court noted that the covenant "is nevertheless anticompetitive -- why else would they ask employees to sign it?" Id.

Likewise, in Whyte v. Schlage Lock Co., 101 Cal. App. 4th 1443, 1462 (2002), the California Court of Appeal affirmed the "California public policy [that] strongly favors employee mobility."  The court noted that there are only two possible exceptions to this blanket prohibition against restrictive

13.

covenants -- (1) anticompetitive covenants that "are necessary to protect the employer's trade secrets"; and (2) anticompetitive covenants that "merely prohibit[ ] solicitation of the former employer's customers." Id. (internal quotations and citation omitted). Refusing to create any further exceptions to California's prohibition on covenants not to compete, Whyte rejected the "inevitable disclosure doctrine" as a mechanism that, de facto, would allow covenants not to compete. Id. The Whyte court made clear that while it sanctioned covenants to protect trade secrets, "the inevitable disclosure doctrine cannot be used as a substitute for proving actual or threatened misappropriation of trade secrets." Id. at 1464. The court stated that it "decline[d] to impose [a covenant not to compete], however restricted in scope, by adopting the inevitable disclosure doctrine." Id. at 1463 (emphasis added).

The court's refusal in Whyte to impose such a covenant, no matter how "restricted" it would be, is another clear endorsement of California's public policy against all restrictive covenants. See also Hill Med. Corp., 86 Cal. App. 4th at 901 (2001) (refusing to enforce an extremely narrow covenant not to compete by which a radiologist had agreed not to practice radiology within a seven-and-one-half-mile radius of his former firm for three years).

In D'Sa, 85 Cal. App. 4th at 934 (2000), the court held that Section 16600 "invalidates provisions in employment contracts prohibiting an employee from working for a competitor after completion of his employment or imposing a penalty if he does so, unless they are necessary to protect the employer's trade secrets." Id. at 934 (brackets omitted; quoting Muggill, 62 Cal.2d at 242). The court refused to construe the covenant not to compete at issue in D'Sa as a "narrow restraint," and held that the defendant's termination of the plaintiff for refusing to sign the "illegal covenant" was contrary to California law and public policy. Id. at 932, 934-35.

### 2.   Ninth Circuit Case Law Is Not to the Contrary

The California cases cited above control the issue of California law raised in this diversity case, and compel the conclusion that the Covenant Not to Compete is unenforceable. Nevertheless, plaintiffs expect that Microsoft will cite an inapposite line of Ninth Circuit cases involving Section

14.

16600 to advocate for the contrary conclusion.  None of these Ninth Circuit cases, however, involved an <u>employment agreement</u>, and none conflict with the well-established rule in California that a covenant not to compete <u>in an employment agreement</u> is unenforceable.

The Ninth Circuit's most recent decision regarding Section 16600, <u>IBM v. Bajorek</u>, 191 F.3d 1033 (9th Cir. 1999), involved an incentive stock option agreement -- not an employment agreement. The stock option agreement contained a covenant requiring the employee, Bajorek, to forfeit any profits from his stock options if he worked for a competitor within six months after exercising those options.  The Ninth Circuit held that the covenant in the stock option agreement did not violate Section 16600 because it had "not found precedent construing [Section 16600] in a factual context similar to the one in the case at bar," and because the stock option agreement did not restrain Bajorek from engaging in his profession.  <u>Id.</u> at 1040, 1042.   The Court reasoned that Bajorek could have exercised his options in numerous ways and still have worked for a competitor, and further noted that Bajorek was <u>not</u> prohibited from working for an IBM competitor at all; at most he simply had to forfeit certain stock option profits.  <u>See</u> <u>id.</u>

In the present case, to the contrary, Microsoft has taken the position that Dr. Lee <u>is</u> prohibited from working for any Microsoft competitor for one year in any area that competes in any way with anything Dr. Lee learned about or worked on while at Microsoft.  Contrary to <u>Bajorek</u>, there are no contingent circumstances under which Dr. Lee could undertake competitive employment.  The non-compete at issue here requires Dr. Lee's unemployment for a year, with no alternatives, unlike the clause in <u>Bajorek</u>.  Moreover, while the court in <u>Bajorek</u> could not find any precedent addressing a non-competition clause in a stock option agreement like Bajorek's, the cases addressing -- and voiding -- covenants not to compete in employment contracts are legion. Those cases leave no doubt that Section 16600 "invalidates provisions in employment contracts prohibiting an employee from working for a competitor after the completion of his employment . . . unless they are necessary to protect the employer's trade secrets."  <u>D'Sa</u>, 85 Cal. App. 4th at 934 (quoting <u>Muggill</u>, 62 Cal. 2d at 242).

15.

TAYLOR & CO.
LAW OFFICES, INC.

