<u>GOOGLE INC. AND KAI-FU LEE v. MICROSOFT CORPORATION</u>,
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA,
CIVIL ACTION NO. CV 05-03095 (RMW)


DECLARATION OF STEPHEN E. TAYLOR
IN SUPPORT OF MOTION BY PLAINTIFFS
GOOGLE INC. AND KAI-FU LEE FOR SUMMARY JUDGMENT


# **EXHIBIT C**

Judge Steven González

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>    Plaintiff,<br><br>v.<br><br>DR. KAI-FU LEE and GOOGLE INC., a Delaware corporation,<br><br>    Defendants. | No. 05-2-23561-6 SEA<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

THIS MATTER came on for hearing before this Court upon Plaintiff's Motion for a Temporary Restraining Order. Defendants Dr. Kai-Fu Lee and Google Inc. were provided with formal notice of this hearing.

Having considered Plaintiff's motion and all pleadings submitted in support of and in opposition to the motion, including three documents submitted by Plaintiff and reviewed in-camera[1], as well as the arguments of counsel for the parties, the Court is satisfied that Plaintiff has established a clear legal or equitable right; a well-grounded fear

---

[1] Plaintiff has requested that the three documents be maintained under seal as it would be untenable to be required to disclose confidential or proprietary information or trade secrets in order to protect them. Plaintiff must file a motion to seal the documents setting forth the basis for the request. Defendant has not objected to the documents being filed under seal. Due to the pressing nature of this action, the court has reserved ruling on this request in order to provide third parties the opportunity to be heard. The court anticipates ruling on the motion to seal the three documents pursuant to the *Ishikawa* factors on or before August 2, 2005.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING
ORDER - 1

of immediate invasion of that right and that the acts complained of will result in actual and substantial injury to Plaintiff; and that the equities dictate that a temporary restraining order, in substantially the form requested, should be entered. Now, therefore, it is hereby

**ORDERED** that, pending the below-scheduled hearing (even if such hearing is continued), Defendants Dr. Kai-Fu Lee and Google Inc. are hereby temporarily restrained and enjoined as follows:

1) Defendant Dr. Lee is enjoined from accepting employment competitive with or engaging in any activities competitive with any product, service or project (including actual or demonstrably anticipated research or development) on which he worked while employed at Microsoft, including but not limited to accepting employment or engaging in activities related to (a) computer search technologies, including but not limited to internet search engines, desktop search technologies and any other search technologies, (b) natural language processing or speech technologies, or (c) business strategies, planning, or development with respect to the Chinese market for computer search technologies;

2) Defendant Google Inc. is enjoined from employing Dr. Lee for or otherwise engaging him in any activities competitive with any product, service or project (including actual or demonstrably anticipated research or development) on which he worked while employed at Microsoft, including but not limited to accepting employment or engaging in activities related to (a) computer search technologies, including but not limited to internet search engines, desktop search technologies and any other search technologies, (b) natural language processing or speech technologies, or (c) business strategies, planning, or development with respect to the Chinese market for computer search technologies;

3) Defendants Dr. Lee and Google Inc., or any person or entity acting in concert with either of them, are enjoined from disclosing or misappropriating for their own use or benefit, any trade secrets or other confidential or proprietary information of Microsoft obtained in connection with Dr. Lee's work for Plaintiff. "Confidential or proprietary information or trade secrets" means all data and information in whatever form, tangible or intangible, that is not generally known to the public and that relates to the business,

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING
ORDER - 2

technology, practices, products, marketing, sales, services, finances, or legal affairs of Microsoft . . ., including without limitation: information about actual or prospective customers, suppliers and business partners; business, sales, marketing, technical, financial and legal plans, proposals and projections; concepts, techniques, processes, methods, systems, designs, programs, code, formulas, research, experimental work and work in progress;

4) Defendant Dr. Lee is enjoined from soliciting, encouraging, or attempting to induce employees of Microsoft or its subsidiaries to terminate their employment to work for any other entity, including Google Inc.;

5) Defendants are required to return to Plaintiff's counsel within 24 hours all property, documents, files, reports, and/or other materials, if any, that Defendants have in their possession, custody, or control that were obtained from Plaintiff in connection with Dr. Lee's work for Plaintiff; and

6) Plaintiff and Defendants are enjoined from destroying any documents or files of any kind, whether in written or electronic form, that relate in any way to Microsoft and Google Inc.'s employment of Dr. Lee.

**IT IS FURTHER ORDERED** that Plaintiff shall post security in the amount of $1,000,000.00 for the payment of Defendants' costs and damages that may be incurred in the event Defendants are found to be wrongfully enjoined or restrained by this order, and such security shall be posted not later than August 2, 2005.

**IT IS FURTHER ORDERED** that Defendants shall appear before Judge Steven González of the King County Superior Court on the 6th day of September, 2005, at 9:00 a.m., to show cause, if any, why a preliminary injunction should not be entered for the pendency of this lawsuit including, but not limited to, the relief set forth above.

DONE IN OPEN COURT this 28th day of July, 2005.

JUDGE STEVEN GONZALEZ

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING
ORDER - 3