<u>Google Inc. and Kai-Fu Lee v. Microsoft Corporation</u>,
United States District Court, Northern District of California,
Civil Action No. CV 05-03095 (RMW)


Declaration of Kai-Fu Lee
in Support of Motion by Plaintiffs
Google Inc. and Kai-Fu Lee for Summary Judgment


# **EXHIBIT A**

## MICROSOFT CORPORATION EMPLOYEE AGREEMENT ("Agreement")

In consideration of the employment offered me by MICROSOFT CORPORATION ("MICROSOFT"), a Washington corporation, and the compensation now and hereafter paid to me, I agree as follows:

1. **Best Efforts/Conflicting Interest/Moonlighting.** I will diligently perform my assigned duties and devote my entire working time, abilities and efforts to such duties and to furthering the best interests of MICROSOFT. During my employment, I will not engage in any activity or investment that (a) conflicts with MICROSOFT's business interests, (b) occupies my attention so as to interfere with the proper and efficient performance of my duties for MICROSOFT, or (c) interferes with the independent exercise of my judgment in MICROSOFT's best interests. An investment of less than 1% of the shares of a company traded on a registered stock exchange is not a violation of this paragraph. I will comply with MICROSOFT's policies regarding disclosure and approval of work outside of MICROSOFT ("moonlighting" activities), as those policies may be amended from time to time.

2. **Employment Terminable At Will, With or Without Cause, By Employee or Microsoft.** I acknowledge and agree that my employment with MICROSOFT is not for any specific or minimum term, that its continuation is subject to MICROSOFT's and my mutual consent, and that it is terminable at will, meaning that either MICROSOFT or I will be free to terminate my employment at any time, for any reason or no reason, with or without cause, and with or without notice, pre-termination warning or discipline, or other pre- or post-termination procedures of any kind. I acknowledge and agree that any prior representations to the contrary are void and superseded by this Agreement. I am not entitled to rely and I shall not rely on any future representations to the contrary, whether written or verbal, express or implied by any statement, conduct, policy, handbook, guideline or practice of MICROSOFT or its employees or agents. Any such future contrary representations will not modify this Agreement or my at will status. Notwithstanding paragraph 14 below, my at will status may only be modified by a formal written "Employment Contract" signed by me and an officer of MICROSOFT and containing language expressly stating MICROSOFT's agreement to modify the terms of this Agreement.

3. **Non-Disclosure.** During my employment and at all times thereafter, I will not disclose to anyone outside MICROSOFT nor use for any purpose other than my work for MICROSOFT: a) any MICROSOFT confidential or proprietary information or trade secrets; or b) any information MICROSOFT has received from others that it is obligated to treat as confidential or proprietary. I will not disclose confidential or proprietary information or trade secrets to other MICROSOFT employees except on a "need-to-know" basis, and I will not disclose third party confidential or proprietary information except as permitted by any applicable agreement between MICROSOFT and the third party. "Confidential or proprietary information or trade secrets" means all data and information in whatever form, tangible or intangible, that is not generally known to the public and that relates to the business, technology, practices, products, marketing, sales, services, finances, or legal affairs of MICROSOFT or any third party doing business with or providing information to MICROSOFT, including without limitation: information about actual or prospective customers, suppliers and business partners; business, sales, marketing, technical, financial and legal plans, proposals and projections; concepts, techniques, processes, methods, systems, designs, programs, code, formulas, research, experimental work and work in progress. If I have any questions as to what comprises such confidential or proprietary information or trade secrets, or to whom if anyone it may be disclosed, I will consult my manager.

4. **Assignment of Inventions.** I will make prompt and full disclosure to MICROSOFT, will hold in trust for the sole benefit of MICROSOFT, and will assign exclusively to MICROSOFT all my right, title, and interest in and to any and all inventions, discoveries, designs, developments, improvements, copyrightable material, and trade secrets (collectively herein "Inventions") that I solely or jointly may conceive, develop, author, reduce to practice or otherwise produce during my employment with MICROSOFT. I waive and quitclaim to MICROSOFT any and all claims of any nature whatsoever that I now or hereafter may have for infringement of any patent application, patent, or other intellectual property right relating to any Inventions so assigned to MICROSOFT.

   My obligation to assign shall not apply to any Invention about which I can prove all of the following:
   a) it was developed entirely on my own time;
   b) no equipment, supplies, facility, services, or trade secret information of MICROSOFT were used in its development;
   c) it does not relate (i) directly to the business of MICROSOFT or (ii) to the actual or demonstrably anticipated business, research or development of MICROSOFT; and
   d) it does not result from any work performed by me for MICROSOFT.

I will assign to MICROSOFT or its designee all my right, title, and interest in and to any and all Inventions full title to which may be required to lie in the United States government by any contract between MICROSOFT and the United States government or any of its agencies. In addition to the rights provided to MICROSOFT under paragraph 5 below, as to any Invention complying with 4(a)-(d) above that results in any product, service or development with potential commercial application, MICROSOFT shall be given the right of first refusal to obtain exclusive rights to the Invention and such product, service or development.

5. **Excluded and Licensed Inventions.** I have attached a list describing all Inventions belonging to me and made by me prior to my employment with MICROSOFT that I wish to have excluded from this Agreement. If no such list is attached, I represent that there are no such Inventions. As to any Invention in which I have an interest at any time prior to or during my employment, if I use or incorporate such an Invention in any released or unreleased MICROSOFT product, service, program, process, machine, development or work in progress, or if I permit MICROSOFT to use or incorporate such an Invention, MICROSOFT is hereby granted and shall have an exclusive royalty-free, irrevocable, worldwide license to exercise any and all rights with respect to such Invention, including the right to protect, make, have made, use, and sell that Invention without restriction as to the extent of my ownership or interest.

