1   MICHAEL J. BETTINGER (State Bar No. 122196)
    RACHEL R. DAVIDSON (State Bar No. 215517)
2   PRESTON GATES & ELLIS LLP
    55 Second Street, Suite 1700
3   San Francisco, California  94105-3493
    Telephone:  (415) 882-8200
4   Facsimile:   (415) 882-8220

5   KARL J. QUACKENBUSH (*Admitted Pro Hac Vice*)
    JEFFREY C. JOHNSON (*Admitted Pro Hac Vice*))
6   PRESTON GATES & ELLIS LLP
    925 Fourth Avenue, Suite 2900
7   Seattle, Washington 98104-1158
    Telephone:  (206) 623-7580
8   Facsimile:  (206) 623-7022

9   Attorneys for Defendant
    MICROSOFT CORPORATION
10

11              **UNITED STATES DISTRICT COURT**

12            **NORTHERN DISTRICT OF CALIFORNIA**

13                   **SAN JOSE DIVISION**

14

15   GOOGLE, INC. and KAI-FU LEE,          Case No. C 05-03095 RMW

16                          Plaintiffs,    **NOTICE OF MOTION, MOTION
                                           AND MEMORANDUM IN
16                                         SUPPORT OF MICROSOFT'S
17        v.                               MOTION TO DISMISS, TRANSFER
                                           OR STAY**
17   MICROSOFT CORPORATION,
18                                         Date:   October 14, 2005
                            Defendant.     Time:   9:00 a.m.
19                                         Place:  Courtroom 6
                                           Judge:  Ronald M. Whyte
20

21

22

23

24

25

26

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ....................................................................................1

MEMORANDUM ..............................................................................................................1

I.   STATEMENT OF RELEVANT FACTS........................................................................2

II.  THE FORUM SELECTION CLAUSE IN DR. LEE'S EMPLOYMENT
     AGREEMENT MANDATES THAT PLAINTIFFS' COMPLAINT BE
     FILED IN WASHINGTON. ....................................................................................4

III. THIS DECLARATORY RELIEF ACTION SHOULD BE DISMISSED
     IN FAVOR OF THE PREVIOUSLY FILED WASHINGTON STATE
     COURT ACTION. ..................................................................................................8

IV.  IN THE ALTERNATIVE, THE CALIFORNIA ACTION SHOULD
     BE TRANSFERRED UNDER 28 U.S.C. 1404(A). ................................................13

     A.   The First Factor – The Convenience Of Parties – Favors Transfer ..........................13

     B.   The Second Factor – The Convenience Of Witnesses – Favors Transfer ...............14

     C.   The Third Factor – The Interests Of Justice – Favors Transfer................................15

          1.   Plaintiffs' Choice of Forum ..........................................................................15

          2.   The Presence of a Forum Selection Clause .........................................................16

          3.   Ease of Access to Documents and Proof ...........................................................16

          4.   Judicial Economy...........................................................................................17

          5.   Familiarity With Governing State Law ..............................................................17

V.   CONCLUSION .....................................................................................................18

NOTICE OF MOTION, MOTION AND
MEMORANDUM IN SUPPORT OF MICROSOFT'S
MOTION TO DISMISS, TRANSFER OR STAY
(Case No. : C 05-03095 RMW)

i

Printed on Recycled Paper

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brillhart v. Excess Ins. Co. of America*,
  316 U.S. 491 (1942)...........................................................................................9, 10

*D'Antuono v. CCH Computax Systems, Inc.*,
  570 F.Supp. 708 (D.C.R.I. 1983).............................................................................13

*DeFeo v. Procter & Gamble Co.*,
  831 F.Supp. 776 (N.D. Cal. 1993)...............................................................10, 11, 12

*Docksider, Ltd. v. Sea Technology Ltd.*,
  875 F.2d 762 (9th Cir. 1989) ....................................................................................4

*General Commercial Packaging, Inc. v. TPS Package Engineering, Inc.*,
  126 F.3d 1131 (9th Cir. 1997) ..................................................................................7

*Golden Eagle Ins. Co. v. Travelers Cos.*,
  103 F.3d 750 (9th Cir. 1996) ....................................................................................8

*Government Employees Ins. Co. v. Dizol*,
  133 F.3d 1220 (9th Cir. 1998) ..................................................................................9

*Hsu v. Oz Optics Ltd.*,
  211 F.R.D. 615 (N.D., Cal 2002)...............................................................................5

*International Business Machines Corp. v. Bajorek*,
  191 F.3d 1033 (9th Cir. 1999) ..................................................................................7

*Kerney v. IBJ Schroder Bank & Trust Company*,
  1992 U.S. Dist. LEXIS 10741, at *15 (N.D. Cal.) ..........................................5, 17

*Koresko v. RealNetworks, Inc.*,
  291 F. Supp. 2d 1157 (E.D. Cal., 2003) ...................................................................4

*M/S Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1 (1972)......................................................................................................5

*Manetti-Farrow, Inc., v. Gucci America, Inc.*,
  858 F.2d 509 (9th Cir. 1988) ...............................................................................4, 5

*Maryland Casualty Co. v. Knight*,
  96 F.3d 1284 (9th Cir. 1996) ...............................................................................9, 12

*Maxon v. Jefferson Pilot Securities Corp.*,
  2002 U.S. Dist. LEXIS 5888, 5 (N.D. Cal.) ...........................................................15

*McGill v. Hill*,
  31 Wash. App. 542, (1982)........................................................................................7

