# EXHIBIT 2

1
2
3
4
5
6
7
8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

9  MICROSOFT CORPORATION, a
   Washington corporation,
10
                                    
11                           Plaintiff,

                                    COMPLAINT
12         v.

13  KAI-FU LEE and GOOGLE INC., a
    Delaware corporation,
14
                           Defendants.
15
16
17

18      Plaintiff Microsoft Corporation ("Microsoft") is suing defendants Kai-Fu Lee

19  ("Lee") and Google Inc. ("Google") because Lee is breaking contractual promises to

20  Microsoft, and Google is intentionally assisting Lee.  Microsoft hired Lee as a Vice

21  President almost five years ago, and has richly rewarded him for the fine work he has

22  performed on behalf of the company.  As a condition of becoming an executive at

23  Microsoft, Lee agreed to certain contractual provisions, including a limited non-compete

24  agreement, aimed at protecting Microsoft's confidential, proprietary and trade secret

25  information.  During his tenure as a Vice President at Microsoft, Lee lead the

    development of certain proprietary search technologies, including Microsoft technologies

    that directly compete with substantially similar services offered by Google.  In addition,

COMPLAINT - 1
K:\00103\02668\JCJ\JCJ_P229D



PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   Lee is one of the main architects of Microsoft's business strategies in China. By virtue of

2   his position, Lee was afforded access to highly confidential, proprietary and trade secret

3   technological data and business plans regarding Microsoft's search strategies and business

4   plans for China. Lee recently announced that he is leaving Microsoft to join Google to

5   become the head of Google's new office in China. Accepting such a position with a direct

6   Microsoft competitor like Google, violates the narrow non-competition promise Lee made

7   when he was hired as an executive. It may also violate, or threatens to violate, Lee's other

8   contractual obligations, such as his promises to maintain in strict confidence Microsoft

9   confidential, proprietary and trade secret information. Google is fully aware of Lee's

10  promises to Microsoft, but has chosen to ignore them, and has encouraged Lee to violate

11  them.

## I. PARTIES

13      1.      Microsoft is a Washington corporation with its principal place of business

14  in Redmond, Washington.

15      2.      Lee is a resident of Bellevue, Washington. Lee held the position of Vice

16  President at Microsoft for most of the last five years. For at least the last three years, Lee

17  has worked in Microsoft's Natural Interactive Services Division. His duties included

18  managing the creation of new search technologies and methodologies for Microsoft.

19  Search technologies and innovations developed by Lee are utilized throughout Microsoft,

20  and incorporated into products and services that directly compete with Google. In

21  addition, throughout his career at Microsoft, Lee has held leadership roles with respect to

22  Microsoft's strategies for doing business in China.

23      3.      Google is a Delaware corporation with its principal place of business in

24  California. Google maintains an office in Kirkland, Washington and does business

25  throughout the State of Washington. Google purports to have the world's largest internet

search engine. Google profits from this search engine by selling advertising targeted at

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   consumers that use the free service. Microsoft's MSN search engine is one of Google's

2   major competitors. Google has also developed software that allows consumers to search

3   their personal computers. When consumers have this software and run this kind of search

4   on their personal computers, the Google product returns results both from the hard drive

5   of the personal computer and from the internet. The MSN division of Microsoft offers a

6   similar desktop search service. The MSN service was recently developed by Lee's group

7   at Microsoft.

8               ## II. JURISDICTION AND VENUE

9       4.      This is an action for monetary damages and injunctive relief arising out of

10  Defendant Lee's breach of his written employment agreement(s) with Microsoft, in which

11  he promised (a) to devote his entire working time, abilities, and efforts to Microsoft in

12  furtherance of Microsoft's best interests and to refrain from engaging in other activities

13  that may conflict with Microsoft's business interests; (b) never to disclose Microsoft's

14  confidential and proprietary information and trade secrets to others outside of Microsoft;

15  (c) never to use such confidential and proprietary information or trade secrets for any

16  purpose other than his work for Microsoft; (d) not to solicit or induce other Microsoft

17  employees to leave Microsoft and work for other companies; and (e) for a period of one

18  year following termination of his employment, not to compete with Microsoft in certain,

19  defined ways or provide services to any other person or entity that competes with

20  Microsoft in certain, defined ways. Defendant Lee has either actually breached or

21  threatened to breach one or more of these promises.

22      5.      This Court has jurisdiction over the action pursuant to RCW § 2.08.010.

