# EXHIBIT 6



Judge Steven González

1

2

3

4

5

6

7             IN THE SUPERIOR COURT OF WASHINGTON
                        FOR KING COUNTY

8

MICROSOFT CORPORATION,                    )
9   a Washington Corporation,              )
                                           )    No. 05-2-23561-6 SEA
10                          Plaintiff,      )
                                           )
11               vs                        )    ORDER GRANTING MOTION TO
                                           )    INTERVENE AND GRANTING, IN PART,
12  KAI-FU LEE and GOOGLE INC., a          )    MOTION TO UNSEAL DOCUMENTS
    Delaware corporation,                  )
13                                         )
                            Defendants.    )
14

15         THIS MATTER having come before the court upon The Seattle Post Intelligencer and

16  The Seattle Times Company's Motion to Intervene and Unseal Documents, and the court having

17  heard oral argument and having reviewed in-camera the three documents in question, and having

18  reviewed the Plaintiff's Motion to Retain Documents Under Seal with attached declarations, The

19  Seattle Post Intelligencer's Motion to Intervene and Unseal Documents, [1] and the Joinder by The

20

21

22  _____
    [1] The Wall Street Journal submitted a letter in support of the Motion to Intervene and Unseal
        Documents  The letter was not accompanied by a motion to intervene and does not appear to
23      have been filed publicly.  Therefore, a copy of the letter, without attachments, is attached to
        this order

ORDER GRANTING MOTION TO INTERVENE
AND GRANTING, IN PART, MOTION TO UNSEAL
DOCUMENTS - 1

1   Seattle Times Company, and being otherwise sufficiently advised in the premises, the court

2   makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW:

3       1.   The public, including the press, has a right to intervene in lawsuits for the limited purpose

4           of representing the public's right of access to judicial proceedings. *Press-Enterprise Co*

5           *v. Superior Court*, 478 U.S. 1 (1986).

6       2.   The Seattle Post-Intelligencer and The Seattle Times Company (Intervenors) seek to

7           exercise their rights under the First Amendment to the United States Constitution and

8           under Washington Constitution Article I, Section 10.

9       3.   Under Washington Const. art 1 § 10, "Justice in all cases shall be administered openly."

10           "The right of the public, including the press, to access trials and court records may be

11           limited only to protect significant interests, and any limitation must be carefully

12           considered and specifically justified." *Dreiling v. Jain*, 151 Wn.2d 900, 904 (2004).

13           "Openness of courts is essential to the courts' ability to maintain public confidence in the

14           fairness and honesty of the judicial branch of government as being the ultimate protector

15           of liberty, property, and constitutional integrity." *Allied Daily Newspaper of Washington*

16           *v. Eikenberry*, 121 Wn.2d 205, 211 (1993) (holding unconstitutional a law requiring the

17           sealing of information identifying child victims of sexual assault).

18       4.   The Washington Supreme Court has articulated five factors to be applied in considering

19           whether to seal judicial proceedings or documents from public view:

20           1)   The proponent of closure or sealing must make some showing of the need for
            doing so, and where that need is based on a right other than an accused's right

21               to a fair trial, the proponent must show a "serious and imminent threat" to that
            right.

22

23           2)   Anyone present when the closure motion is made must be given an
            opportunity to object to the closure.

ORDER GRANTING MOTION TO INTERVENE
AND GRANTING, IN PART, MOTION TO UNSEAL
DOCUMENTS - 2

3) The proposed method for curtailing open access must be the least restrictive means available for protecting the threatened interests

4) The court must weigh the competing interests of the proponent of closure and the public.

5) The order must be no broader in its application or duration than necessary to serve its purpose.

*Allied Daily Newspapers of Washington*, 121 Wn.2d 205, 211 (following *Seattle Times Co v. Ishikawa*, 97 Wn.2d 30, 36-39 (1982)).

These *Ishikawa* factors must be used in determining whether motion papers and documents filed in support thereof may be sealed. *Dreiling*, 151 Wn.2d 900, 904. In making a determination on a sealing issue, the court should articulate on the record findings supporting its judgment. *Id.* at 908. The Washington Supreme Court recently clarified that the *Ishikawa* sealing factors apply to <u>all</u> motions before the court, not just dispositive motions. *Rufer v. Abbott Laboratories*, ___ Wn.2d ___, 2005 WL 1528792 (Wash. 2005).[2]

5.   The principle of open administration must be balanced against the rights of the litigants, pursuant to the first and fourth *Ishikawa* factors.

