STEPHEN E. TAYLOR (SBN 58452)
STACEY L. WEXLER (SBN 184466)
JAN J. KLOHONATZ (SBN 111718)
TAYLOR & COMPANY LAW OFFICES, INC.
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
E-mail:   staylor@tcolaw.com
E-mail:   swexler@tcolaw.com
E-mail:   jklohonatz@tcolaw.com

Attorneys for Plaintiffs
GOOGLE INC. and KAI-FU LEE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE INC. and KAI-FU LEE,<br><br>          Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>          Defendant. | Case No.:  CV 05-03095 (RMW)<br><br>**PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY**<br><br>Date:      October 14, 2005<br>Time:     9:00 a.m.<br>Place:     Courtroom 6<br><br>Honorable Ronald M. Whyte |

Taylor & Co.
Law Offices, Inc.

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  RELEVANT FACTUAL BACKGROUND ................................................................... 2

    A.   PLAINTIFFS ASKS THIS COURT TO DECLARE
         MICROSOFT'S COVENANT NOT TO COMPETE
         UNENFORCEABLE *UNDER CALIFORNIA LAW* ........................................... 2

    B.   MICROSOFT SUED DR. LEE AND GOOGLE
         IN WASHINGTON STATE COURT, SEEKING
         TO ENFORCE THE COVENANT NOT TO
         COMPETE *UNDER WASHINGTON LAW* ................................................... 3

    C.   THE PARTIES ALL HAVE CLOSE
         RELATIONSHIPS TO CALIFORNIA ........................................................ 4

         1.   Google .................................................................................... 4

         2.   Dr. Kai-Fu Lee ...................................................................... 5

         3.   Microsoft ............................................................................... 6

III.  ARGUMENT ................................................................................................................ 6

    A.   THE COURT SHOULD DISREGARD MICROSOFT'S
         FORUM SELECTION CLAUSE BECAUSE ITS
         ENFORCEMENT WOULD CONTRAVENE CALIFORNIA'S
         STRONG PUBLIC POLICY AGAINST NON-COMPETES ........................... 6

         1.   California Has a Strong Public Policy Against
              Covenants Not to Compete And Washington Does Not ........................... 7

         2.   Google is Neither a Signatory to Nor a Beneficiary
              of The Microsoft Employment Agreement, And it
              Cannot be Bound by The Forum Selection Clause
              Contained in That Agreement .......................................................... 10

    B.   THE COURT SHOULD EXERCISE ITS DISCRETION
         TO RETAIN JURISDICTION AND DECIDE THIS
         DECLARATORY RELIEF ACTION ........................................................ 11

         1.   Plaintiffs Properly Seek Declaratory Relief to
              Enforce California's Public Policy, Which is
              Significantly Different From That of Washington .......................... 11

         2.   Even if Federal Law Applies, The Court Must
              Consider a Number of Factors Under The
              *Brillhart* Test, The Balancing of Which Weighs
              in Favor of Retaining Jurisdiction .............................................. 13

         3.   Because The California And Washington Actions Are
              Not Parallel, Jurisdiction is Warranted in This Court ........................ 14

i.

TAYLOR & CO.
LAW OFFICES, INC.

4.  Public Policy Factors Strongly Favor Retaining
    Jurisdiction Over This Declaratory Judgment Action ........................................ 16

C.  THERE IS NO REASON TO TRANSFER THIS
    ACTION TO A WASHINGTON FEDERAL COURT ........................................... 17

    1.  Microsoft Has Not Shown That The Balance of
        Factors Favors Transfer Under 28 U.S.C. § 1404(a) ..................................... 17

    2.  The Ninth Circuit Requires The Court to Consider
        a Number of Factors in Deciding Whether to
        Transfer Based on "Convenience," Giving
        Plaintiffs' Choice of Forum Substantial Weight ............................................ 18

        a.  Convenience of The Parties ................................................................... 18

        b.  Convenience of The Witnesses .............................................................. 19

        c.  Interests of Justice ................................................................................ 19

            i.   The forum selection clause is one, non-dispositive
                 factor to be considered in a 1404(a) analysis, and
                 California's public policy concerns are entitled to
                 at least as much weight as the forum selection clause ...................... 19

            ii.  That the contract was entered into and
                 performed partially in Washington is
                 immaterial to the issue before this Court........................................... 20

            iii. Courts in California are the most
                 familiar with the governing law ....................................................... 20

            iv.  Plaintiffs' choice of forum is appropriate
                 for deciding this issue, convenient for
                 all parties, and preserves judicial economy....................................... 21

            v.   The parties have extensive
                 contacts with California, and California
                 is the best forum for this cause of action.......................................... 21

            vi.  The costs of litigation in Seattle and San Jose are roughly
                 comparable, both jurisdictions have procedures to compel
                 testimony by non-party witnesses, and neither forum has
                 greater access to sources of proof...................................................... 22

        d.  The Balance of Factors Does Not Favor Transfer.................................... 22

IV. CONCLUSION ............................................................................................... 22

ii.

TAYLOR & CO.
LAW OFFICES, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## CASES

Application Group, Inc. v. Hunter Group, Inc.
   61 Cal. App. 4th 881 (1998) ..................................................................7, 8, 10, 13, 15, 17

Argueta v. Banco Mexicano, S.A.,
   87 F.3d 320 (9th Cir. 1996) ...............................................................................6, 7, 8

Brillhart v. Excess Ins. Co.,
   316 U.S. 491 (1942)...................................................................................13, 14, 16

Chamberlain v. Allstate Ins. Co.,
   931 F.2d 1361 (9th Cir. 1991) ...............................................................................13

Commodity Futures Trading Comm'n v. Savage,
   611 F.2d 270 (9th Cir. 1979) ................................................................................17

Cont'l Cas. Co. v. Robsac Indus.,
   947 F.2d 1367 (9th Cir. 1991) ..............................................................................14

D'Sa v. Playhut, Inc.,
   85 Cal. App. 4th 927 (2000) ...................................................................................9

DeFeo v. Procter & Gamble Co.,
   831 F. Supp. 776 (N.D. Cal. 1993) ...................................................................15, 16

Diodes Inc. v. Franzen,
   260 Cal. App. 2d 244 (1968) ..................................................................................7

Gen. Commercial Packaging, Inc. v. TPS Package Eng'g, Inc.,
   126 F.3d 1131 (9th Cir. 1997) ................................................................................9

Golden Eagle Ins. Co. v. Travelers Cos.,
   103 F.3d 750 (9th Cir. 1996) ............................................................................12, 14

Gov't Employees Ins. Co. v. Dizol,
   133 F.2d 1220 (9th Cir. 1998) ..........................................................................13, 14

Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.,
   949 F. Supp. 1427 (N.D. Cal. 1997) .......................................................................11

Hannah v. Plumer,
   380 U.S. 460 (1965).............................................................................................16

Hill Med. Corp. v. Wycoff,
   86 Cal App. 4th 895 (2001) ................................................................................7, 8

TAYLOR & CO.
LAW OFFICES, INC.