In reaching its conclusion in <u>Bajorek</u>, the Ninth Circuit relied primarily on three of its earlier decisions:  <u>Smith v. CMTA-IAM Pension Trust</u>, 654 F.2d 650 (9th Cir. 1981); <u>Campbell v. Board of Trustees of Stanford University</u>, 817 F.2d 499 (9th Cir. 1987); and <u>General Commercial Packaging Inc. v. TPS Package Eng'g, Inc.</u>, 126 F.3d 1131 (9th Cir. 1997).  These cases shed no more light on the present case than does <u>Bajorek</u>.

First, the <u>Smith</u> case involved a multi-employer pension plan, not an employment agreement, pursuant to which an employee's retirement benefits would be suspended temporarily during time periods when the employee was not actually retired.  The plaintiff in <u>Smith</u> sought to collect retirement benefits he had accrued while working for one employer, despite the fact that he continued to work for another employer that participated in the same pension plan.  Not surprisingly, the Ninth Circuit enforced the terms of the plan, which did not prevent the plaintiff from working; it merely deferred his retirement benefits during the period he was still working.  654 F.2d at 653.

Second, the issue in <u>Campbell</u> was whether a licensor of a career guidance counseling test could invalidate a term in a licensing agreement -- not an employment agreement -- by which the licensor agreed not to publish any "similar work or anything that may injure the sale of [the licensed career guidance counseling test]."  817 F.2d at 501.  The Ninth Circuit reversed the district court, which had granted summary judgment in the licensee's favor on the issue of enforceability of the contract, and remanded to allow the licensor an opportunity to prove his allegation that the term restrained him from practicing his profession.  <u>See</u> <u>id.</u> at 503.

Third, in <u>General Commercial Packaging</u>, the contract term at issue was part of a subcontracting agreement between two companies -- again, not an employment agreement -- and barred a packaging company for one year from doing business with "Walt Disney Companies, its affiliates and subsidiaries, or any other company which [plaintiff] has introduced to and contracted with [defendant] to perform packing and crating subcontracting services."  126 F.3d at 1132.  The Ninth Circuit noted that the defendant company was barred from soliciting work <u>only</u> from the Walt Disney Companies (or other companies to whom plaintiff, the general contractor, introduced

16.

1    defendant, the subcontractor), and not from any other customer with which it had a prior relationship.

2    The Ninth Circuit enforced the contract, as it limited the defendant's access only to a very narrow

3    segment of the packing and shipping market, as opposed to an entire industry or a significant portion of

4    it.  See id. at 1132, 1134. [9]

5           Here, in contrast with the above-described Ninth Circuit cases, Microsoft seeks to prohibit an

6    individual employee from working.  Microsoft argues that its Covenant Not to Compete, and the TRO

7    it requested and obtained in Washington, prohibits Dr. Lee for one year from working in any area

8    competitive with anything he had been doing, or anything he had been exposed to as Microsoft's Vice

9    President of the Natural Interactive Services Division, during his tenure at Microsoft.  Under these

10   circumstances, nothing in the Ninth Circuit decisions regarding Section 16600 can be read to

11   contradict California's black-letter law that non-competition provisions in employment contracts are

12   unenforceable.

13          Not only are the Ninth Circuit cases distinguishable, but California decisions since Bajorek --

14   for example, the Thompson, Whyte, Hill Medical Corp., and D'Sa cases discussed above -- have

15   reconfirmed that all restraints on an employee engaging in a profession are void.  Where, as here,

16   intervening decisions of state appellate courts call into question a federal court's interpretation of state

17   law, the Ninth Circuit has made clear that a federal court is "bound" to follow the intermediate state

18

19

20

21

22

23

24   [9] Bajorek and General Commercial Packaging both contain language stating that a restrictive covenant will be
     enforced as long as it does not "completely restrain" one from engaging in a profession, trade or business, citing
25   Campbell.  That is not what Campbell held.  Rather, Campbell himself *alleged* that the contract at issue
     completely restrained him from engaging in his profession, and the case was remanded to the district court to
26   allow him to prove what he had alleged.  A complete restraint is *not* necessary to establish that a non-compete is
     invalid.

27

28

TAYLOR & CO.      NOTICE OF MOTION AND MOTION BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE FOR SUMMARY
LAW OFFICES, INC.  JUDGMENT:  CASE NO. CV 05-03095 (RMW)

1   court decisions "absent convincing evidence that the California Supreme Court would reject" the

2   intermediate courts' holdings.  In re Watts, 298 F.3d 1077, 1082 (9th Cir. 2002) (emphasis added).[10]

3           There is no indication that the California Supreme Court would reject any of the above-cited

4   Court of Appeal decisions.  To the contrary, the California Supreme Court since Bajorek has again

5   acknowledged that Section 16600 "protects Californians, and ensures that every citizen shall retain the

6   right to pursue any lawful employment and enterprise of their choice.  It protects the important legal

7   right of persons to engage in businesses and occupations of their choosing."  Medtronic Inc. v.