6. **Applications for Copyrights & Patents.** At any time during my employment and thereafter, I will execute any proper oath or verify any proper document in connection with carrying out the terms of this Agreement. If because of my incapacity or for any other reason

MICROSOFT is unable to secure my signature to apply for or pursue any application for registration of any U.S. or foreign patent or copyright covering Inventions assigned to MICROSOFT as stated above, I hereby irrevocably appoint MICROSOFT and its duly authorized officers and agents as my agent and attorney in fact, to act in my stead to execute and file any such applications and to do all other lawful acts to further the prosecution, issuance, maintenance or enforcement of U.S. and foreign patent applications, patents and copyrights thereon with the same legal force and effect as if executed by me. In furtherance of this Agreement, I will testify at MICROSOFT's request and expense in any legal proceeding arising during or after my employment.

7. **Prior Employers & Obligations.** I warrant that my employment with MICROSOFT will not violate any contractual obligations I have. I will not use during my employment with MICROSOFT nor disclose to MICROSOFT any confidential or proprietary information or trade secrets of my former or current employers, principals, partners, co-venturers, clients, customers, or suppliers, and I will not bring onto MICROSOFT's premises any unpublished document or any property belonging to any such persons or entities without their consent. I will honor any non-disclosure, proprietary rights, or other contractual agreements I may have with any person or entity, and I have disclosed to MICROSOFT any such agreements that may bear on my employment with MICROSOFT.

8. **Return of Materials.** When my employment with MICROSOFT ends, I will immediately return to MICROSOFT all papers, drawings, notes, manuals, specifications, designs, devices, code, email, documents, diskettes and tapes, and any other material in any form or media containing any confidential or proprietary information or trade secrets, as defined in paragraph 3 above. I will also return any keys, access cards, credit cards, identification cards and other property and equipment belonging to MICROSOFT. All materials, data and information stored on or transmitted using MICROSOFT owned or leased property or equipment is the property of MICROSOFT and is subject to access by MICROSOFT at any time without further notice.

9. **Non-Competition & Non-Solicitation.** While employed at MICROSOFT and for a period of one year thereafter, I will not: (a) accept employment or engage in activities competitive with products, services or projects (including actual or demonstrably anticipated research or development) on which I worked or about which I learned confidential or proprietary information or trade secrets while employed at MICROSOFT; (b) render services in any capacity to any client or customer of MICROSOFT for which I performed services during the twelve months prior to leaving MICROSOFT's employ; (c) induce, attempt to induce, or assist another to induce or attempt to induce any person to terminate his employment with MICROSOFT or to work for me or for any other person or entity. If during or after my employment with MICROSOFT I seek work elsewhere, I will provide a copy of this Agreement to any persons or entities by whom I am seeking to be hired before accepting employment with or engagement by them.

10. **Reimbursement.** I hereby authorize MICROSOFT, at any time during my employment or following my termination, to withhold the following from any monies it otherwise owes me (including without limitation salary, bonus, commissions, expense reimbursements, and ESPP refunds): any and all monies due to MICROSOFT from me (including without limitation cash and travel advances, amounts I owe the Company Store, overpayments made to me by MICROSOFT, amounts received by me due to MICROSOFT's error, unpaid credit or phone card charges, or any debt I owe MICROSOFT for any reason, including misuse or misappropriation of company assets). Further, I agree that MICROSOFT may condition the exercise of any stock options I may receive by requiring me to (a) sell a sufficient number of shares to generate cash to repay any such amounts I owe to MICROSOFT and (b) remit such cash to MICROSOFT.

11. **Personal Property.** I agree that MICROSOFT is not responsible for loss of or damage to personal property on MICROSOFT premises or, if applicable, on residential premises subsidized by MICROSOFT (including apartments or temporary housing). I hold MICROSOFT harmless from any and all claims relating to loss of or damage to such personal property.

12. **Equitable Relief.** I acknowledge that any violation of this Agreement by me will cause irreparable injury to MICROSOFT and shall entitle MICROSOFT to extraordinary relief in court, including but not limited to temporary restraining orders and preliminary and permanent injunctions, without the necessity of posting bond or security.

13. **Non-Waiver & Attorneys' Fees.** Waiver by either me or MICROSOFT of strict performance of any provision of this Agreement shall not be a waiver of, nor prejudice either party's right to require, strict performance of the same or any other provision in the future. If court proceedings are brought to enforce or interpret any provision of this Agreement, the prevailing party shall be entitled to an award of reasonable and necessary expenses of litigation, including reasonable attorneys' fees.

14. **General.** I agree that this Agreement shall be governed for all purposes by the laws of the State of Washington as such laws apply to contracts performed within Washington by its residents and that exclusive venue and exclusive personal jurisdiction for any action arising out of this Agreement shall lie in state or federal court located in King County, Washington. If a court declares any provision of this Agreement excessively broad, it shall be enforced to the maximum extent permissible by law. If a court declares any provision of this Agreement void, it shall be severed from this Agreement, the remainder of which shall remain in full force and effect. This Agreement sets forth the entire agreement of MICROSOFT and myself as to the subjects discussed herein, and it may not be modified except by a subsequent written agreement signed by me and an officer of MICROSOFT. The terms and conditions of this Agreement shall survive termination of my employment.

HAVING READ AND FULLY UNDERSTOOD THIS AGREEMENT, a copy of which has been provided to me, I sign my name this 8th day of August, 2000.

Signature

Inventions listed on attached: _____ Yes ✓ No

Name (Print): Kai-Fu Lee

MS Witness: _____

Last revised 3/1/98 Part No 098-87317