NOTICE OF MOTION, MOTION AND
MEMORANDUM IN SUPPORT OF MICROSOFT'S
MOTION TO DISMISS, TRANSFER OR STAY
(Case No. : C 05-03095 RMW)

ii

Printed on Recycled Paper

*Nedlloyd Lines B.V. v. Superior Court*,
   3 Cal.4th 459 (1992) ............................................................................................7

*Pacific Gas and Electric Co. v. Vector Energy, Inc.*,
   1996 WL 557728, at *2 (N.D. Cal.) ...................................................................12

*Panetta v. SAP America, Inc.*,
   (2005) WL 1774327, 4 (N.D. Cal. Judge Whyte) ..............................................13

*Piedmont Label Co. v. Sun Garden Packing Co.*,
   598 F.2d 491 (9th Cir. 1979) ...............................................................................4

*Sarmiento v. BMG Entertainment*,
   326 F. Supp. 2d 1108 (C.D. Cal. 2003) ................................................................6

*Schmitt v. JD Edwards World Solutions Co.*,
   2001 WL 590039, *1 (N.D. Cal.) ...........................................................8, 9, 11, 12

*Silvaco Data Systems v. Technology Modeling Associates, Inc.*,
   896 F.Supp. 973 (1995) .......................................................................................10

*Spradlin v. Lear Siegler Mgmt. Services Co., Inc.*,
   926 F.2d 865 (9th Cir. 1991) ...............................................................................5

*Stewart Organization, Inc. v. Ricoh Corporation*,
   487 U.S. 22 (1988)...............................................................................................16

*Whiteman v. Resort*,
   1999 WL 163044, at *1 (N.D., Cal) .......................................................................4

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995)............................................................................................8, 9

**Statutes and Rules**

28 United States Code

   Section 1406(a) ....................................................................................................4

   Section 1404 .......................................................................................................16

   Section 1404(a)..............................................................................................13, 15

   Section 2201 ........................................................................................................8

California Code of Civil Procedure

   Section 1060 ........................................................................................................8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendant Microsoft Corporation ("Microsoft") will appear in the United States District Court for the Northern District of California, located at 280 S. First Street, San Jose, California, before the Honorable Ronald M. Whyte, on October 14, 2005, at 9:00 a.m., or as soon thereafter as the parties may be heard, to present its motion to dismiss, or in the alternative transfer or stay Google Inc. and Kai-Fu Lee's (collectively "Plaintiffs") declaratory relief action in the above entitled action. The motion is based upon this notice, the memorandum of points and authorities set forth below, the supporting declaration of Michael J. Bettinger, and all of the pleadings and papers on file herein, and any argument that may be heard on the matter.

**MEMORANDUM**

On July 19, 2005, Microsoft filed suit against Kai-Fu Lee ("Dr. Lee") and Google, Inc. ("Google") in Superior Court in Seattle, Washington seeking to enforce Dr. Lee's non-competition and non-disclosure obligations under his Employment Agreement (the "Agreement") with Microsoft. Dr. Lee was a Washington resident when he entered into the Agreement with Microsoft, a Washington corporation. Dr. Lee signed the Agreement in Washington and worked for Microsoft in Washington for five years before resigning on July 18, 2005 to take a position with Google that Microsoft believes violates the Agreement.

The Agreement provides that it is governed by Washington law and that a Washington state or federal court will be the exclusive venue for any disputes arising from the Agreement. In an effort to circumvent the effect of the Agreement, avoid the agreed-upon choice of Washington law, and evade the parties' agreement that Washington courts have exclusive jurisdiction over disputes arising out of the Agreement, Plaintiffs filed this declaratory judgment action in a California state court (since removed to this Court) seeking to have the Agreement, in particular Dr. Lee's narrow non-competition obligations, declared unlawful

NOTICE OF MOTION, MOTION AND
MEMORANDUM IN SUPPORT OF MICROSOFT'S
MOTION TO DISMISS, TRANSFER OR STAY
(Case No. : C 05-03095 RMW)

1

Printed on Recycled Paper

under California law.  Plaintiffs' California declaratory judgment action was filed three days <u>after</u> Microsoft filed suit against Plaintiffs in Washington Superior Court where the parties have already engaged in extensive litigation leading toward a January 9, 2006 trial date.  The California action involves the same parties, addresses the same Agreement-- and the exact same fact pattern – already being fully litigated in the Washington action.

Plaintiffs' declaratory judgment action is a thinly-veiled effort to usurp this case from the State of Washington, the forum in which Dr. Lee agreed this dispute should be heard.  This Court should exercise its substantial discretion to dismiss, or alternatively to transfer or stay the California action in favor of the previously-filed, contractually agreed upon Washington state action.

## I.      STATEMENT OF RELEVANT FACTS.

While employed by Microsoft as a Vice President, Dr. Lee was integrally involved in the research and development of Microsoft's search, natural language and speech technologies.  He was also a key manager and advisor at Microsoft regarding the company's research and development business and recruiting strategies in China.

Under the Agreement with Microsoft, Dr. Lee agreed to a narrowly drawn non-competition clause that <u>does not</u> completely restrain him from working for a competitor, but simply precludes him, for a period of one year after leaving Microsoft, from accepting employment competitive with products, services, or projects that he worked on, or acquired confidential information about, while at Microsoft.  *Declaration of Michael J. Bettinger* ("*Bettinger Decl.*"), Tab 1, ¶ 9.  The Agreement was negotiated, entered into and performed in Washington.  The benefits provided to Dr. Lee under the Agreement were conferred in Washington and Dr. Lee was a resident of Washington while performing the Agreement.  The Agreement also provides that it is governed by Washington law and that a Washington State or Federal court will be the exclusive venue for any disputes arising from the Agreement.  *Id.* at Tab 1,¶ 14.