23  Defendant Google is subject to the jurisdiction of this Court because it does business and

24  maintain offices in Washington. Defendant Lee is subjected to the jurisdiction of this

25  Court because his agreement with Microsoft was entered into in Washington and because

    he has expressly consented to the jurisdiction of this Court. Venue is proper in this Court

COMPLAINT - 3

K:\00103\02668\JC\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  pursuant to the express terms of the agreement between Microsoft and Lee and RCW §

2  4.12.025.

3  ### III. FACTS

4  6.  On August 8, 2000, Lee entered into an Employee Agreement

5  ("Agreement") with Microsoft. Microsoft required Lee to enter into this Agreement as a

6  condition of his employment by Microsoft and in conjunction with his promotion to the

7  position of Vice President. In return for entering into the Agreement, Lee received

8  substantial compensation and benefits.

9  7.  Paragraph 1 of the Agreement provides, in relevant part:

10
11
12
13
14
15

> **1.  Best Efforts/Conflicting Interest/Moonlighting.** I will
> diligently perform my assigned duties and devote my entire
> working time, abilities and efforts to such duties and to furthering
> the best interests of Microsoft. During my employment, I will not
> engage in any activity or investment that (a) conflicts with
> Microsoft's business interests, (b) occupies my attention so as to
> interfere with the proper and efficient performance of my duties for
> Microsoft, or (c) interferes with the independent exercise of my
> judgment in Microsoft's best interest. . . .

16  8.  Paragraph 3 of the Agreement provides, in relevant part:

17
18
19
20
21
22
23
24
25

> **3.  Non-Disclosure.** During my employment and at all times
> thereafter, I will neither disclose to anyone outside Microsoft nor
> use for any purpose other than my work at Microsoft . . . any
> confidential or proprietary information or trade secrets of
> Microsoft or its subsidiaries . . . . "Confidential or proprietary
> information or trade secrets" means all data and information in
> whatever form, tangible or intangible, that is not generally known
> to the public and that relates to the business, technology, practices,
> products, marketing, sales, services, finances, or legal affairs of
> Microsoft . . ., including without limitation: information about
> actual or prospective customers, suppliers and business partners;
> business, sales, marketing, technical, financial and legal plans,
> proposals and projections; concepts, techniques, processes,
> methods, systems, designs, programs, code, formulas, research,
> experimental work and work in progress.

9.  Paragraph 9 of the Agreement provides, in relevant part:

COMPLAINT - 4

K:\00103\02668\JCJ\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE: (206) 623-7022

**9. Non-Competition and Non-Solicitation.** While employed at Microsoft and for a period of one year thereafter, I will not (a) accept employment or engage in activities competitive with product, services or projects (including actual or demonstrably anticipated research or development) on which I worked or about which I learned confidential or proprietary information or trade secrets while employed at Microsoft; (b) render services to any client or customer of Microsoft for which I performed services during the twelve months prior to leaving Microsoft's employ; (c) induce, attempt to induce, or assist another to induce or attempt to induce any person to terminate his employment with Microsoft or to work for me of for any other person or entity. If during or after my employment with Microsoft I seek work elsewhere, I will provide a copy of this Agreement to any persons or entities by whom I am seeking to be hired before accepting employment with or engagement by them.

10.     Paragraphs 12 and 13 of the Agreement provide, in relevant part:

**12. Equitable Relief.** I acknowledge that any violation of this Agreement by me will cause irreparable injury to Microsoft and shall entitle Microsoft to extraordinary relief in court, including but not limited to temporary restraining orders and preliminary and permanent injunctions, without the necessity of posting bond or security.

**13. Non-Waiver and Attorneys' Fees.** . . . If court proceedings are brought to enforce or interpret any provision of this Agreement, the prevailing party shall be entitled to an award of reasonable and necessary expenses of litigation, including reasonable attorneys' fees.

11.     Paragraph 14 of the Agreement provides, in relevant part:

I agree that . . . exclusive venue and exclusive personal jurisdiction for any action arising out of this Agreement shall lie in state or federal court located in King County, Washington. . . . The terms and conditions of this Agreement shall survive termination of my employment.

12.     Lee worked as a Vice President for Microsoft beginning in August 2000. For the last several years he has worked in Microsoft's Natural Interactive Services Division. Although Lee has worked on several technologies during his employment with Microsoft, search technologies were a primary focus. For example, at one point Lee was

COMPLAINT - 5

K:\00103\02668\JCJ\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   responsible for the overall development of the MSN internet search application. Lee

2   subsequently led the development of search technologies and applications that ultimately

3   became the recently released MSN desktop search service. Over the past several years,

4   Lee and his team have contributed significantly to the development of MSN's new

5   internet search service that was just released this year. All of these search technologies

6   and services compete directly with substantially similar technologies and services offered

7   by Google.