6.   In order to prevail in its request to file documents under seal, Microsoft has the burden of establishing that the documents contain trade secrets or other confidential research, development or commercial information, the release of which would cause substantial harm to Microsoft. GR 15(c)(2)(B) and Washington's Uniform Trade Secrets Act (WUTSA) RCW 19.108.010 et seq.

---

[2] In this order, the court has used some language from the well-written brief submitted by Judith A. Endejan on behalf of The Seattle Post-Intelligencer.

ORDER GRANTING MOTION TO INTERVENE
AND GRANTING, IN PART, MOTION TO UNSEAL
DOCUMENTS - 3

7. In addition, Microsoft has the burden of establishing that there is no less restrictive alternative to sealing the documents.

8. Upon a showing that the documents contain information protected by WUTSA, the court is obligated to preserve the secrecy of the alleged trade secrets by reasonable means, including in-camera hearings and sealing documents. RCW 19.108.050.

9. On July 27, 2005, in open court, Plaintiff orally requested to file three documents under seal. They are: (1) Plaintiff's Exhibit 1, an electronic calendar entry dated May 17, 2004, attached to Dr. Kai-Fu Lee's notes from a May 18, 2004 meeting with Bill Gates about Google; (2) Plaintiff's Exhibit 2, a June 22, 2005 e-mail to Dr. Lee and others regarding Microsoft's employee recruitment and compensation in China; and (3) Plaintiff's Exhibit 3, a document purporting to be a draft contract between Dr. Lee and Google;

10. At the hearing on July 27, 2005, Microsoft described the nature of each document. The court asked for input from anyone present regarding Microsoft's request to file the three documents under seal and granted one day to submit formal objections and motion papers;

11. The Intervenors have submitted timely objections to the filing under seal of the three documents;

12. Microsoft has withdrawn its motion to seal page one of Plaintiff's Exhibit 1 and all of Plaintiff's Exhibit 3;

13. Microsoft has established that portions of Plaintiff's Exhibit 1 and portions of Plaintiff's Exhibit 2 contain highly sensitive business information that is confidential and proprietary and that there is an imminent threat that the release of this information would result in substantial harm to Microsoft;

ORDER GRANTING MOTION TO INTERVENE
AND GRANTING, IN PART, MOTION TO UNSEAL
DOCUMENTS - 4

14. The court has determined, after weighing the public's right to access against Microsoft's right to protect trade secrets, that sealing Plaintiff's Exhibit 1 and Plaintiff's Exhibit 2 in their entirety is not the least restrictive alternative; and

15. The court has further determined that, considering the public's right to access court records, Plaintiff's Exhibit 1 and Plaintiff's Exhibit 2 should be filed in redacted versions to protect the proprietary information yet disclose the balance of the documents.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Intervenors' Motion to Intervene is GRANTED for the limited purpose of contesting requests to file documents under seal. It is further ordered that Plaintiff file under seal the unredacted version of Plaintiff's Exhibit 1 and Plaintiff's Exhibit 2. They shall remain under seal until further order of the court. The Intervenors' Motion to Unseal Documents is GRANTED, in part, as follows: the redacted versions of Plaintiff's Exhibit 1 and Plaintiff's Exhibit 2 are unsealed and attached to this order. Plaintiff's Exhibit 3 is attached and is unsealed in its entirety.

The court anticipates that Microsoft and Google may seek to file documents under seal during the balance of this case. The parties shall submit to the Discovery Master all documents that the parties want filed under seal. The Discovery Master shall give Intervenors an opportunity to be heard before making a report and recommendation to the court regarding future requests to seal. The court will consider objections to the Discovery Master's report and recommendation before ruling.

DATED this ⟍2ⁿᵈ⟍ day of August, 2005

Judge Steven González

ORDER GRANTING MOTION TO INTERVENE
AND GRANTING, IN PART, MOTION TO UNSEAL
DOCUMENTS - 5