Int'l Bus. Mach. Corp.  v. Bajorek,
     191 F.3d 1033 (9th Cir. 1999) ....................................................................8, 9

Jones v. GNC Franchising, Inc.,
     211 F.3d 495 (9th Cir. 2000) ....................................................................18, 19

Knight, Vale & Gregory v. McDaniel,
     37 Wash. App. 366 (1984) ................................................................................8

Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League,
     726 F.2d 1381 (9th Cir. 1984) .........................................................................17

Manetti-Farrow, Inc. v. Gucci America, Inc.,
     858 F.2d 509 (9th Cir. 1988) ..............................................................6, 10, 11

Maryland Cas. Co. v. Knight,
     96 F.3d 1284 (9th Cir. 1996) ...........................................................................13

McGill v. Hill,
     31 Wash. App. 542 (1982) ...............................................................................10

Medtronic, Inc. v. Advanced Bionics Corp.,
     29 Cal. 4th 697 (2002) ...............................................................1, 11, 12, 16, 17

Murphy v. Schneider Nat'l, Inc.,
     362 F.3d 1133 (9th Cir. 2004) ...........................................................................6

Perry v. Moran,
     109 Wash. 2d 691 (1987)....................................................................................8

Schmitt v. JD Edwards World Solutions Co.,
     2001 U.S. Dist. LEXIS 7089 (N.D. Cal. 2001) ..............................................15

Sec. Investor Protection Corp. v. Vigman,
     764 F.2d 1309 (9th Cir. 1985) .........................................................................18

Starbuck v. San Francisco,
     556 F.2d 450 (9th Cir. 1977) ...........................................................................16

Stewart Org., Inc. v. Ricoh Corp.,
     487 U.S. 22 (1988)......................................................................................18, 19

TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.,
     915 F.2d 1351 (9th Cir. 1990) .........................................................................11

Thompson v. Impaxx, Inc.,
     113 Cal. App. 4th 1425 (2003) ...........................................................................9

iv.

TAYLOR & CO.
LAW OFFICES, INC.

Whyte v. Schlage Lock Co.,
　　101 Cal. App. 4th 1443 (2002) ...............................................................................9

Wilton v. Seven Falls Co.,
　　515 U.S. 277 (1995)...................................................................................13, 14

**STATUTES**

28 U.S.C. section 1391(a)(1) and (2).....................................................................6

28 U.S.C. section 1404(a) ..................................................................17, 18, 19

28 U.S.C. section 1406(a) .......................................................................................6

California Business and Professions Code section 16600 ................................ Passim

Federal Rule of Civil Procedure 12(b)(3) ...........................................................6

**OTHER AUTHORITIES**

Gibson, Ronald, <u>A Legal Infrastructure of High Technology Industrial
　　Districts: Silicon Valley, Route 128, and Covenants Not to Compete,</u>
　　74 N.Y.U. L.Rev. 575 (1999) ...........................................................................8

Judge William W Schwarzer, et al., <u>California Practice Guide: Federal Civil Procedure Before Trial,</u>

　　Section 10:53 ...................................................................................................13

　　Section 4:760 ...................................................................................................18

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

TAYLOR & CO.
LAW OFFICES, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## I.  **INTRODUCTION**

2      Google Inc. ("Google") and Dr. Kai-Fu Lee ("Dr. Lee") ask this Court to declare that the

3 covenant not to compete contained in Dr. Lee's employment agreement with Microsoft Corporation

4 ("Microsoft") is unenforceable under California law -- regardless whether it would be enforceable

5 under Washington law's "reasonableness" test.  Microsoft asks the Court to dismiss, transfer or stay

6 this action.  Google and Dr. Lee, both citizens of California, properly invoked the jurisdiction of the

7 California courts to decide their claims in California.  If this Court, as a federal court in California

8 exercising diversity jurisdiction, declines to adjudicate plaintiffs' claims, no court will.  Google and

9 Dr. Lee are entitled to have their rights determined by this Court, and they respectfully submit

10 Microsoft's Motion to Dismiss, Transfer or Stay ("Microsoft's Motion" or "Motion") must be denied.

11      Microsoft makes three arguments in moving to dismiss, transfer or stay this action:  (1) that the

12 Court should dismiss this case for improper venue, based on the Washington forum selection clause in

13 the employment agreement at issue; (2) that the Court should not exercise its jurisdiction over

14 plaintiffs' declaratory relief claim based on the pendency of a supposedly "parallel" proceeding in

15 Washington state court; or (3) that the Court should transfer the case to a Washington federal court for

16 the sake of convenience.  The Court should reject each of these arguments, for the following reasons:

17      • First, a court cannot enforce a forum selection clause that violates the public policy of the
18        forum in which the court sits.  The Washington forum selection clause here violates
          California's public policy against non-competes, and therefore should not be enforced;

19      • Second, the California Supreme Court held in Medtronic, Inc. v. Advanced Bionics Corp.,
20        29 Cal. 4th 697 (2002), that two declaratory relief actions in different states, involving the
          same dispute over a non-compete but applying different state laws, must be allowed to
21        proceed in parallel.  The result should be no different here just because Microsoft removed
          this diversity case to federal court;
22

23      • Third, Microsoft has not met its burden of showing, in light of the substantial deference
          courts must pay to plaintiffs' choice of forum, that the balance of conveniences and the
24        interests of justice require the Court to transfer this case to a Washington federal court.

25      It also bears noting that this is not, as Microsoft suggests, an effort ("thinly-veiled" or

26 otherwise) to "usurp this case from the State of Washington."  The case in the Washington state court

27 is moving forward.  Indeed, the proceedings in Washington have made even clearer the difference

28

1.

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS,
TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

between what is being adjudicated there and what is before this Court:  in Washington non-competes are enforceable if "reasonable"; in California they are unenforceable.  Moreover, Microsoft's contention that this is not an appropriate case for <u>federal</u> declaratory relief is curious, given that Microsoft itself removed this declaratory relief action from state to federal court.  Likewise, Microsoft's argument that Google's and Dr. Lee's action is simultaneously "preemptive" and "reactive" -- besides being internally contradictory -- is beside the point.  Rather, all plaintiffs have done here is file a declaratory relief case in California state court seeking a determination of their rights under California law, which the California Supreme Court says is an appropriate course of action. Microsoft should not now be able to deprive Dr. Lee and Google of the protections of California law by removing the case to federal court.

For all these reasons, the Court should deny Microsoft's Motion.

## II.   <u>RELEVANT FACTUAL BACKGROUND</u>

### A.   **PLAINTIFFS ASKS THIS COURT TO DECLARE MICROSOFT'S COVENANT NOT TO COMPETE <u>UNENFORCEABLE *UNDER CALIFORNIA LAW*</u>**

Dr. Lee signed the employment agreement at issue in this case ("Microsoft Employment Agreement") on August 8, 2000.[1]  (Declaration of Kai-Fu Lee In Support of Motion by Plaintiffs Google Inc. and Kai-Fu Lee for Summary Judgment ("Lee Decl."), ¶ 2, <u>Exh. A</u>.) (ECF-CAND Docket No. 17.)[2]  One of the provisions in the form agreement is a covenant not to compete ("Covenant Not to Compete"), which provides as follows:

> While employed at MICROSOFT and for a period of one year thereafter, I will not: (a) accept employment or engage in activities competitive with products, services or projects (including actual or demonstrably anticipated research or development) on which I worked or about which I learned confidential or proprietary information or trade secrets while

---

[1] At issue in this motion is <u>not</u> the scope of Dr. Lee's job responsibilities at Microsoft, or his current or anticipated responsibilities at Google.  Rather, the only facts the Court need consider -- which are also set forth in Google's and Dr. Lee's Motion for Summary Judgment, to be heard concurrently with Microsoft's Motion -- are the terms of the agreement at issue and the parties' connections to California.

[2] For the Court's convenience, plaintiffs are re-submitting courtesy copies of the declarations they previously filed with their Motion for Summary Judgment, and upon which they also rely in opposition to Microsoft's Motion.

TAYLOR & CO.
LAW OFFICES, INC.

employed at MICROSOFT. . . .  If during or after my employment with MICROSOFT I seek work elsewhere, I will provide a copy of this Agreement to any persons or entities by whom I am seeking to be hired before accepting employment with or engagement by them.