8   Advanced Bionics Corp., 29 Cal. 4th 697, 706 (2002) (internal quotations and citations omitted).  The

9   Supreme Court has "even called noncompetition agreements illegal."  Id.

10          In sum, the California courts have made clear there is no room in California law for any

11  restraints on an employee's mobility -- "reasonable" or otherwise.  Because this Court is bound by the

12  decisions of the California courts on issues of California law, the Court should hold that the Covenant

13  Not to Compete at issue here is invalid.[11]

---

19  [10] See also TwoRivers v. Lewis, 174 F.3d 987, 996 (9th Cir. 1999) (where Arizona Court of Appeals rejected
20  Ninth Circuit's interpretation of Arizona state law, Ninth Circuit is bound by decision of Arizona intermediate
    court); Stephan v. Dowdle, 733 F.2d 642 (9th Cir. 1984) (overruling Ninth Circuit decision interpreting state law
21  where subsequent intermediate state court reached conclusion at odds with former Ninth Circuit opinion); Owen
    v. United States, 713 F.2d 1461, 1464 (9th Cir. 1983) ("recent decisions by the California courts of appeal that
22  have appeared subsequent to our [panel opinion interpreting California law] require us to reconsider the proper
    interpretation of [California law].") (emphasis added); Plyler v. Wheaton Van Lines, 640 F.2d 1091, 1093 (9th
23  Cir. 1981) ("We owe deference, moreover, to state court decisions which alter existing law, including decisions
    of intermediate state courts, and we will follow appropriate precedent even if it is announced after the district
24  court has ruled.").  Cf. FDIC v. McSweeney, 976 F.2d 532 (9th Cir. 1992) (Ninth Circuit bound by own
    interpretation of state law where intervening high and appellate state court opinions not at odds with federal
25  interpretation).

26  [11] Any interpretation of California law to the contrary would violate the Erie doctrine:  "it would be unfair for
    the character or result of a litigation materially to differ because the suit had been brought in a federal court."
27  Hanna v. Plummer, 380 U.S. 460, 467 (1965).

28                                                18.

TAYLOR & CO.
LAW OFFICES, INC.

## C.   THE COURT SHOULD GRANT SUMMARY JUDGMENT HOLDING THAT THE COVENANT NOT TO COMPETE IS UNENFORCEABLE UNDER CALIFORNIA LAW

The enforceability of a contract term is a matter of law to be decided by the Court.  The material facts underlying this motion are all undisputed.  The Court thus can, and should, decide now that the Covenant Not to Compete is invalid under California law.

Microsoft's actions to enforce the Covenant Not to Compete, and the Washington TRO obtained by Microsoft, create great uncertainty and risk for Dr. Lee and Google.  While California law recognizes that Microsoft is allowed to proceed in a Washington court, California law also recognizes Dr. Lee's and Google's right to have the unenforceability of the Covenant Not to Compete decided in this parallel proceeding under California law.  See Medtronic, 29 Cal. 4th 697 (reversing antisuit injunction which had prohibited parties from litigating enforceability of non-compete in Minnesota while parallel California action proceeded, but noting that Minnesota action did not divest California of jurisdiction).

As established above, California law will not tolerate covenants not to compete of any type for employees.  The non-compete at issue here is particularly egregious, and to the detriment of all Californians, because Dr. Lee will be restricted in what he will be able to contribute to Google during the specified time period.  Those Californians are entitled to the benefit of Google's hiring whomever it wishes in order to provide the best services possible.  Thus, under well-established California law, Google and Dr. Lee should prevail on their declaratory relief claim.

## IV.   CONCLUSION

California law and public policy allow employers and employees to compete freely in the marketplace for services.  By refusing to enforce covenants not to compete, California courts give employers access to all potential employees and permit employees to decide -- for themselves -- for whom they want to work.  California is unique in that regard, and enforcement of the choice of law or forum selection clause at issue here would allow Dr. Lee's former out-of-state employer, Microsoft, to interfere with those basic freedoms of choice.  Accordingly, Dr. Lee and Google respectfully request

19.

1    that the Court apply California law to this case and grant judgment in Google and Dr. Lee's favor,

2    holding that the Covenant Not to Compete is unenforceable.

3                                           Respectfully submitted,

4

5    Dated:  August 26, 2005                TAYLOR & COMPANY LAW OFFICES, INC.

6

7                                           By: _____
8                                                     Stephen E. Taylor

9                                           Attorneys for Plaintiffs
                                            GOOGLE INC. and KAI-FU LEE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, INC.

NOTICE OF MOTION AND MOTION BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE FOR SUMMARY
JUDGMENT:  CASE NO. CV 05-03095 (RMW)