On July 19, 2005, Microsoft filed a complaint against Dr. Lee and Google with the King County Superior Court in Seattle (as called for under the exclusive venue provision in the Agreement). *Id*., Tab 2.  Microsoft also filed a motion for temporary restraining order seeking to enjoin Dr. Lee from violating the narrow non-compete clause in his Agreement.  The case was assigned to the Honorable Steven Gonzalez, who heard arguments on the TRO Motion on July 26, 2005, and granted the TRO on July 28, 2005.  *Id.* at Tab 3.  The Court set a hearing on Microsoft's motion for preliminary injunction for September 6 and also set an expedited trial date of January 9, 2005.  Judge Gonzalez also entered a stipulated order allowing expedited discovery and appointed a Special Master to resolve discovery disputes.  *Id.* at Tabs 4 & 5.  The parties conducted extensive expedited discovery including depositions and document discovery, and the Special Master has resolved several disputes.  The Court granted the motion of certain media entities to intervene in the case and established a procedure for filing documents under seal with redacted versions to be provided to the media, along with a procedure to submit any disputes regarding the parties' redactions to the Special Master for recommendation.  *Id.* at Tab 6.  Dr. Lee moved for a full evidentiary hearing in connection with Microsoft's motion for preliminary injunction and that motion was granted.  Google also filed a motion to dissolve the TRO, which is now fully briefed and ready for decision.

A preliminary injunction hearing was held on September 6-7, 2005.  Dr. Lee, along with Google Vice-President of Engineering Alan Eustace, testified at that hearing.  Judge Gonzalez advised the parties that he will issue a ruling on the preliminary injunction on September 13, 2005.

Plaintiffs filed this declaratory judgment action against Microsoft in California three days after Microsoft filed its complaint in Washington.  In their complaint, Plaintiffs contend, as they do in the Washington action, that the non-compete clause is "an unlawful restraint of trade."  Microsoft removed the California state court action to this Court, based upon the claimed diversity of citizenship of the parties.

NOTICE OF MOTION, MOTION AND
MEMORANDUM IN SUPPORT OF MICROSOFT'S
MOTION TO DISMISS, TRANSFER OR STAY
(Case No. : C 05-03095 RMW)

3

Printed on Recycled Paper

1    Plaintiffs' declaratory relief action involves the identical parties, facts and issues of

2    state law already being litigated in the parallel proceeding commenced in Washington State

3    prior to initiation of this action.

4    **II.    THE FORUM SELECTION CLAUSE IN DR. LEE'S EMPLOYMENT
          AGREEMENT MANDATES THAT PLAINTIFFS' COMPLAINT BE
5         FILED IN WASHINGTON.**

6    28 U.S.C Section 1406(a) permits a district court to dismiss an action that is brought

7    in an improper venue.  *See,* 28 U.S.C. Section 1406(a); *Koresko v. RealNetworks, Inc.*, 291 F.

8    Supp. 2d 1157, 1162 (E.D. Cal., 2003) (holding that forum selection clause specifying

9    Washington state as exclusive venue was mandatory, not permissive).  Where venue is

10   challenged, the burden is on the plaintiff to show that venue is proper.  *Whiteman v. Resort*,

11   1999 WL 163044, at *1 (N.D., Cal) (citing *Piedmont Label Co. v. Sun Garden Packing Co*.,

12   598 F.2d 491, 496 (9th Cir. 1979)).  In the instant case, Plaintiffs' declaratory judgment action

13   should be dismissed because California is an improper venue.  *See, Docksider, Ltd. v. Sea*

14   *Technology Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (finding that where specific place of suit is

15   referenced in forum selection clause, venue there is mandatory).

16   Plaintiffs have asked this Court to declare that the narrow non-compete obligations in

17   Dr. Lee's Agreement are invalid and unenforceable.  Yet, the Agreement's forum selection

18   clause mandates that this action be brought and heard in King County, Washington, not

19   California.  In relevant part, that Agreement provides:

20        I [Dr. Lee] agree that . . . exclusive venue and exclusive personal jurisdiction
          for any action arising out of this Agreement shall lie in state or federal court
21        located in King County, Washington . . . .  The terms and conditions of this
          Agreement shall survive termination of my employment.
22

23   *Bettinger Decl.,* Tab 1, ¶ 14.

24   Federal law governs the validity of this forum selection clause.  *Manetti-Farrow, Inc.,*

25   *v. Gucci America, Inc*., 858 F.2d 509, 512-13 (9th Cir. 1988); *Hsu v. Oz Optics Ltd.*, 211

26

1   F.R.D. 615, 618 (N.D., Cal 2002), *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15

2   (1972).[1]  The United States Supreme Court has held that forum selection clauses are prima

3   facie valid.  *The Bremen*, *supra*, 407 U.S. at 10.  Courts do not "set aside a forum selection

4   clause unless the party challenging the clause can 'clearly show that enforcement would be

5   unreasonable and unjust, or that the clause was invalid for reasons such as fraud or

6   overreaching."  *Id.* at 15.  Most importantly, where, as here, "the term 'venue' is used with

7   mandatory language…<u>the state or district designated is held to be the exclusive forum, not

8   just an optional forum</u>."  *Kerney v. IBJ Schroder Bank & Trust Company*, 1992 U.S. Dist.