8          13.     As a result of his leadership role with respect to the development of various

9   Microsoft search technologies, Lee was privy to confidential and proprietary information

10   and trade secrets related to search strategies, architecture of search engines, natural

11   language advancements for search engines and algorithms designed to improve search

12   engines and search results. In addition, Lee learned of Microsoft's confidential and

13   proprietary plans to monetize the search technologies it developed.

14          14.     In addition to his leadership role with respect to search technologies, Lee

15   was one of the lead executives in charge of developing and implementing Microsoft's

16   business strategies with respect to China. Prior to joining Microsoft Corporation, Lee

17   worked for an affiliate company in China where he was in charge of Microsoft's China

18   research laboratory. Since his return, Lee has continued to lead on issues related to China.

19   As a result, he has had access to confidential and proprietary information and trade secrets

20   related to Microsoft's overall China business strategy, Microsoft's target areas for

21   expansion, Microsoft's plans for gaining market share with respect to internet search in

22   China, and Microsoft's key employees, partners and contacts in China.

23          15.     In addition, Lee has been exposed to a great deal of other high level

24   company strategic information by virtue of his executive status with the company. Lee

25   regularly received "executive only" confidential business plans and strategies, and

COMPLAINT - 6

K:\00103\02668\JCJ\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    regularly attended "executive only" meetings wherein these confidential business plans

2    and strategies were discussed.

3         16.     On July 5, 2005, Lee informed the head of his department, Eric Rudder,

4    that he did not plan to return from sabbatical. Lee stated he had contacted Google

5    regarding employment six weeks before leaving for sabbatical, and had spoken with

6    Google attorneys, whom he said warned him Microsoft would become angry and escort

7    him off the premises when he admitted he had spoken with them. Lee stated Google

8    offered him the opportunity to build and lead its China office "end to end." Were Lee to

9    accept such a role, he would necessarily work on Google search technologies that directly

10   compete with the search technologies he helped develop for Microsoft. In addition, were

11   he to accept the position with Google, he would necessarily be helping Google compete

12   against Microsoft's business strategies for China – strategies that he helped develop on

13   behalf of Microsoft.

14        17.     Prior to offering Lee the position in China, Google was well aware of the

15   fact that every Microsoft employee is required to execute an Employee Agreement that

16   contains restrictions similar to those found in Lee's Employee Agreement. Nevertheless,

17   simultaneously with the service of this Complaint on Lee, Microsoft specifically informed

18   Google of Lee's Employee Agreement and provided it with a copy of that Agreement.

19        18.     Although Google is aware that employing Lee as the head of its China

20   operations will cause Lee to breach his contractual obligations to Microsoft, Google has

21   wrongfully continued to employee Lee, and thus intentionally interfered with Microsoft's

22   contractual rights, and put at risk Microsoft's confidential, proprietary and trade secret

23   information.

24        19.     The information Lee obtained and had access to while employed at

25   Microsoft—including, but not limited to, confidential search plans and technologies,

     confidential plans to compete with Google and confidential plans for Microsoft's business

COMPLAINT - 7
K:\00103\02668\JCJ\JCJ_P229O

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE (206) 623-7022

1  strategies in China---were considered and treated as confidential and proprietary by

2  Microsoft and constitutes Microsoft's proprietary trade secrets. For example, the search

3  engine source code and architectural plans are maintained by Microsoft in a manner to

4  ensure that they are accessed only by individuals who have expressly agreed to maintain

5  them as confidential. Moreover, the confidential business plans and strategies regarding

6  China are accessible only by a select number of Microsoft employees. Access to such

7  confidential and proprietary information would be strategically and economically

8  advantageous to any company or individual seeking to compete with Microsoft such as

9  Google. Lee's intimate knowledge of such confidential and proprietary information

10  would undoubtedly be beneficial to him and Google, in competing with Microsoft.

11      20.    Lee's current and threatened continuing violations of the Agreement have

12  caused and will continue to cause irreparable harm to Microsoft.

### IV. COUNT I: BREACH OF CONTRACT

14      21.    Microsoft incorporates the allegations of Paragraphs 1 through 20 as

15  though fully set forth herein.