(Lee Decl., ¶ 2; <u>Exh. A</u>.)  The Microsoft Employment Agreement also contains a Washington choice of law provision and a forum selection clause identifying King County, Washington.  (Lee Decl., ¶ 2, <u>Exh. A</u>.)  Google is <u>not</u> a signatory to the Microsoft Employment Agreement.  (Lee Decl., <u>Exh. A</u>.)

In May 2005, Dr. Lee approached Google regarding a possible position of employment. Google and Dr. Lee proceeded to negotiate the terms of Dr. Lee's employment.  These negotiations ultimately resulted in Google's offering Dr. Lee a position as Vice President, Engineering.  On July 18, 2005, Dr. Lee resigned from his at-will employment with Microsoft.  Dr. Lee thereafter accepted Google's employment offer on July 19, 2005.  Dr. Lee arrived in California and began working at Google's world headquarters in Mountain View on that date.  (Lee Decl., ¶¶ 4 and 6.)

Dr. Lee and Google filed the present action in the Superior Court for Santa Clara County on July 21, 2005, asserting a single cause of action for declaratory relief.  (Declaration of Stephen E. Taylor In Support of Motion by Plaintiffs Google Inc. and Kai-Fu Lee for Summary Judgment ("Taylor Decl."), ¶ 3.) (ECF-CAND Docket No. 16.)  Microsoft removed this case to federal court on July 29, 2005.  In this case, plaintiffs seek a declaration that the Covenant Not to Compete is void and unenforceable pursuant to well-established California law and public policy.  Microsoft has conceded that Dr. Lee is a California citizen, having removed this case to federal court on diversity of citizenship grounds.

**B.   MICROSOFT SUED DR. LEE AND GOOGLE
       IN WASHINGTON STATE COURT, SEEKING
       TO ENFORCE THE COVENANT NOT TO
       COMPETE *UNDER WASHINGTON LAW*___**

Minutes after Dr. Lee tendered his resignation to his supervisor at Microsoft to begin his employment with Google in California, Microsoft served Dr. Lee with a complaint against him and Google that Microsoft filed in the Superior Court of the State of Washington in and for King County

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

(the "Washington action"). [3]  In the Washington action, Microsoft seeks to enforce the Covenant Not to Compete, based on the argument that the provision is "reasonable" under Washington law.

The Washington state court initially issued a Temporary Restraining Order ("TRO") against Google and Dr. Lee on July 28, 2005, and then held a preliminary injunction hearing on September 6 and 7, 2005.  The Washington court issued a preliminary injunction on September 13, 2005 (the "Preliminary Injunction").  In the Preliminary Injunction, the Court explained that covenants not to compete <u>are enforceable</u> in Washington, unlike in California:  "It is well established in Washington that covenants not to compete upon termination of employment are enforceable if they are reasonable." (Declaration of Stacey L. Wexler in Support of Plaintiffs Google Inc.'s and Kai-Fu Lee's Opposition to Microsoft's Motion to Dismiss, Transfer or Stay ("Wexler Decl."), ¶ 2, <u>Exh. A</u>, p. 1:23-25.)

Under the Preliminary Injunction, Dr. Lee is enjoined -- until trial in the Washington action -- from "accepting employment competitive with or engaging in any activities competitive with any product, service or project (including actual or demonstrably anticipated research or development) on which he worked or about which he learned confidential or proprietary information or trade secrets while employed at Microsoft." (Wexler Decl., ¶ 2, <u>Exh. A</u>, pp. 11:23-12:2.)  Google is likewise enjoined from "employing Dr. Lee or otherwise engaging him in any activities competitive with" those listed above.  (Wexler Decl., ¶ 2, <u>Exh. A</u>, p. 12:8-16.)[4]

**C.  THE PARTIES ALL HAVE CLOSE <u>RELATIONSHIPS TO CALIFORNIA</u>**

**1.  <u>Google</u>**

Google was formed in the Silicon Valley in 1998, and has its world headquarters in Mountain View, California.  More than 2,500 people -- approximately two-thirds of Google's workforce worldwide -- are employed by Google within the State of California.  Google's two founders, its Chief Executive Officer, and all of Google's other senior executive officers work out of Google's Mountain

---

[3] Microsoft sent Google the complaint even earlier, before Dr. Lee had tendered his resignation.

[4] Pursuant to the Washington court's order, Dr. Lee is allowed to "engage in recruiting activities relating to Google's planned research and development facility in China pending trial . . . provided Dr. Lee does not recruit from Microsoft or use any confidential information from Microsoft."  (Wexler Decl., ¶ 2, <u>Exh. A</u>, p. 9:10-16.)

4.

TAYLOR & CO.
LAW OFFICES, INC.

View facility, the same location where Dr. Lee was working before the TRO issued.  Google executives who are based outside of Mountain View consult on a daily basis with Google's senior executives in California on key decisions.  Other Google employees not based in California regularly collaborate, often in real time, with Mountain View employees using a variety of methods, including electronic messaging and video conferences.  (Declaration of Alan Ku In Support of Motion by Plaintiffs Google Inc. and Kai-Fu Lee for Summary Judgment ("Ku Decl."), ¶¶ 2 and 4.)  (ECF-CAND Docket No. 18.)

Originally incorporated in California, Google was re-incorporated in Delaware in August 2003, but has always maintained its principal place of business in Northern California.  The company went public on August 19, 2004.  In June 2005, The San Francisco Business Times listed Google as the 32nd largest publicly traded company in the Greater Bay Area, and ranked Google first among Bay Area companies with the largest initial public offerings in 2004.  In April 2005, The San Jose Mercury News ranked Google 19th among the top 150 public companies in Silicon Valley.  (Ku Decl., ¶ 2; Exh. A.)

### 2.   Dr. Kai-Fu Lee

Prior to working for Microsoft, Dr. Lee worked for two of Silicon Valley's leading companies -- Silicon Graphics, Inc. in Mountain View, and Apple Computer, Inc. in Cupertino.  (Lee Decl., ¶ 3.)

On July 19, 2005, Dr. Lee began working at Google's Mountain View, California facility.  (Lee Decl., ¶ 4.)  Dr. Lee's employment with Google, as confirmed in his offer letter, is governed by California law.  (Ku Decl., ¶ 5.)

Dr. Lee lives in Palo Alto, California and his office is located at Google's Mountain View campus.  (Lee Decl., ¶ 6.)  He has two California mailing addresses, one for personal mail and another for business mail.  (Lee Decl., ¶ 6.)  He also has personal and business telephone numbers with Santa Clara County area codes.  Dr. Lee has obtained a California driver's license and has registered to vote in California.  (Lee Decl., ¶ 6.)  Dr. Lee has already begun paying California state income taxes, including tax on a signing bonus he received from Google.  (Lee Decl., ¶ 6.)

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

Dr. Lee is expected to become a Google employee on overseas assignment in China; however, California state income taxes will continue to be withheld from his compensation during that time. (Lee Decl., ¶ 8.)  While he is in China, Dr. Lee will be in regular communication with senior management at Google's Mountain View, California headquarters.  (Lee Decl., ¶ 8.)  He also will travel to and work at Google's Mountain View facility on a regular basis.  (Lee Decl., ¶ 8.)

### 3.   Microsoft

Microsoft likewise has a significant presence in California, with California offices in at least Sacramento, San Francisco, Mountain View, Santa Monica, Irvine and San Diego.  (Taylor Decl., ¶ 6, Exh. D.)