9   LEXIS 10741, at *15 (N.D. Cal.) (emphasis added).  On this basis alone, the Court should

10  dismiss the California Action.

11         Forum selection clauses apply not just to signatories, but to related parties as well:  "a

12  range of transaction participants, parties and non-parties, should benefit from and be subject

13  to forum selection clauses."  *Manetti-Farrow*, *supra*, 858 F.2d at 514.  Where the alleged

14  conduct of non-party defendants is "closely related to the contractual relationship," the forum

15  selection clause applies to them as well.  *Id.*  Here, Google has a direct interest in and

16  relationship to the contractual arrangement between Dr. Lee and Microsoft.  Google seeks to

17  employ Dr. Lee in contravention of his Agreement with Microsoft and has now filed a

18  complaint seeking declaratory relief based on the Agreement.  Google was aware of Dr. Lee's

19  non-compete agreement with Microsoft and has agreed to indemnify and defend him if he is

20  enjoined from working for Google, and has assured him that he will receive his full

21  compensation even if an injunction is issued in the Washington action.  Google therefore

22  bears a sufficiently close relationship with the Agreement such that the forum selection clause

23  applies to it.  Indeed, the *only* issue raised by Google or Dr. Lee in conjunction with the

24  declaratory action is the validity of the non-competition clause in the Agreement.[2]

25  

26  [1] A presumption of validity extends to forum selection clauses in employment agreements.  *Spradlin v. Lear
    Siegler Mgmt. Services Co., Inc*., 926 F.2d 865, 869 (9th Cir. 1991).
    [2] It should be noted that the Washington state court action includes a cause of action against Google for tortious

Plaintiffs cannot make the strong showing required to overcome the presumptive validity of the forum selection clause.  First, Plaintiffs cannot establish that the forum selection clause is "unreasonable and unjust."  The clause was fully negotiated and agreed to by sophisticated parties.  Washington is a just and reasonable forum.  The Agreement was negotiated, entered into and performed in Washington.  The benefits provided to Dr. Lee under the Agreement were conferred in Washington and Dr. Lee was a resident of Washington while performing the Agreement.  Based on these facts, the forum selection clause is both reasonable and just and should be enforced.

Second, Plaintiffs cannot plausibly claim that the forum selection clause was the result of fraud, undue influence, or overweening bargaining power.  Dr. Lee is a highly sophisticated and educated individual with extensive business knowledge and savvy, who negotiated his employment Agreement with Microsoft and certainly had the opportunity to review and fully understand the terms of the Agreement before agreeing to be bound by it.  It is well settled that the opportunity to read, before accepting, a contract containing a forum selection clause provides sufficient notice to the parties to be bound by it.  *See Sarmiento v. BMG Entertainment*, 326 F. Supp. 2d 1108, 1110 (C.D. Cal. 2003) (dismissing complaint filed in California for improper venue based on forum selection clause requiring suit to be brought in New York ). In short, there is simply no evidence of fraud, undue influence or overweening bargaining power regarding the forum selection clause in the Agreement.

Despite the fact that Washington is a just, proper and agreed upon forum, Plaintiffs assert that the non-compete clause violates California public policy and that this matter should therefore be heard in California.  This argument fails for several reasons.  First, as a preliminary matter, Paragraph 14 of the Agreement specifies that the Agreement "shall be governed for all purposes by the laws of the State of Washington."  Thus, any attempt by Plaintiffs to rely upon California law as a basis for maintaining this action in California is

interference with contract.

misplaced and fails as a matter of law and contract.  Second, to the extent there is any conflict between Washington and California law, Washington employs the same conflict of law rules as California (Restatement Second).  The Washington Courts, by the parties' agreement have exclusive jurisdiction and are fully capable of deciding the identical issue this court will be asked to decide.[3]

Finally, even if the California Action were to proceed, Plaintiffs' "public policy" argument fails.  Under California law, non-compete clauses are valid so long as they do not "completely restrain" one from pursuing one's profession.  *International Business Machines Corp. v. Bajorek*, 191 F.3d 1033, 1040 (9th Cir. 1999) (Whyte, J) (applying California law); *General Commercial Packaging, Inc. v. TPS Package Engineering, Inc.*, 126 F.3d 1131, 1133 (9th Cir. 1997) (applying California law).  The non-compete clause here does not completely restrain Dr. Lee from his profession, or even from working for a competitor; rather, it only restricts him from working for a competitor, for one year, in the same areas where he worked for Microsoft.  Dr. Lee's non-compete clause is in fact narrower than the non-compete clause in *Bajorek*.  Dr. Lee's clause restricts him for one year from activities competitive with "products, services or projects…on which [he] worked or about which [he] learned confidential or proprietary information or trade secrets while employed at MICROSOFT." *Bettinger Decl.*, Tab 1 ¶ 9.  The non-compete clause in *Bajorek*, which the court held was valid and enforceable, provided that: "a participant shall not render services for any organization or engage directly or indirectly in any business competitive with the Company." *Bajorek*, 191 F.3d at 1040.  Unlike *Bajorek*, Dr. Lee is not prevented from working for competitors altogether, but simply from working in the same specific areas he worked on or learned about at Microsoft.  Since the non-compete clause is valid and enforceable under California law, Plaintiffs should not be permitted to rely on a meritless "public policy"

---

[3] Both California and Washington apply the Restatement (Second) Conflict of Laws Section 187 test.  *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal.4th 459, 465 (1992); *McGill v. Hill*, 31 Wash. App. 542, 547-548 (1982).