16      22.    Lee entered into a valid and binding agreement with Microsoft in which he

17  promised that he would not, for a period of one year following termination of his

18  employment with Microsoft, compete with Microsoft in certain, defined ways or provide

19  services to any other person or entity that competes with Microsoft in certain, defined

20  ways—i.e., he would not accept employment or engage in activities competitive with

21  products, services or projects (including actual or demonstrably anticipated research or

22  development) on which he worked or about which he learned confidential or proprietary

23  information or trade secrets while employed at Microsoft.

24      23    Lee received adequate consideration to support the Agreement.

25

COMPLAINT - 8
K:\00103\02668\JC\JC\J_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

24.     Lee breached the Agreement by accepting employment with Google, which competes with Microsoft in the provision on search services worldwide and specifically in the China market.

## V.  COUNT II:  BREACH OF NON-DISCLOSURE PROMISES AND MISAPPROPRIATION OF TRADE SECRETS

25.     Microsoft incorporates the allegations of Paragraphs 1 through 24 as though fully set forth herein.

26.     While an employee of Microsoft, Lee was privy to sensitive, privileged, confidential, and proprietary information that constitutes trade secrets of Microsoft.

27.     Based on information and belief, Lee's conduct threatens to disclose or Lee inevitably will disclose Microsoft's trade secrets to Google and/or others for his and/or Google's financial gain in the course of working to improve Google search products that compete with Microsoft, and in the course of establishing and building Google's presence in China to compete with Microsoft's efforts in China.  Such actions by Lee violates the non-disclosure provisions of the Agreement.

28.     Moreover, the conduct of Lee and Google constitutes threatened misappropriation of trade secrets in violation of RCW 19.108 et seq.

29.     Defendants' threatened misappropriation of Microsoft's trade secrets is causing and, if not enjoined, will continue to cause substantial and irreparable injury and damages to Microsoft.

## VI.  COUNT III:  TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

30.     Microsoft incorporates the allegations of Paragraphs 1 through 29 as though fully set forth herein.

31.     Microsoft has a valid contract with Lee which, amongst other things, prohibits Lee from working for a competitor like Google for a period of one year after leaving Microsoft.

COMPLAINT - 9

K:\00103\02668\JCJ\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    32.    Google knew that Lee had a non-competition agreement with Microsoft
2  and still offered Lee a job (or has continued to employ him) knowing that his employment
3  would violate Microsoft's legitimate contractual rights, and would allow Google to obtain
4  an unfair and improper competitive advantage against Microsoft.

5    33.    The conduct of Google constitutes or threatens to constitute tortuous
6  interference with contractual relations. This conduct has and will continue to result in
7  damages to plaintiff.

8                    **VIII.  PRAYER FOR RELIEF**

9  WHEREFORE, Microsoft prays for the following relief:

10  A.    Entry of a preliminary injunction and permanent injunction that:

11            (i)    Enjoins Lee and Google from all actions in
12        violation of Lee's Employee Agreement;

13            (ii)    Enjoins Defendants or any person or entity acting in
14        concert with them from disclosing or misappropriating for their
15        own use or benefit, any of Microsoft's trade secrets or other
16        confidential and proprietary information in violation of the
17        Agreement and RCW 19.108 et seq.; and

18            (iii)    Requires Defendants to return to Microsoft's
19        counsel within 24 hours all property, documents, files, reports,
20        and/or other materials that Defendants have in their possession,
21        custody, or control that were obtained from Microsoft;

22            (iv)    Prohibits Defendants from destroying any
23        documents of any kind, whether in written or electronic form, that
24        relate in any way to Microsoft and Google's employment of Lee;

25            (v)    Enjoins Lee, or Google on Lee's behalf, from
        soliciting, encouraging, or attempting to induce employees of

COMPLAINT - 10

K:\00103\02668\JC\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    Microsoft or its subsidiaries to terminate their employment and go

2    to work for any other entity, including Google; and

3    B.    Compensatory damages in an amount to be determined at trial;

4    C.    An award of Microsoft's attorneys' fees and costs incurred pursuant to the

5    Agreement; and

6    D.    Such further relief as the Court deems just and equitable.

7

8    DATED this 18th day of July, 2005.

9

10    PRESTON GATES & ELLIS LLP

11

12    By

Jeffrey C. Johnson, WSBA # 23066
13    Attorneys for Plaintiff
Microsoft Corporation
14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 11