## III.  ARGUMENT

### A.   THE COURT SHOULD DISREGARD MICROSOFT'S FORUM SELECTION CLAUSE BECAUSE ITS ENFORCEMENT WOULD CONTRAVENE CALIFORNIA'S STRONG PUBLIC POLICY AGAINST NON-COMPETES

This Court is an appropriate venue for this action under 28 U.S.C. section 1391(a)(1) because Microsoft is subject to personal jurisdiction in this district.  Alternatively, venue is proper because "a substantial part of the events or omissions" on which plaintiffs' claims are based occurred in this district.  28 U.S.C. section 1391(a)(2).  Nevertheless, Microsoft moves to transfer based on "improper venue" pursuant to 28 U.S.C. section 1406(a), based solely on the forum selection clause contained in the Microsoft Employment Agreement.[5]

The parties agree that a federal court in a diversity case applies federal law to determine the enforceability of a forum selection clause, as follows: [6]

- The first step in the analysis is for a court to presume that the forum selection clause is prima facie valid;

---

[5]  A motion to dismiss premised on the enforcement of a forum selection clause is treated as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3).  Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).  As a result, "in the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party."  Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004).

[6]  See Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988).

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

TAYLOR & CO.
LAW OFFICES, INC.

- The second step is to consider whether the party challenging the clause can show that "enforcement was unreasonable and unjust, or that the clause was invalid for reasons of fraud or overreaching."  Microsoft's Motion at p. 5:3-6.  If the party challenging the clause can make this showing, the court must decline to enforce the forum selection clause;

- One circumstance under which a forum selection clause is "unreasonable," such that it <u>should not be enforced</u>, is where enforcement of the clause would contravene a strong public policy <u>of the forum in which the action is brought</u>.  <u>See</u> <u>Argueta</u>, 87 F.3d at 325.

Here, the public policy exception applies.  The strong California public policy in favor of employee mobility, and against covenants not to compete, compels the conclusion that the forum selection clause in the Microsoft Employment Agreement should not be enforced, and that this Court should adjudicate this case.[7]

## 1.   California Has a Strong Public Policy Against Covenants Not to Compete And Washington Does Not

There can be no dispute that California's public policy against covenants not to compete, and in favor of employee mobility, is a strong, fundamental policy of this state.  <u>See</u> <u>Hill Med. Corp. v. Wycoff</u>, 86 Cal. App. 4th 895, 900-01 (2001).  Since 1872, with the enactment of the predecessor statute to Business and Professions Code section 16600 ("Section 16600"), California has had an express public policy of ensuring free movement of employees unencumbered by post-employment restrictions.  Section 16600 provides, in pertinent part, that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."  Thus, in California, "[t]he interests of the employee in his own mobility and betterment are deemed paramount to the competitive business interests of the employer, where neither the employee nor his new employer has committed any illegal act accompanying the employment change."  <u>Application Group, Inc. v. Hunter Group, Inc.</u>, 61 Cal. App. 4th 881, 900 (1998) (quoting <u>Diodes Inc. v. Franzen</u>, 260 Cal. App. 2d 244, 255 (1968)).  Moreover, by promoting employee mobility, California's policy against non-competes also helps to ensure that California employers are able to remain competitive,

---

[7] Plaintiffs note that, while they are not relying on the argument that the forum selection clause at issue was the result of "fraud, undue influence, or overweening bargaining power," the statement that Dr. Lee "negotiated" his employment agreement is disputed.

TAYLOR & CO.
LAW OFFICES, INC.

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

"regardless of the person's state of residence or precise degree of involvement in California projects." Application Group, 61 Cal. App. 4th at 900-01. Indeed, California's policy against non-competes has been credited as a major reason for the success of the Silicon Valley. Ronald Gilson, A Legal Infrastructure of High Technology Industrial Districts: Silicon Valley, Route 128, and Covenants Not to Compete, 74 N.Y.U. L.Rev. 575, 578 (1999).

Washington law treats covenants not to compete very differently: it allows for enforcement of non-compete clauses if they are found to be reasonable. See Perry v. Moran, 109 Wash. 2d 691, 698 (1987); see also Wexler Decl., ¶ 2, Exh. A, p. 1:24-25 (citing Knight, Vale & Gregory v. McDaniel, 37 Wash. App. 366 (1984)). Microsoft's own characterization of how Washington law would apply to this case is telling. In its motion for a temporary restraining order in the Washington litigation ("TRO Motion"), Microsoft stated "Dr. Lee's promises not to compete give Microsoft a legal right that is clearly enforceable under Washington law." (Taylor Decl., ¶ 4, Exh. B, p. 7:21-23.)

Because Washington law permits "reasonable" covenants and California law does not, the application of Washington law to this case in a Washington forum would contravene California's well-established public policy. California steadfastly adheres to its fundamental public policy, notwithstanding that other states, such as Washington, hold a differing view. See, e.g., Hill Med. Corp., 86 Cal. App. 4th at 900-01. Long ago, California expressly rejected the "reasonableness" test that is used in Washington. Id. This fundamental difference between California and Washington law on the enforceability of non-competes is dispositive of the forum selection issue. If the Court were to grant Microsoft's motion to dismiss based on the forum selection clause, these plaintiffs likely would never have the opportunity to have their claims decided under California law. Because enforcement of the forum selection clause in the Microsoft Employment Agreement would contravene a strong public policy of the forum in which plaintiffs brought this case, the Court should decline to enforce it. See Argueta, 87 F.3d at 325.

Microsoft argues, however, that the Covenant Not to Compete at issue here is enforceable under California law, on the theory that "non-compete clauses are valid so long as they do not 'completely restrain' one from pursuing one's profession," citing Int'l Bus. Mach. Corp. v. Bajorek,

8.

TAYLOR & CO.
LAW OFFICES, INC.

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY: CASE NO. CV 05-03095 (RMW)

191 F.3d 1033, 1040 (9th Cir. 1999) and Gen'l Commercial Packaging, Inc. v. TPS Package Eng'g, Inc., 126 F.3d 1131, 1133 (9th Cir. 1997).  As discussed in more detail in plaintiffs' Motion for Summary Judgment, California courts steadfastly hold that California law bars any covenant that restrains an employee from engaging in a lawful profession.  See Google's and Dr. Lee's Motion for Summary Judgment at section III.B, which is incorporated by reference herein, and cases cited therein.  Recent decisions confirm the continuing vitality of California's law and policy against any contractual restraints on an employee competing with his former employer.  See, e.g., Thompson v. Impaxx, Inc., 113 Cal. App. 4th 1425, 1428-29 (2003) (reversing trial court, which had found a covenant not to compete enforceable because it was "narrowly drawn and meant to protect the [employer's] legitimate proprietary interest[s]"); Whyte v. Schlage Lock Co., 101 Cal. App. 4th 1443, 1463 (2002) (declining to impose a covenant not to compete, "however restricted in scope," by adopting the inevitable disclosure doctrine); D'Sa v. Playhut, Inc., 85 Cal. App. 4th 927, 932, 934-35 (2000) (refusing to construe a covenant not to compete as a "narrow restraint" and holding that defendant's termination of plaintiff for refusing to sign the "illegal covenant" was contrary to California law and policy).

In this diversity case, these California decisions control the issue of California law raised by plaintiffs' complaint.  Neither Bajorek nor Gen'l Commercial Packaging militates in favor of a different result.[8]  In fact, neither of those cases involved the enforceability of a covenant in an employment agreement, and neither case conflicts with the well established rule in California that covenants not to compete in employment agreements are unenforceable.  Here -- where Microsoft seeks to prohibit an individual employee from working for one year in any area competitive with anything he had been doing, or anything to which he had been exposed, while a Vice President at Microsoft -- nothing in the Ninth Circuit decisions regarding Section 16600 can be read to contradict

---

[8] In Bajorek, the plaintiff was not restrained from engaging in his profession; rather, he had several options, including forfeiting certain stock options and going to work for a competitor immediately.  And Gen'l Commerical Packaging did not even involve an individual.  Instead, it addressed a subcontracting agreement between two companies, by which the subcontractor was restrained only from working with customers to whom the general contractor introduced it, and not from working with any other customer with whom it had a prior relationship.