1   argument to frustrate the parties' agreement to litigate this matter in Washington under

2   Washington law.

3            Plaintiffs cannot meet their burden to show that California is a proper venue for their

4   declaratory relief action.  Any action arising out of the Agreement must be brought in

5   Washington, not California.  Accordingly, Plaintiffs' declaratory relief action should be

6   dismissed.

7        **III.    THIS DECLARATORY RELIEF ACTION SHOULD BE DISMISSED
                   IN FAVOR OF THE PREVIOUSLY FILED WASHINGTON STATE
8                  COURT ACTION.**

9            Plaintiffs do not seek declaratory relief from this Court out of a bona fide need for that

10  relief.[4]   They are already actively litigating these same issues in another court, so they have a

11  forum – indeed the forum that was contractually agreed to – in which they are being fully and

12  fairly heard.  Instead, Plaintiffs have brought their declaratory relief action in California in an

13  effort to find a forum they hope will be more amenable to invalidating the non-compete

14  agreement between Dr. Lee and Microsoft.

15           It has long been the law in this Circuit that jurisdiction over a declaratory relief action

16  is permissive and should generally not be exercised when there is an already-pending parallel

17  state court proceeding involving the same or similar issues, the same parties, and issues of

18  state law.[5]  *See, Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995) ("Since its inception, the

19  Declaratory Judgment Act has been understood to confer on federal courts unique and

20  substantial discretion in deciding whether to declare the rights of litigants"); *Brillhart v.*

21  _____

22  [4]  Plaintiffs filed their complaint for declaratory relief in state court under California Code of Civil Procedure
     Section 1060, which is California's declaratory relief statute.  Although Microsoft removed this action to federal
23  court based on the claimed diversity of citizenship of the parties, this action remains one for declaratory relief
     and raises a procedural question now governed by federal law.  *See Golden Eagle Ins. Co. v. Travelers Cos.,* 103
     F.3d 750, 754 (9th Cir. 1996) *(overruled on other grounds)*; *Schmitt v. JD Edwards World Solutions Co.,* 2001
24  WL 590039, *1 (N.D. Cal.).  Where, as here, the issues involve "only a choice of forum and is grounded in
     consideration of judicial economy and comity, federal law, rather than state law, governs whether the district
25  court should abstain." *See, Golden Eagle, supra,* 103 F.3d at 754.
     [5]  The Declaratory Judgment Act provides in pertinent part that "any court of the United States, upon the filing of
26  an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such
     declaration, whether or not further relief is or could be sought."  (emphasis added).  *See,* 28 U.S.C.Section 2201.

1 | *Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942); *Schmitt v. JD Edwards World*

2 | *Solutions Co.,* 2001 WL 590039, at *2 (N.D. Cal.).  In *Brillhart*, the Supreme Court clarified

3 | the scope of a District Court's exercise of jurisdiction in an action for declaratory relief.  The

4 | *Brillhart* Court decided that a District Court "should ascertain whether the questions in

5 | controversy between the parties…can better be settled in the proceeding pending in the state

6 | court."  *See, Brillhart*, *supra*, 316 U.S. at 495.  The *Brillhart* Court noted that factors to weigh

7 | in that inquiry include "whether the claims of all parties in interest can satisfactorily be

8 | adjudicated in that proceeding, whether necessary parties have been joined, whether such

9 | parties are amenable to process in that proceeding, etc."  *Id.*

10 | Since *Brillhart*, the Supreme Court and courts below have consistently held that

11 | exceptional circumstances must be demonstrated to depart from the general principle that

12 | jurisdiction in declaratory relief actions should be declined when there is an already-pending

13 | state court action involving identical issues and parties.  *See, Wilton*, *supra*, 515 U.S. at 287;

14 | *Government Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1998) (discussing

15 | presumption that state court action is a preferred forum).  In fact, declaratory relief actions

16 | such as this action filed by Plaintiffs, are often called "reactive actions" because they are

17 | strategic mechanisms to fend off pending state court actions and find more friendly fora.  *See,*

18 | *Government Employees*, *supra*, 133 F.3d at 1225 (noting that federal courts do not necessarily

19 | have to dismiss parallel proceeding but "should generally decline to entertain reactive

20 | declaratory actions"); *Maryland Casualty Co. v. Knight*, 96 F.3d 1284, 1289 (9th Cir. 1996)

21 | (criticizing motives for filing action and noting that its timing was strong indication that it was

22 | a "reactive" declaratory action).  District Courts consistently and appropriately decline

23 | jurisdiction over such "reactive actions," finding that the exercise of jurisdiction would be

24 | contrary to federal principles of judicial economy and comity and would reward forum

25 | shopping.  Indeed, in the Northern District of California, several cases presenting remarkably

26 | similar facts have been dismissed or stayed in favor of parallel proceedings pending in other

states.