K:\0010\30266B\JHH\JHH_P21CA

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

2

3

4

5

6

7       IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

8              IN AND FOR THE COUNTY OF KING

9    MICROSOFT CORPORATION, a
     Washington corporation,                    No. 2 · 23561 - 6 SEA
10
                            Plaintiff,           COMPLAINT
11
             v.
12
     KAI-FU LEE and GOOGLE INC., a
13   Delaware corporation,

14                          Defendants.

15

16

17       Plaintiff Microsoft Corporation ("Microsoft") is suing defendants Kai-Fu Lee

18  ("Lee") and Google Inc. ("Google") because Lee is breaking contractual promises to

19  Microsoft, and Google is intentionally assisting Lee.  Microsoft hired Lee as a Vice

20  President almost five years ago, and has richly rewarded him for the fine work he has

21  performed on behalf of the company.  As a condition of becoming an executive at

22  Microsoft, Lee agreed to certain contractual provisions, including a limited non-compete

23  agreement, aimed at protecting Microsoft's confidential, proprietary and trade secret

24  information.  During his tenure as a Vice President at Microsoft, Lee lead the

25  development of certain proprietary search technologies, including Microsoft technologies

    that directly compete with substantially similar services offered by Google.  In addition,

COMPLAINT - 1                
K:\00103\02668\JCJ\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   Lee is one of the main architects of Microsoft's business strategies in China. By virtue of

2   his position, Lee was afforded access to highly confidential, proprietary and trade secret

3   technological data and business plans regarding Microsoft's search strategies and business

4   plans for China. Lee recently announced that he is leaving Microsoft to join Google to

5   become the head of Google's new office in China. Accepting such a position with a direct

6   Microsoft competitor like Google, violates the narrow non-competition promise Lee made

7   when he was hired as an executive. It may also violate, or threatens to violate, Lee's other

8   contractual obligations, such as his promises to maintain in strict confidence Microsoft

9   confidential, proprietary and trade secret information. Google is fully aware of Lee's

10  promises to Microsoft, but has chosen to ignore them, and has encouraged Lee to violate

11  them.

## I. PARTIES

13      1.      Microsoft is a Washington corporation with its principal place of business

14  in Redmond, Washington.

15      2.      Lee is a resident of Bellevue, Washington. Lee held the position of Vice

16  President at Microsoft for most of the last five years. For at least the last three years, Lee

17  has worked in Microsoft's Natural Interactive Services Division. His duties included

18  managing the creation of new search technologies and methodologies for Microsoft.

19  Search technologies and innovations developed by Lee are utilized throughout Microsoft,

20  and incorporated into products and services that directly compete with Google. In

21  addition, throughout his career at Microsoft, Lee has held leadership roles with respect to

22  Microsoft's strategies for doing business in China.

23      3.      Google is a Delaware corporation with its principal place of business in

24  California. Google maintains an office in Kirkland, Washington and does business

25  throughout the State of Washington. Google purports to have the world's largest internet

search engine. Google profits from this search engine by selling advertising targeted at

COMPLAINT - 2

K:\00103\02668\JCJ\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   consumers that use the free service. Microsoft's MSN search engine is one of Google's

2   major competitors. Google has also developed software that allows consumers to search

3   their personal computers. When consumers have this software and run this kind of search

4   on their personal computers, the Google product returns results both from the hard drive

5   of the personal computer and from the internet. The MSN division of Microsoft offers a

6   similar desktop search service. The MSN service was recently developed by Lee's group

7   at Microsoft.

8                    **II. JURISDICTION AND VENUE**

9          4.      This is an action for monetary damages and injunctive relief arising out of

10  Defendant Lee's breach of his written employment agreement(s) with Microsoft, in which

11  he promised (a) to devote his entire working time, abilities, and efforts to Microsoft in

12  furtherance of Microsoft's best interests and to refrain from engaging in other activities

13  that may conflict with Microsoft's business interests; (b) never to disclose Microsoft's

14  confidential and proprietary information and trade secrets to others outside of Microsoft;

15  (c) never to use such confidential and proprietary information or trade secrets for any

16  purpose other than his work for Microsoft; (d) not to solicit or induce other Microsoft

17  employees to leave Microsoft and work for other companies; and (e) for a period of one

18  year following termination of his employment, not to compete with Microsoft in certain,

19  defined ways or provide services to any other person or entity that competes with

20  Microsoft in certain, defined ways. Defendant Lee has either actually breached or

21  threatened to breach one or more of these promises.

22         5.      This Court has jurisdiction over the action pursuant to RCW § 2.08.010.