TAYLOR & CO.
LAW OFFICES, INC.

1  California's black-letter law that non-competition provisions in employment contracts are

2  unenforceable.

3         Finally, Microsoft's suggestion that it can circumvent California public policy simply by

4  including a Washington choice-of-law provision in its employment agreement is wrong.  First, and

5  foremost, the outcome of the choice-of-law analysis is dependent on the choice of forum that is

6  undertaking the analysis.  In deciding a choice-of-law question, both California and Washington look

7  to whether the chosen law would violate a fundamental public policy of the <u>forum</u> state.  <u>See</u>

8  <u>Application Group</u>, 61 Cal. App. 4th at 896; <u>McGill v. Hill</u>, 31 Wash. App. 542, 547 (1982).  Thus, in

9  this case a Washington court would likely come to the conclusion that Washington law applies,

10 because Washington's public policy is not necessarily offended by non-competes.  A California court,

11 on the other hand, would override the choice of Washington law based on the same California public

12 policy reasons that make the forum selection clause unenforceable.  <u>See</u> <u>Application Group</u>, 61 Cal.

13 App. 4th at 896-97; <u>see also</u> Google's and Dr. Lee's Motion for Summary Judgment at section III.A.

14 Thus, even if Microsoft is correct that Washington courts apply the same <u>choice-of-law rules</u> (in the

15 abstract) as California courts, that is not the relevant inquiry because the rules would lead to different

16 outcomes in light of the <u>different public policies</u> of the two states.  The real question here is not

17 whether the two states have the same choice-of-law rules, but whether application of Washington's law

18 regarding enforcement of non-competes would violate California's strong public policy against such

19 provisions, which it would.

20         **2.    Google is Neither a Signatory to Nor a Beneficiary**
21              **of The Microsoft Employment Agreement, And it**
              **Cannot be Bound by The Forum Selection Clause**
22              **Contained in That Agreement**

23         Even if the forum selection clause could be enforced against Dr. Lee, it cannot be enforced

24 against Google.  Contrary to Microsoft's argument, forum selection clauses do not apply to all parties

25 "related" in any way to the parties to the agreement.  Rather, as explained in the case cited by

26 Microsoft on this point, <u>Manetti-Farrow</u>, 858 F.2d at 514, a forum selection clause is only enforced

27 against a non-signatory where the non-signatory is a beneficiary of the agreement.  For instance, in

28

TAYLOR & CO.
LAW OFFICES, INC.

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS,
TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

Manetti-Farrow, the court held that a Gucci sister company that had twice signed a separate Consent and Ratification Agreement consenting to the contract containing the forum selection clause, as well as other companies in the Gucci family, were bound by that clause.  Id.; see also TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc., 915 F.2d 1351, 1354 (9th Cir. 1990) (holding that "a forum selection clause can restrict a third-party beneficiary to the designated forum") (emphasis added); Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc., 949 F. Supp. 1427, 1434 (N.D. Cal. 1997) (noting that "a range of transaction participants, parties and non-parties, should benefit from and be subject to the forum selection clause," and holding that the corporate successor to the signatory party was bound by the forum selection clause) (emphasis added).  Here, Microsoft seeks to bind Google -- a non-party to the contract, and anything but a beneficiary of it -- to a forum selection clause to which it never agreed.  The law does not allow it to do so.

**B.    THE COURT SHOULD EXERCISE ITS DISCRETION TO RETAIN JURISDICTION AND DECIDE THIS DECLARATORY RELIEF ACTION**

**1.    Plaintiffs Properly Seek Declaratory Relief to Enforce California's Public Policy, Which is Significantly Different From That of Washington**

What is being litigated before this Court is whether Microsoft's Covenant Not to Compete is invalid under California law.  No other court, state or federal, is currently deciding that.  If this Court does not exercise jurisdiction over plaintiffs' claims, they will never be resolved.  Nevertheless, Microsoft argues that this Court should decline to exercise jurisdiction over this declaratory relief action based on the pendency of an allegedly "parallel proceeding" in Washington state court.  There are several flaws in Microsoft's argument.

First, the California Supreme Court, in Medtronic, 29 Cal. 4th at 706, expressly addressed the issue whether two cases pending in courts in different states, but involving the same dispute over a non-compete, should proceed simultaneously.  The California Supreme Court concluded that allowing both proceedings to go forward in parallel was the appropriate course of action.  Id. at 707-08.  In this diversity case, the Court should reach the same result as the California Supreme Court did on this issue.

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

TAYLOR & CO.
LAW OFFICES, INC.

1        Microsoft, however, cites <u>Golden Eagle Ins. Co. v. Travelers Cas.</u>, 103 F.3d 750 (9th Cir. 1996)

2 (overruled on other grounds), for the proposition that the exercise of discretion under the Declaratory

3 Judgment Act is procedural, not substantive, and is thus governed by federal law in this Court.

4 Microsoft's Motion at p. 8 n.4.  But the court's reason for that determination in <u>Golden Eagle</u>

5 highlights the critical difference in this case.  The <u>Golden Eagle</u> opinion stated that federal law applied

6 "[b]ecause the . . . issue involves only a choice of forum."  <u>Id.</u> at 753.  Here, though, the issue is

7 whether plaintiffs <u>will have a forum at all</u> to consider their claims under California law.  By framing

8 the issue as "only a choice of forum," the <u>Golden Eagle</u> court necessarily assumed the same law would

9 apply in both the state court and federal court proceedings.  That is not true in this case; thus the

10 question whether to retain jurisdiction over plaintiffs' declaratory relief claim implicates substantive

11 California law, and state law (i.e., <u>Medtronic</u>) should govern.

12        Second, Microsoft's argument that plaintiffs are "already actively litigating these same issues

13 in another court" is incorrect.  Microsoft's Motion at p. 8:10-12.  Contrary to Microsoft's allegation,

14 plaintiffs' declaratory relief claim cannot be "fully and fairly litigated" in the Washington action,

15 because Washington's law and public policies differ significantly from California's.  Consequently,

16 even if federal law does apply to the Court's exercise of discretion to hear plaintiffs' declaratory relief

17 claims, the Court should decline Microsoft's invitation to dismiss this case in deference to the

18 Washington state court because there is no truly "parallel" proceeding in Washington.

19        Third, when considering whether to retain jurisdiction, the Court should reject Microsoft's

20 accusation of forum shopping by plaintiffs.  Plaintiffs filed this action in Santa Clara County,

21 California, where both Google and Dr. Lee reside.  Microsoft itself removed this case from state to

22 federal court, then promptly moved to dismiss it as an improper federal declaratory relief action.

23 Moreover, retaining jurisdiction of this action will advance, rather than interfere with, resolution of the

24 ///

25 ///

26 ///

27 ///

28

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

TAYLOR & CO.
LAW OFFICES, INC.

entire dispute, as this case -- unlike the Washington state court case -- can be resolved early at the summary judgment stage without further discovery.[9]

### 2. Even if Federal Law Applies, The Court Must Consider a Number of Factors Under The *Brillhart* Test, The Balancing of Which Weighs in Favor of Retaining Jurisdiction

Contrary to Microsoft's contention, there is no presumption under federal law of abstention in declaratory actions, nor is abstention required just because there is a pending state court proceeding involving the same issues and parties. See Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998); see also Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991) ("The pendency of a state court action, however, does not of itself require a district court to refuse declaratory relief in federal court."). Instead, the Declaratory Judgment Act vests district courts with great discretion. See Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).[10]

The United States Supreme Court, in Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942), provided the framework for deciding under federal law whether to exercise jurisdiction over a federal declaratory relief claim. The Supreme Court held that a district court must evaluate, at its discretion, a number of non-exclusive factors, such as "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." Id. at 495. Other factors to be considered include: (1) whether the federal suit presents a question distinct from issues raised in the state court proceeding; (2) whether the federal litigation has advanced procedurally to the point where declining jurisdiction would waste judicial resources; and (3) whether the federal court is best able to resolve the entire controversy expeditiously. See Judge William W Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial at § 10:53. As the Court noted in Brillhart, "this may entail inquiry into

---

[9] "[I]t is essentially a pure question of law whether [the out-of-state employer's] covenant not to compete is enforceable when invoked to prevent a California-based competitor from soliciting or recruiting a current or former [employee of the out-of-state employer] for employment in California." Application Group, 61 Cal. App. 4th at 893 n.6.