In *DeFeo v. Procter & Gamble Co*., 831 F.Supp. 776, 780 (N.D. Cal. 1993), for example, the District Court declined jurisdiction over a non-compete case filed by an out-of-state employee, citing the *Brillhart* presumption and its "underlying rationales." *Id.* In *DeFeo*, Procter & Gamble cautioned its former Ohio-based employee that he would be sued if he violated his non-compete agreement. *Id.* at 777. The employee promptly filed suit for declaratory relief in California, seeking to have his non-compete agreement invalidated on public policy grounds under California law. *Id.* at 777. The following day, Procter & Gamble sued in Ohio state court, seeking injunctive relief. *Id.* As here, the two actions involved the identical issue: whether the non-compete agreement was enforceable or not. *Id.* Procter & Gamble moved to dismiss or transfer the employee's declaratory relief action, pending the outcome of the Ohio state court action. *Id.*

Judge Weigel, citing *Brillhart* and discussing its rationales extensively, agreed that the Ohio state court was the more appropriate forum for the dispute. *Id.* at 778-780. The Court noted that the former employee had little connection to California, aside from his new employer, had negotiated the non-compete agreement in Ohio, and had worked there for a number of years. *Id.* at 777-778. In particular, the *DeFeo* Court cited the "presumption against federal declaratory judgment jurisdiction when there is a parallel state proceeding" and noted that the reasons for that presumption include the federal court's desire to avoid needless decisions of state law; to discourage forum shopping; and to avoid duplicative proceedings. *Id.* at 778-9*; see also Silvaco Data Systems v. Technology Modeling Associates, Inc.*, 896 F.Supp. 973, 978 (1995) (evidence of forum shopping weighs in favor of dismissal in the traditional abstention analysis). In *DeFeo*, the Court found that exercising jurisdiction over the California declaratory relief action would collide with the objectives discussed in *Brillhart*. *Id.* The *DeFeo* Court specifically noted that the declaratory relief action was filed only "to secure a California forum" and was a "mirror image" of the pending Ohio action. *Id.*

NOTICE OF MOTION, MOTION AND
MEMORANDUM IN SUPPORT OF MICROSOFT'S
MOTION TO DISMISS, TRANSFER OR STAY
(Case No. : C 05-03095 RMW)

10

Printed on Recycled Paper

at 778.

*Schmitt v. JD Edwards World Solutions Co*. is another case from this District with remarkably similar facts, and in that case jurisdiction was also appropriately declined. *See Schmitt*, *supra*, 2001 WL 590039, at *1. In *Schmitt*, JD Edwards informed its former employee Schmitt that it intended to file a state court action in Colorado against him, alleging breach of his employment contract based upon Schmitt's stated intention to join a California competitor. *Id*. Anticipating the lawsuit, Schmitt (assisted by his new employer) filed suit in a California state court for declaratory relief that his employment agreement was not valid. *Id*. Later that same day, JD Edwards filed its lawsuit in Colorado as planned. *Id*. Both actions were thereafter removed to federal court in their respective states. *Id*. at *1-2. JD Edwards moved to dismiss or stay the California action pending the outcome in Colorado, arguing that the Colorado action encompassed the same or possibly broader claims than the California action. *Id*. at *2-3. The Court agreed and dismissed the California action, noting that when "the court determines that the declaratory suit is a preemptive suit meant to deprive the natural plaintiff of the forum of his choice, the court should dismiss or stay the declaratory suit." *Id*. at *2. The Court noted that this course of action prevents forum shopping by a plaintiff who files for declaratory relief not out of a bona fide need for court relief but as a strategy to gain a tactical advantage. *Id*.

Here, Google and Dr. Lee filed their action for declaratory relief three days *after* the Washington state court action was filed. As in *DeFeo* and *Schmitt*, Plaintiffs here seek declaratory relief even though an action encompassing their claims is pending in the court of another state. As in *DeFeo* and *Schmitt*, Plaintiffs here offer no assertion that the other forum is inadequate in any way. As in *DeFeo* and *Schmitt,* Plaintiffs are using the declaratory relief procedure not because they find it necessary to declare their rights and obligations under the Agreement but instead in an effort to shop for a more favorable forum. *See Plaintiffs' Motion for Summary Judgment* ("Microsoft's attempt to keep its former employee, Dr. Lee, from

NOTICE OF MOTION, MOTION AND
MEMORANDUM IN SUPPORT OF MICROSOFT'S
MOTION TO DISMISS, TRANSFER OR STAY
(Case No. : C 05-03095 RMW)

11

Printed on Recycled Paper

working for a competitor cannot be countenanced in California").  Moreover, unlike *DeFeo* and *Schmitt*, the employee here, Dr. Lee, has contractually agreed to underline exclusive venue in another state – Washington.

The Washington state court proceedings are well underway, with a decision due on September 13, 2005 on Microsoft's motion for preliminary injunction and a trial date of January 9, 2006.  Exercising jurisdiction over Plaintiffs' Complaint here would be directly contrary to the parties' contractual expectations, would result in this Court's needless determination of purely state law issues, and would reward forum shopping and foster duplicative litigation.  No extenuating circumstance – such as an inability to join an indispensable party or concrete evidence that the state court forum is in any way inadequate – exist to justify the exercise of jurisdiction here.  *See, Maryland Casualty*, *supra*, 96 F.3d at 1288 ("federal courts should decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances present to warrant an exception to that rule"); *Pacific Gas and Electric Co. v. Vector Energy, Inc*., 1996 WL 557728, at *2 (N.D. Cal.) (dismissing federal declaratory relief action, finding it duplicative, uneconomical and without any useful purpose in light of earlier filed parallel proceeding where contract claims could be "fully and fairly litigated.")

Dismissal, rather than a stay, of Plaintiffs' declaratory relief action is appropriate.  No evidence exists that the Washington state court action will be dismissed before all relevant issues are decided, or that Washington lacks personal jurisdiction over any necessary party.  *See Schmitt, supra,* 2001 WL 590039, at *3 (dismissing action).  There is substantial evidence that Plaintiffs' action is preemptive, and it should be dismissed.