23  Defendant Google is subject to the jurisdiction of this Court because it does business and

24  maintain offices in Washington. Defendant Lee is subjected to the jurisdiction of this

25  Court because his agreement with Microsoft was entered into in Washington and because

    he has expressly consented to the jurisdiction of this Court  Venue is proper in this Court

COMPLAINT - 3

K:\00103\02668UC.JJCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    pursuant to the express terms of the agreement between Microsoft and Lee and RCW §

2    4.12.025.

### III. FACTS

4    6.    On August 8, 2000, Lee entered into an Employee Agreement

5    ("Agreement") with Microsoft.  Microsoft required Lee to enter into this Agreement as a

6    condition of his employment by Microsoft and in conjunction with his promotion to the

7    position of Vice President.  In return for entering into the Agreement, Lee received

8    substantial compensation and benefits.

9    7.    Paragraph 1 of the Agreement provides, in relevant part:

> 1. **Best Efforts/Conflicting Interest/Moonlighting.**  I will diligently perform my assigned duties and devote my entire working time, abilities and efforts to such duties and to furthering the best interests of Microsoft.  During my employment, I will not engage in any activity or investment that (a) conflicts with Microsoft's business interests, (b) occupies my attention so as to interfere with the proper and efficient performance of my duties for Microsoft, or (c) interferes with the independent exercise of my judgment in Microsoft's best interest. . . .

16    8.    Paragraph 3 of the Agreement provides, in relevant part:

> 3. **Non-Disclosure.**  During my employment and at all times thereafter, I will neither disclose to anyone outside Microsoft nor use for any purpose other than my work at Microsoft . . . any confidential or proprietary information or trade secrets of Microsoft or its subsidiaries . . . .  "Confidential or proprietary information or trade secrets" means all data and information in whatever form, tangible or intangible, that is not generally known to the public and that relates to the business, technology, practices, products, marketing, sales, services, finances, or legal affairs of Microsoft . . ., including without limitation:  information about actual or prospective customers, suppliers and business partners; business, sales, marketing, technical, financial and legal plans, proposals and projections; concepts, techniques, processes, methods, systems, designs, programs, code, formulas, research, experimental work and work in progress.

9.    Paragraph 9 of the Agreement provides, in relevant part:

COMPLAINT - 4

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

1

2       **9. Non-Competition and Non-Solicitation.** While employed at
        Microsoft and for a period of one year thereafter, I will not (a)
3       accept employment or engage in activities competitive with
        product, services or projects (including actual or demonstrably
        anticipated research or development) on which I worked or about
4       which I learned confidential or proprietary information or trade
        secrets while employed at Microsoft; (b) render services to any
5       client or customer of Microsoft for which I performed services
        during the twelve months prior to leaving Microsoft's employ; (c)
6       induce, attempt to induce, or assist another to induce or attempt to
        induce any person to terminate his employment with Microsoft or
7       to work for me of for any other person or entity. If during or after
        my employment with Microsoft I seek work elsewhere, I will
8       provide a copy of this Agreement to any persons or entities by
        whom I am seeking to be hired before accepting employment with
9       or engagement by them.

10      10.   Paragraphs 12 and 13 of the Agreement provide, in relevant part:

11

12            **12. Equitable Relief.** I acknowledge that any violation of this
              Agreement by me will cause irreparable injury to Microsoft and
13            shall entitle Microsoft to extraordinary relief in court, including but
              not limited to temporary restraining orders and preliminary and
14            permanent injunctions, without the necessity of posting bond or
              security.
15

16            **13. Non-Waiver and Attorneys' Fees.** . . . If court proceedings
              are brought to enforce or interpret any provision of this
17            Agreement, the prevailing party shall be entitled to an award of
              reasonable and necessary expenses of litigation, including
18            reasonable attorneys' fees.

19      11.   Paragraph 14 of the Agreement provides, in relevant part:

20
              I agree that . . . exclusive venue and exclusive personal jurisdiction
21            for any action arising out of this Agreement shall lie in state or
              federal court located in King County, Washington. . . . The terms
22            and conditions of this Agreement shall survive termination of my
              employment.
23

24      12.   Lee worked as a Vice President for Microsoft beginning in August 2000.

25      For the last several years he has worked in Microsoft's Natural Interactive Services

        Division. Although Lee has worked on several technologies during his employment with

        Microsoft, search technologies were a primary focus. For example, at one point Lee was

COMPLAINT - 5

K:\0010\00266\JJC\JJC_J_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   responsible for the overall development of the MSN internet search application. Lee

2   subsequently led the development of search technologies and applications that ultimately

3   became the recently released MSN desktop search service. Over the past several years,

4   Lee and his team have contributed significantly to the development of MSN's new

5   internet search service that was just released this year. All of these search technologies

6   and services compete directly with substantially similar technologies and services offered

7   by Google.