[10] Microsoft also relies on Maryland Cas. Co. v. Knight, 96 F.3d 1284, 1288 (9th Cir. 1996), for the proposition that jurisdiction is unjustified here. See Microsoft's Motion at pp. 9:20-22, 12:12-15. In that case, though, the court decided to retain jurisdiction.

13.

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

the scope of the pending state court proceeding and the nature of defenses open there . . . [and] whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." Brillhart, 316 U.S. at 495.  Significantly, in Brillhart and its progeny, there was an underlying assumption that the state court in which the parallel proceeding was pending would be deciding the matter under the same state law as the federal court.  Id.[11]  That alone materially distinguishes the present situation.

### 3. Because The California And Washington Actions Are Not Parallel, Jurisdiction is Warranted in This Court

A presumption that suits should be heard in state court applies only where the federal and state actions are truly parallel and the same state law governs.  See Dizol, 133 F.3d at 1224.  Here, there is no action "encompassing [plaintiff's] claims" under California law that is "pending in the court of another state."  Microsoft's Motion at p. 11:21-22.  While plaintiffs do not contend that the Washington state court forum is inadequate as a matter of competency, it is inadequate to protect plaintiffs' separate and independent rights under California law.  As demonstrated in its preliminary injunction against Dr. Lee, a Washington court will not consider any issues of California public policy in reviewing covenants not to compete, and instead will apply a "reasonableness" analysis.

Thus, while some of the underlying facts in the Washington action and this action are similar, Google's and Dr. Lee's declaratory relief action is proper because their claims that the Covenant Not to Compete is unenforceable under California law and public policy are not parallel to those being litigated in Washington.[12]  What is pending before this Court thus does not involve "the same state law issues . . . pending in state court."  Wilton, 515 U.S. at 283 (citing Brillhart, 316 U.S. at 495).

---

[11] Moreover, Brillhart involved an insurance coverage dispute, as do almost all the cases on this issue in the Ninth Circuit.  See, e.g., Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir. 1991).  These cases, unlike the present case, implicate unique issues relating to the duties of insurance companies to their insureds, and state regulation of those companies for the protection of the insureds.  Id.

[12] Plaintiffs acknowledge that some cases say that it is "enough that the state proceedings arise from the same factual circumstances."  See Golden Eagle Ins. Co., 103 F.3d at 755 (overruled on other grounds) (citation omitted).  Those cases, however, involved the law of the same state being applied in both the federal and state proceedings.  In Golden Eagle, the Ninth Circuit suggested than an appropriate course of action could have been to remand to the district court with instructions to remand to the state court from which the case had been removed.  See id. at 756; see also Dizol, 133 F.3d at 1224 (discussing remand to state court); Cont'l Cas., 947 F.2d 1368-69 (United States District Court for the Central District of California considering effect of "parallel" proceeding in Los Angeles Superior Court).

14.

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

1    Accordingly, this Court should retain jurisdiction to decide this matter on the merits under California

2    law.

3          The district court case on which Microsoft relies heavily, DeFeo v. Procter & Gamble Co., 831

4    F. Supp. 776, 777 (N.D. Cal. 1993), is both distinguishable from and no longer applicable to the

5    present circumstances.  In DeFeo, the court (Hon. Stanley A. Weigel presiding) stated, as a threshold

6    matter, that all parties had agreed that the two actions presented "the very same issue."[13]  Here, the

7    employment restrictions at issue would be, and already have been, treated differently in the respective

8    courts.  This case is far from the "mirror image" of the Washington action, in which the question being

9    decided under Washington law is whether the Covenant Not to Compete is "reasonable."  See DeFeo,

10   831 F. Supp. at 778.  In addition, in this case, unlike DeFeo, Google and Dr. Lee did not invoke the

11   Declaratory Judgment Act "to deprive a plaintiff of his conventional choice of forum and timing,

12   precipitating a disorderly race to the courthouse."  Id.  Rather than racing to the courthouse in order to

13   file a complaint before Microsoft could, as was the case in DeFeo, Google and Dr. Lee filed this action

14   when it became apparent their rights under California law could not be adjudicated in the Washington

15   action filed by Microsoft.  Moreover, unlike in DeFeo, it is not appropriate to "anticipate that all the

16   issues presented in this case will be fully resolved in the [other state's] suit."  Id. at 780 n.13.

17         Most significantly, DeFeo was decided prior to two recent, instructive cases addressing

18   California public policy regarding covenants not to compete.  Consequently, the court's statement in

19   DeFeo that "[t]here is a similar policy towards declaratory relief in California state courts," 831 F.

20   Supp. at 779, no longer holds true in cases like this one involving covenants not to compete.  First, in

21   Application Group, 61 Cal. App. 4th at 900-01, discussed above, the California Court of Appeal

22   described California's overriding interest in having non-compete cases involving employees of

23   California employers decided under California law, in a California forum.  It is now clear that

24   California law considers a California employer's interests in hiring the individuals it wants to hire to be

25   critical, and dictates that those interests cannot simply be dismissed, as they were in DeFeo.  Second,

---

26

27   [13]  The parties also agreed the actions were virtually identical in Schmitt v. JD Edwards World Solutions Co.,
     2001 U.S. Dist. LEXIS 7089, *2 (N.D. Cal. 2001), which Microsoft improperly cites in violation of Northern
28   District Civil Local Rule 3-4(e).

TAYLOR & CO.
LAW OFFICES, INC.

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS,
TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

1   in <u>Medtronic</u>, 29 Cal. 4th at 706, also discussed above, the California Supreme Court was faced with

2   actions pending in Minnesota and California involving the question whether a Minnesota employer's

3   non-compete, signed by a Minnesota employee who had accepted employment with a California

4   company, was enforceable.  After "agree[ing] that California has a strong interest in protecting its

5   employees from noncompetition agreements under section 16600," <u>id.</u> at 706, the California Supreme

6   Court held, based on sovereignty and comity concerns, <u>that parallel actions in Minnesota and</u>

7   <u>California courts should both be allowed to proceed, despite the potential for conflicting judgments</u>.

8   <u>See id.</u> at 707-08.  Thus, California non-compete law, while unflaggingly protective of the rights of

9   California employers and employees, also allows for parallel actions to proceed.  The result should be

10  the same here because this is a diversity case.  It would be "unfair for the character or result of

11  litigation materially to differ because the suit had been brought in federal court [rather than state

12  court]."  <u>Hannah v. Plumer</u>, 380 U.S. 460, 467 (1965) (citing the <u>Erie</u> doctrine).[14]

13         Against this legal landscape, the <u>DeFeo</u> court's failure even to consider California's public

14  policy concerns, other than simply dismissing them in a footnote without any analysis, renders that

15  opinion of limited value in this case.  <u>DeFeo</u>, 831 F. Supp. at 778 n.5.  In any event, <u>DeFeo</u> is not

16  binding precedent on this Court.  <u>See, e.g.</u>, <u>Starbuck v. San Francisco</u>, 556 F.2d 450, 457 (9th Cir.