NOTICE OF MOTION, MOTION AND
MEMORANDUM IN SUPPORT OF MICROSOFT'S
MOTION TO DISMISS, TRANSFER OR STAY
(Case No. : C 05-03095 RMW)

12

Printed on Recycled Paper

**IV.     IN THE ALTERNATIVE, THE CALIFORNIA ACTION SHOULD BE TRANSFERRED UNDER 28 U.S.C. 1404(A).**

As an alternative to dismissal, Microsoft seeks transfer of the California Action to the federal district court in King County, Washington, under 28 U.S.C. Section 1404(a).[6]  That section provides: "For the convenience of the parties, witnesses and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  To be entitled to such relief, Microsoft must first show that Plaintiffs could have brought their action in the "transferee" court.  *Panetta v. SAP America, Inc.*, (2005) WL1774327, 4 (N.D. Cal.) (Whyte, J).  This test is easily met here as Microsoft is a Washington corporation, the Agreement was entered into and performed in Washington, and the Agreement expressly requires the action to be brought and heard in Washington.

Next, courts consider three main factors in deciding a Section1404 motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice.  *Id.*  These factors weigh heavily in favor of transfer in this case.

**A.     The First Factor – The Convenience Of Parties – Favors Transfer.**

The first factor courts consider in deciding whether to transfer a case is the convenience of the parties.  Here, Dr. Lee expressly agreed to litigate this dispute in King County, Washington under the Agreement's forum selection clause.  By selecting Washington as his forum, Dr. Lee "cannot be heard to complain about inconveniences resulting from an agreement [he] freely entered into."  *D'Antuono v. CCH Computax Systems, Inc.*, 570 F.Supp. 708, 713 (D.C.R.I. 1983).  Nor is Washington an inconvenient forum in any event.  Google has publicly announced that Dr. Lee will head Google's new R&D center <u>in China</u> (opening in the third quarter of this year).  *Bettinger Decl*. Tab 7.  Indeed, in a July 19, 2005 press release, Dr. Lee himself said, "I look forward to <u>returning to China</u> to begin this exciting

---

[6] In this case, dismissal should be preferred to transfer because the Western District of Washington, as the transferee court, will simply be compelled to dismiss the case as an improvident declaratory action for the reasons discussed above.

NOTICE OF MOTION, MOTION AND
MEMORANDUM IN SUPPORT OF MICROSOFT'S
MOTION TO DISMISS, TRANSFER OR STAY
(Case No. : C 05-03095 RMW)

13

Printed on Recycled Paper

endeavor." *Id*. Thus, Dr. Lee appears to be only temporarily operating out of Google's Northern California office and will in fact be based in China before any trial in this case may be had. Accordingly, Washington is as convenient (or inconvenient) a forum as California.

Nor can Google successfully argue Washington is an inconvenient forum such that transfer is improper. First, Google is bound by the forum selection clause, as discussed above, making Washington per se a convenient forum. Furthermore, Google is a multinational company with an office in Kirkland, Washington, a Seattle suburb. Washington is in the same time zone as California and the courts in Seattle are easy to reach via multiple non-stop flights every day. Washington is therefore not an inconvenient forum for Google. Finally, of course, Washington is the most convenient forum for Microsoft and is the forum it agreed to. For all these reasons, this factor weighs heavily in favor of transfer.

### B.   The Second Factor – The Convenience Of Witnesses – Favors Transfer.

This dispute centers on whether Dr. Lee's proposed work for Google violates Dr. Lee's non-compete agreement with Microsoft. The key factual issues, therefore, concern the circumstances of his entry into the agreement in Washington, the projects Dr. Lee worked on for Microsoft and the information he learned while at Microsoft. There is no question that the vast majority of witnesses with knowledge of these key points are Microsoft personnel residing in Washington. Forcing these witnesses to litigate this matter in California is a significant burden, particularly since Microsoft took the initiative to file the original action between the parties in Washington. Moreover, Microsoft specifically negotiated the forum selection clause to avoid making its officers and employees travel to distant forums to testify in disputes under the Agreement.

The burden to Plaintiffs' witnesses of litigating in Washington is comparatively minor. Plaintiffs' key witnesses figures to be Dr. Lee himself, who has extensive ties to Washington, was a resident there while working at Microsoft and when the state lawsuit there was initiated

NOTICE OF MOTION, MOTION AND
MEMORANDUM IN SUPPORT OF MICROSOFT'S
MOTION TO DISMISS, TRANSFER OR STAY
(Case No. : C 05-03095 RMW)

14

Printed on Recycled Paper

1   and he was served with process and is contractually bound to litigate there.  Furthermore, any

2   inconvenience to Plaintiffs (including any witnesses from Google) is limited due to the fact

3   that Plaintiffs are already actively engaged in litigating the Washington Action (which

4   involves the same issues, was commenced first, and is farther along in its proceedings).

5          For these reasons, this factor also weighs heavily in favor of transferring the action.

6          **C.     The Third Factor – The Interests Of Justice – Favors Transfer.**

7          Courts often consider a variety of factors in determining whether the interests of

8   justice favor transfer, including: (1) plaintiff's choice of forum, (2) the presence of a forum

9   selection clause, (3) ease of access to documents and proof, (4) judicial economy and

10  avoidance of duplicative litigation, and (5) familiarity with governing state law.  *Maxon v.*

11  *Jefferson Pilot Securities Corp.*, 2002 U.S. Dist. LEXIS 5888, *5 (N.D. Cal.).  Each of these

12  factors supports transferring the case to Washington.