8       13.    As a result of his leadership role with respect to the development of various

9   Microsoft search technologies, Lee was privy to confidential and proprietary information

10  and trade secrets related to search strategies, architecture of search engines, natural

11  language advancements for search engines and algorithms designed to improve search

12  engines and search results. In addition, Lee learned of Microsoft's confidential and

13  proprietary plans to monetize the search technologies it developed.

14      14.    In addition to his leadership role with respect to search technologies, Lee

15  was one of the lead executives in charge of developing and implementing Microsoft's

16  business strategies with respect to China. Prior to joining Microsoft Corporation, Lee

17  worked for an affiliate company in China where he was in charge of Microsoft's China

18  research laboratory. Since his return, Lee has continued to lead on issues related to China.

19  As a result, he has had access to confidential and proprietary information and trade secrets

20  related to Microsoft's overall China business strategy, Microsoft's target areas for

21  expansion, Microsoft's plans for gaining market share with respect to internet search in

22  China, and Microsoft's key employees, partners and contacts in China.

23      15.    In addition, Lee has been exposed to a great deal of other high level

24  company strategic information by virtue of his executive status with the company. Lee

25  regularly received "executive only" confidential business plans and strategies, and

COMPLAINT - 6

K:\00103\02668\JCJ\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    regularly attended "executive only" meetings wherein these confidential business plans

2    and strategies were discussed.

3        16.    On July 5, 2005, Lee informed the head of his department, Eric Rudder,

4    that he did not plan to return from sabbatical. Lee stated he had contacted Google

5    regarding employment six weeks before leaving for sabbatical, and had spoken with

6    Google attorneys, whom he said warned him Microsoft would become angry and escort

7    him off the premises when he admitted he had spoken with them. Lee stated Google

8    offered him the opportunity to build and lead its China office "end to end." Were Lee to

9    accept such a role, he would necessarily work on Google search technologies that directly

10   compete with the search technologies he helped develop for Microsoft. In addition, were

11   he to accept the position with Google, he would necessarily be helping Google compete

12   against Microsoft's business strategies for China – strategies that he helped develop on

13   behalf of Microsoft.

14       17.    Prior to offering Lee the position in China, Google was well aware of the

15   fact that every Microsoft employee is required to execute an Employee Agreement that

16   contains restrictions similar to those found in Lee's Employee Agreement. Nevertheless,

17   simultaneously with the service of this Complaint on Lee, Microsoft specifically informed

18   Google of Lee's Employee Agreement and provided it with a copy of that Agreement.

19       18.    Although Google is aware that employing Lee as the head of its China

20   operations will cause Lee to breach his contractual obligations to Microsoft, Google has

21   wrongfully continued to employee Lee, and thus intentionally interfered with Microsoft's

22   contractual rights, and put at risk Microsoft's confidential, proprietary and trade secret

23   information.

24       19.    The information Lee obtained and had access to while employed at

25   Microsoft—including, but not limited to, confidential search plans and technologies,

     confidential plans to compete with Google and confidential plans for Microsoft's business

COMPLAINT - 7

K:\00103\02668\JCJ\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE (206) 623-7022

1   strategies in China---were considered and treated as confidential and proprietary by

2   Microsoft and constitutes Microsoft's proprietary trade secrets. For example, the search

3   engine source code and architectural plans are maintained by Microsoft in a manner to

4   ensure that they are accessed only by individuals who have expressly agreed to maintain

5   them as confidential. Moreover, the confidential business plans and strategies regarding

6   China are accessible only by a select number of Microsoft employees. Access to such

7   confidential and proprietary information would be strategically and economically

8   advantageous to any company or individual seeking to compete with Microsoft such as

9   Google. Lee's intimate knowledge of such confidential and proprietary information

10  would undoubtedly be beneficial to him and Google, in competing with Microsoft.

11       20.     Lee's current and threatened continuing violations of the Agreement have

12  caused and will continue to cause irreparable harm to Microsoft.

### IV. COUNT I: BREACH OF CONTRACT

14       21.     Microsoft incorporates the allegations of Paragraphs 1 through 20 as

15  though fully set forth herein.