17  1977) (stare decisis does not compel one district court judge to follow the decision of another).

18         **4.   Public Policy Factors Strongly Favor Retaining**
           **Jurisdiction Over This Declaratory Judgment Action**

19

20         Microsoft never addresses in its Motion the overriding public policy factors applicable to this

21  declaratory action, save to assert that Google is seeking to gain a "tactical advantage."  Microsoft's

22  Motion at p. 11:18.  Seeking a determination that California law applies to a California resident

23  working for a California company, and that California will not enforce out-of-state covenants not to

24  compete, is neither reactive nor forum shopping.  Under both the California Supreme Court's decision

25  in <u>Medtronic</u> and the <u>Brillhart</u> factors, plaintiffs' declaratory relief claim is appropriate, and it is

26  Microsoft that has filed its Motion to preclude any consideration of California law that would hold its

27  _____

28  [14] Of course here, plaintiffs did originally bring this case in state court, and Microsoft removed it.

16.

TAYLOR & CO.
LAW OFFICES, INC.

1  covenant not to compete void as against public policy.  If this Court declines jurisdiction, one of

2  California's major employers will be subjected to the employment laws of another state that directly

3  contravene a "<u>fundamental</u> policy of California."  <u>Application Group</u>, 61 Cal. App. 4th at 897

4  (emphasis in original).  "California has a strong interest in protecting its employees from

5  noncompetition agreements under section 16600."  <u>Medtronic</u>, 29 Cal. 4th at 706.  As discussed above,

6  in similar circumstances, the California Supreme Court held in <u>Medtronic</u> that a parallel state court

7  action did not divest California of jurisdiction, and that plaintiff remained free to litigate its California

8  action regarding whether a covenant not to compete violated California law.  <u>See</u> <u>id.</u> at 708.  The same

9  result should occur in this case.

10         In sum, California has an undeniably strong public policy of protecting its employers and

11  employees from out-of-state companies that attempt to enforce noncompetition clauses in California.

12  Accordingly, this Court should retain jurisdiction to enforce that fundamental policy.

13  **C.   THERE IS NO REASON TO TRANSFER THIS**
       **ACTION TO A WASHINGTON FEDERAL COURT**

14
       **1.   Microsoft Has Not Shown That The Balance of**
15     **Factors Favors Transfer Under 28 U.S.C. § 1404(a)**

16         In its final effort to avoid having this Court decide this case based on California law, Microsoft

17  argues the case should be transferred to a Washington federal district court for the sake of

18  "convenience."  Microsoft has the burden of making a strong showing that the convenience of the

19  parties and witnesses and the interests of justice require transfer to a Washington federal district court.

20  <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 279 (9th Cir. 1979); <u>Los Angeles</u>

21  <u>Mem'l Coliseum Comm'n v. Nat'l Football League</u>, 89 F.R.D. 497, 499 (C.D. Cal. 1981), aff'd, 726

22  F.2d 1381 (9th Cir. 1984).  Microsoft cannot meet that burden, however, and transfer is not warranted

23  under 28 U.S.C. section 1404(a).[15]

24  ///

25  ///

26

27  ─────────────────
    [15] Plaintiffs do not dispute that this action "might have been brought" in a Washington federal district court, as
    venue and jurisdiction would have been proper there, as well as here.  Microsoft's Motion at p. 13:7-8.

28
                                              17.

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS,
TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

2.  **The Ninth Circuit Requires The Court to Consider a Number of Factors in Deciding Whether to Transfer Based on "Convenience," Giving Plaintiffs' Choice of Forum Substantial Weight**

To determine whether to exercise the discretion to transfer under 28 U.S.C. section 1404(a), a district court must consider multiple factors in balancing the convenience of the parties, the convenience of the witnesses, and the interests of justice.  Such factors include:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).  While a forum-selection clause might be a "significant factor" in the transfer analysis, the presence of a forum-selection clause is not controlling.  See, e.g., Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988).  Plaintiffs' choice of forum, on the other hand, is accorded "substantial weight" in assessing a transfer request under Section 1404(a).  Thus, "[c]ourts generally will not order a transfer unless the 'convenience' and 'justice' factors enumerated above strongly favor venue elsewhere."  Schwarzer, et al. at § 4:760 (citing Sec. Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985)).  Here, plaintiffs Google and Dr. Lee both reside in California, and the Court should protect their choice of California as the forum for this dispute relating to their California-based employment relationship.

a.  **Convenience of The Parties**

As Microsoft's motion makes clear, this Court is a more convenient forum for plaintiffs, and Washington is a more convenient forum for Microsoft.  Dr. Lee is a California resident, and Google is based in Mountain View, California.  The bulk of Google's employees and officers who might testify in this case (should it go to trial) are located in California.  To the extent Dr. Lee will be traveling to China to recruit for Google, Microsoft's motion admits that Washington is no more convenient for Dr. Lee.  Microsoft, on the other hand, is based in Washington, and it contends that its pertinent employees

18.

TAYLOR & CO.
LAW OFFICES, INC.

and officers are based there as well.  Where, as here, the convenience of the parties is at most equal, the Court should not disturb plaintiffs' forum choice.

### b.  Convenience of The Witnesses

Plaintiffs contend this case can be decided on summary judgment.  On that basis, no witnesses will be inconvenienced by keeping the case in this Court.

If the case were to require testimony, as noted above, the convenience of party witnesses is equal and does not compel transfer.  Moreover, Microsoft has not established -- and has not even attempted to establish -- that a Washington forum would be more convenient for any third-party witnesses.

### c.  Interests of Justice

#### i.  The forum selection clause is one, non-dispositive factor to be considered in a 1404(a) analysis, and California's public policy concerns are entitled to at least as much weight as the forum selection clause

Microsoft relies heavily upon the forum selection clause in Dr. Lee's employment agreement in support of its transfer request.  The existence of such a provision, however, is simply another factor to be considered in the Section 1404(a) balance, and is not dispositive.  In addition, the enforceability of that clause is directly at issue in this case.

Microsoft cites Stewart, 487 U.S. at 29, to suggest that a forum selection clause is a "significant factor" in the transfer analysis.  Microsoft's Motion at p. 16:13-14.  Whatever weight is to be given a forum selection clause, however, the public policy of the forum state is of greater significance.  "A forum selection clause, however, is not dispositive." Jones, 211 F.3d at 499 n.20.  Instead, "the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." Id. at 499 (referring to a forum selection clause and denying transfer under section 1404(a) after concluding that transfer would, among other things, violate California public policy) (emphasis added).  Ninth Circuit law thus is clear that a forum selection clause is afforded no special consideration, particularly where, as here, enforcement of the clause would be contrary to the forum state's public policy.  Id.

19.

TAYLOR & CO.
LAW OFFICES, INC.

**ii.   That the contract was entered into and
performed partially in Washington is
<u>immaterial to the issue before this Court</u>**

Plaintiffs do not challenge that Dr. Lee signed his employment agreement in Washington or that he substantially performed his employment there.  The question, however, before this Court is whether a post-employment covenant not to compete, executed in Washington, can nevertheless stretch out of that state's borders to defeat a California statute that would prohibit its application in California to a California employment relationship.  In this context, the locus of the contract has no bearing on the issue of whether the challenged provisions of that contract are enforceable in California.