13          **1.     Plaintiffs' Choice of Forum.**

14          Plaintiffs' choice of forum is a factor under Section 1404(a).  However, where "the

15  dispute is centered elsewhere, and the underlying agreement was executed elsewhere,

16  [Plaintiffs'] choice of forum is <u>not</u> entitled significant weight."  *Maxon*, (2002) U.S. Dist.

17  LEXIS 5888 at *5.  Here, the Agreement at issue was signed and entered into in Washington

18  and is expressly governed by Washington law.  The Agreement was performed in Washington

19  over a five-year term.  The facts determinative of whether Dr. Lee is in violation of the non-

20  compete clause, including the types of Microsoft projects he worked on and information he

21  learned, all occurred in Washington.  All witnesses with knowledge of these facts are in

22  Washington.  The harm from breach of the non-compete clause will be felt by Microsoft in

23  Washington.  For all these reasons, this dispute is plainly centered in Washington.

24          By contrast, Dr. Lee's contacts with his proposed forum, California, are very limited.

25  Dr. Lee has worked in Washington for the past five years.  Moreover, Dr. Lee, by his own

26  admission, will be based in China while working for Google and appears to be only

temporarily stationed in California.  In fact, Dr. Lee's only real connection to California appears to be that Google has an office there.  Google, however, is a multinational company actively doing business throughout the world.  Indeed, Google has an office in King County, Washington, the site of the Washington Action.  As such, Plaintiffs' choice of forum, and their appeal to California "public policy," should be given limited weight.

### 2.   The Presence of a Forum Selection Clause.

In considering a Section 1404 transfer motion, "[t]he presence of a forum-selection clause such as the parties entered into in this case [is] a <u>significant factor that figures centrally in the district court's calculus.</u>"  *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 29 (1988).  In this instance, again, sophisticated parties negotiated and agreed that any dispute arising out their Agreement shall be brought and heard in King County, Washington. The interests of justice are therefore served by upholding and enforcing the parties' expectations and agreement.  As a central factor in the Court's analysis, the parties' selected forum weighs strongly in favor of transfer.

### 3.   Ease of Access to Documents and Proof.

Both the Washington Action and the California Action involve the same parties, the same set of facts and the same underlying issue (whether Plaintiffs are bound by the non-compete clause).  However, the parties are already in the process of litigating the Washington Action, which was filed first and is procedurally farther along.  Indeed, the Washington Action is on a fast track system; the Washington court has already heard and ruled upon Microsoft's TRO, extensive discovery has already occurred including production of over two hundred thousand pages of documents by the parties, 14 depositions, and a two day evidentiary preliminary injunction hearing was held on September 6-7. 2005, and trial is less than three months away.  As such, a substantial amount of facts and evidence are already centralized in Washington.  As a result, there is no question that Washington provides easier access to documents and proof.

In addition, the dispute between Plaintiffs and Microsoft centers much more on Microsoft's documents than Plaintiffs' and Microsoft is located in Washington.  Indeed, the key evidentiary documents are those showing the types of projects Dr. Lee worked on during his five-year tenure with Microsoft and the information he gained.  This evidence, and the witnesses with knowledge of these facts, are located exclusively in Washington.  For all these reasons, Washington is the more favorable forum for this dispute.

### 4.    Judicial Economy.

In this case, judicial economy is best served by transferring the case to Washington.  Again, Plaintiffs and Microsoft are already in the process of litigating this same dispute in Washington.  Moreover, should Plaintiffs prevail in the Washington Action, the relief sought in the California Action (a declaration that the non-compete clause is unenforceable) would be moot.  Therefore, permitting the California Action to proceed would unnecessarily create duplicative litigation in distant forums.  Finally, the parties, documents and witnesses are already most centralized in Washington.  For all these reasons, transfer would promote judicial economy.

### 5.    Familiarity With Governing State Law.

Under Paragraph 14 of the Agreement, Dr. Lee expressly agreed that "this Agreement shall be governed for all purposes by the laws of the State of Washington."  In accordance with the parties' agreement, the present dispute must be determined under Washington law.  Because the courts of Washington have the most familiarity with Washington law, this matter should be transferred to Washington.  *Kerney*, 1992 U.S. Dist. LEXIS 10741 at *18.

As set forth above, the interests of justice, the convenience of the parties and the convenience of the witnesses all call for the California Action to be transferred to Washington.  If the Court is not inclined to dismiss the California Action, Microsoft respectfully requests instead that the Court transfer this matter to the appropriate Washington court.

NOTICE OF MOTION, MOTION AND
MEMORANDUM IN SUPPORT OF MICROSOFT'S
MOTION TO DISMISS, TRANSFER OR STAY
(Case No. : C 05-03095 RMW)

17

Printed on Recycled Paper

1

**V.     CONCLUSION.**

2

For the foregoing reasons, Microsoft respectfully requests that the Court (i) dismiss

3

the California Action; (ii) alternatively, transfer the California Action to King County,

4

Washington; or (iii) in the further alternative, stay the California Action pending resolution of

5

the Washington Action.

6

DATED:  September 9, 2005

PRESTON GATES & ELLIS LLP

7

8

9

By /s/ Michael J. Bettinger

Michael J. Bettinger
Attorneys for Defendant
Microsoft Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF MOTION, MOTION AND
MEMORANDUM IN SUPPORT OF MICROSOFT'S
MOTION TO DISMISS, TRANSFER OR STAY
(Case No. : C 05-03095 RMW)

18

Printed on Recycled Paper