16       22.     Lee entered into a valid and binding agreement with Microsoft in which he

17  promised that he would not, for a period of one year following termination of his

18  employment with Microsoft, compete with Microsoft in certain, defined ways or provide

19  services to any other person or entity that competes with Microsoft in certain, defined

20  ways—i.e., he would not accept employment or engage in activities competitive with

21  products, services or projects (including actual or demonstrably anticipated research or

22  development) on which he worked or about which he learned confidential or proprietary

23  information or trade secrets while employed at Microsoft.

24       23      Lee received adequate consideration to support the Agreement.

25

COMPLAINT - 8

K:\00103\02668\JC NJCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    24.    Lee breached the Agreement by accepting employment with Google, which

2    competes with Microsoft in the provision on search services worldwide and specifically in

3    the China market.

4

5    **V.  COUNT II:  BREACH OF NON-DISCLOSURE PROMISES AND MISAPPROPRIATION OF TRADE SECRETS**

6    25.    Microsoft incorporates the allegations of Paragraphs 1 through 24 as

7    though fully set forth herein.

8    26.    While an employee of Microsoft, Lee was privy to sensitive, privileged,

9    confidential, and proprietary information that constitutes trade secrets of Microsoft.

10    27.    Based on information and belief, Lee's conduct threatens to disclose or Lee

11    inevitably will disclose Microsoft's trade secrets to Google and/or others for his and/or

12    Google's financial gain in the course of working to improve Google search products that

13    compete with Microsoft, and in the course of establishing and building Google's presence

14    in China to compete with Microsoft's efforts in China.  Such actions by Lee violates the

15    non-disclosure provisions of the Agreement.

16    28.    Moreover, the conduct of Lee and Google constitutes threatened

17    misappropriation of trade secrets in violation of RCW 19.108 et seq.

18    29.    Defendants' threatened misappropriation of Microsoft's trade secrets is

19    causing and, if not enjoined, will continue to cause substantial and irreparable injury and

20    damages to Microsoft.

21    **VI.  COUNT III:  TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

22

23    30.    Microsoft incorporates the allegations of Paragraphs 1 through 29 as

     though fully set forth herein.

24    31.    Microsoft has a valid contract with Lee which, amongst other things,

25    prohibits Lee from working for a competitor like Google for a period of one year after

     leaving Microsoft.

COMPLAINT - 9

K:\00103\02668\JCJ\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    32.    Google knew that Lee had a non-competition agreement with Microsoft

2    and still offered Lee a job (or has continued to employ him) knowing that his employment

3    would violate Microsoft's legitimate contractual rights, and would allow Google to obtain

4    an unfair and improper competitive advantage against Microsoft.

5    33.    The conduct of Google constitutes or threatens to constitute tortuous

6    interference with contractual relations.  This conduct has and will continue to result in

7    damages to plaintiff.

8    ### VIII.  PRAYER FOR RELIEF

9    WHEREFORE, Microsoft prays for the following relief:

10   A.    Entry of a preliminary injunction and permanent injunction that:

11   (i)    Enjoins Lee and Google from all actions in

12   violation of Lee's Employee Agreement;

13   (ii)    Enjoins Defendants or any person or entity acting in

14   concert with them from disclosing or misappropriating for their

15   own use or benefit, any of Microsoft's trade secrets or other

16   confidential and proprietary information in violation of the

17   Agreement and RCW 19.108 et seq.; and

18   (iii)    Requires Defendants to return to Microsoft's

19   counsel within 24 hours all property, documents, files, reports,

20   and/or other materials that Defendants have in their possession,

21   custody, or control that were obtained from Microsoft;

22   (iv)    Prohibits Defendants from destroying any

23   documents of any kind, whether in written or electronic form, that

24   relate in any way to Microsoft and Google's employment of Lee;

25   (v)    Enjoins Lee, or Google on Lee's behalf, from

soliciting, encouraging, or attempting to induce employees of

COMPLAINT - 10

K:\0010\00266\0UC.\JCJ_P229D

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    Microsoft or its subsidiaries to terminate their employment and go

2    to work for any other entity, including Google; and

3    B.    Compensatory damages in an amount to be determined at trial;

4    C.    An award of Microsoft's attorneys' fees and costs incurred pursuant to the

5    Agreement; and

6    D.    Such further relief as the Court deems just and equitable.

7

8    DATED this 18th day of July, 2005.

9

10   PRESTON GATES & ELLIS LLP

11

12   By _____
         Jeffrey C. Johnson, WSBA # 23066

13   Attorneys for Plaintiff
     Microsoft Corporation

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 11

K:\001030\02668\JHH\JHH_P21CA

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022