**iii.   Courts in California are the most
<u>familiar with the governing law</u>**

California's unique law prohibiting covenants not to compete, and its strong public policy in favor of free employee mobility, has been in place for well over a century.  California state and district courts have developed a significant body of law applying Section 16600, and federal courts in this district, because of their proximity to Silicon Valley, are particularly well informed and experienced in this area of jurisprudence unique to California.  It would be a waste of judicial resources and against the interests of justice to have a Washington district court learn the intricacies of Section 16600 when the eminently qualified courts of this district already have substantial experience on the subject.[16]

Nevertheless, Microsoft repeatedly asserts that the question before this Court is identical to the issue currently before the Washington Superior Court, and that it is thus appropriate for a Washington federal court to resolve this case.  Microsoft's Motion at pp. 14:13-15, 16:17, 17:9.  But the question in Washington is whether the covenant not to compete is enforceable under Washington's "reasonableness" standard.  Here, the covenant must be subjected to California's strict prohibitions against restraints on employment.

///

///

///

---

[16] For the reasons discussed above, and in plaintiffs' pending motion for summary judgment, the Court should not enforce the choice-of-law clause in the Microsoft Employment Agreement.

20.

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

TAYLOR & CO.
LAW OFFICES, INC.

iv.   **Plaintiffs' choice of forum is appropriate for deciding this issue, convenient for all parties, and preserves judicial economy**

Plaintiffs in this case ask a California court to decide whether a contractual term violates this State's public policy.  Contrary to Microsoft's assertions, this is purely a legal question and will not require discovery or testimony by either party.  If Microsoft believes it needs evidence and discovery before resolution of this issue, those facts in all likelihood already have been produced in the on-going Washington state action, and are readily available for use in California.

Further, with little analysis, Microsoft states that "judicial economy is best served by transferring this case to Washington."  Microsoft's Motion at p. 17:8.  Although there is a pending case in Washington Superior Court dealing with the issue of the non-compete's enforceability under Washington law, Microsoft fails to explain how transfer of this case to a Washington <u>federal district court</u> will promote efficiency, especially when the two cases present different issues.  Although proceedings before this Court are at a relatively early stage, this case has the potential to be resolved quickly, as evidenced by the filing of plaintiffs' summary judgment motion set for hearing on October 14th.

Microsoft also argues that judicial economy requires transfer because, if plaintiffs prevail in the Washington state action, the relief sought in this case would be rendered moot.  Of course, if mootness were to apply, it would apply regardless of whether this case continued in California or Washington and, as such, is a non-factor.

v.   **The parties have extensive contacts with California, and California is the best forum for this cause of action**

As already discussed, Microsoft has several offices in California.  Microsoft is well aware of California law regarding non-competes.  Prior to joining Microsoft, Dr. Lee was a California resident, and he is now again a California resident.  Google is headquartered in California.  All of the parties thus have extensive California contacts.

///

///

21.

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

**vi.   The costs of litigation in Seattle and San Jose are roughly comparable, both jurisdictions have procedures to compel testimony by non-party witnesses, and neither forum has greater access to sources of proof**

Any difference in litigation cost between the two jurisdictions is likely to be negligible, especially when compared to the resources available on both sides.  Moreover, both jurisdictions have adequate procedures to compel testimony by non-party witnesses if necessary, and neither jurisdiction has greater access to sources of proof.  These considerations provide no support for transfer.

**d.   The Balance of Factors Does Not Favor Transfer**

In sum, Microsoft has failed to show that the balance of factors weighs in favor of wresting jurisdiction from the plaintiffs' rightfully chosen forum.  Microsoft's request to transfer this case to a Washington federal court thus must be denied.

## IV.  CONCLUSION

For the foregoing reasons, the Court should deny Microsoft's Motion to Dismiss, Transfer or Stay.

Respectfully submitted,

Dated:  September 23, 2005                     TAYLOR & COMPANY LAW OFFICES, INC.


By: _____/s/ Stacey L. Wexler_____
                   Stacey L. Wexler

Attorneys for Plaintiffs
GOOGLE INC. and KAI-FU LEE

TAYLOR & CO.
LAW OFFICES, INC.

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Taylor & Company Law Offices, Inc., One Ferry Building, Suite 355, San Francisco, California 94111.

On December 24, 2004, I served a true and correct copy of the document(s) described as: **PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY** on the following interested parties in this action:

Mr. Michael J. Bettinger
Ms. Lisa Marie Schull
Ms. Rachel R. Davidson
Preston Gates & Ellis LLP
55 Second Street, Suite 1700
San Francisco, CA 94105
*Telephone:  (415) 882-8200*
*Facsimile:  (415) 882-8220*

**Counsel for Microsoft Corporation**

**[   ]  [BY US MAIL]**  I caused the foregoing document(s) to be enclosed in a sealed envelope, with first class postage fully paid, for delivery on the individuals identified above as indicated herein.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing and know that, in the ordinary course of Taylor & Company Law Offices, Inc.'s business practice, the document(s) described above would be deposited with the United States Postal Service on that same day at San Francisco, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed to be invalid if the postal cancellation date, or postage meter date, is more than one day after the date of deposit for mailing set forth in this declaration.

**[   ]  [BY FACSIMILE]**  I caused the foregoing document(s) to be transmitted by facsimile to the offices of the addressees indicated above at the facsimile numbers listed for each addressee served.  Upon completion of said facsimile transmission, the transmitting machine issued a transmission report showing that the transmission was complete and without error.

23.

TAYLOR & CO.
LAW OFFICES, INC.

1    **[    ]   [BY OVERNIGHT DELIVERY]**  I caused delivery of the document(s) listed above

2  to be effected by overnight mail, by placing true and correct copies in separate envelopes for each

3  addressee shown above, with the name and address of the person served shown on the envelope, and

4  by sealing the envelope and placing it for collection.  Delivery fees were paid or provided for in

5  accordance with the ordinary business practices of Taylor & Company Law Offices, Inc.

6    **[  X  ]   [BY PERSONAL SERVICE]**  I caused the foregoing document(s) to be served by

7  hand on the above individual(s) as indicated on the "Declaration of Personal Service" attached

8  hereto as <u>Exhibit A</u>.  The person who delivered a true and correct copy of such document(s) to the

9  person(s) identified below is identified in <u>Exhibit A</u> attached hereto.

10    I declare under penalty of perjury, under the laws of the United States of America, that the

11  foregoing is true and correct.  Executed this 23rd day of September, 2005, at San Francisco,

12  California.

13

14                                                    /s/ Evan P. LeBon
                                                        Evan P. LeBon
15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, INC.

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS,
TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)

## EXHIBIT A

## DECLARATION OF PERSONAL SERVICE

I, the undersigned, declare as follows:

I am a resident of the State of California, over the age of 18 years, and not a party to the within action.  My business address is set forth beneath my signature herein.  On September 23, 2005, I served the document(s) described as **PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY** by personally delivering a true and correct copy of the document(s) described above to the person(s) at the address(es) set forth below:

> Mr. Michael J. Bettinger
> Ms. Lisa Marie Schull
> Ms. Rachel R. Davidson
> Preston Gates & Ellis LLP
> 55 Second Street, Suite 1700
> San Francisco, CA 94105
> *Telephone:  (415) 882-8200*
> *Facsimile:  (415) 882-8220*
>
> **Counsel for Microsoft Corporation**

I declare under penalty of perjury, under the laws of the State of California, that on the date set forth in this declaration I served the document(s) described in this declaration on the person(s) identified above.  Executed on this 23rd day of September, 2005.


_____
/s/ Evan P. LeBon
Evan P. LeBon

TAYLOR & CO.
LAW OFFICES, INC.

PLAINTIFFS GOOGLE INC.'S AND KAI-FU LEE'S OPPOSITION TO MICROSOFT'S MOTION TO DISMISS, TRANSFER OR STAY:  CASE NO. CV 05-03095 (RMW)