The Honorable Steven C. Gonzalez

IN THE SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>      Plaintiff,<br><br> v.<br><br>KAI-FU LEE and GOOGLE, INC., a Delaware corporation,<br><br>      Defendants. | No. 05-2-23561-6 SEA<br><br>**ORDER AMENDING STIPULATED PROTECTIVE ORDER** |

  IT IS HEREBY ORDERED:

  1. This Order shall supplement and modify the Stipulated Protective Order and shall govern the handling of motions, briefs, declarations, exhibits and other documents (collectively "Filings") that are filed under seal with the Court pursuant to the Stipulated Protective Order.

  2. With respect to all Filings that contain materials designated CONFIDENTIAL or ATTORNEYS' EYES ONLY and are therefore subject to being filed under seal pursuant to the Stipulated Protective Order, the Parties shall file under seal any information marked pursuant to the Stipulated Protective Order as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

  3. No later than three (3) business days following the filing of a document under seal, the party responsible for the filing under seal shall file with the Court and serve on the

Seattle Post-Intelligencer and the Seattle Times ("Media Intervenors") a redacted version of any Filings containing or consisting of materials designated CONFIDENTIAL and ATTORNEYS' EYES ONLY that shall have all such materials redacted out.  Any document marked pursuant to the Stipulated Protective Order as CONFIDENTIAL or ATTORNEYS' EYES ONLY and used as an exhibit in a Filing may be withheld in its entirety at this time, and must be withheld in its entirety by a party if the document was not produced by that party. Unredacted versions of said Filings shall be simultaneously filed under seal with the Discovery Master.

4.   Within seven (7) days from the date on which an initial filing is made with the Court pursuant to Paragraph 2 above, the party that designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY the information that is filed under seal, or redacted from Filings, shall (i) serve on the other parties and the Media Intervenors a statement of the basis for having the redacted Filings be made under seal (the "Statement") and (ii) inform the other parties and Media Intervenors that any materials that party designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY may be undesignated, in whole or part, and provide appropriately marked or newly redacted versions of those materials to the other parties and Media Intervenors.  The Statement shall recite the grounds for sealing the Filings with sufficient specificity to allow the parties and the Media Intervenors to evaluate the proffered justification for sealing and to decide whether or not to object.  The Statement may be made in the form of a "Confidentiality Log," a sample of which is attached hereto as EXHIBIT A.

5.   Within seven (7) days of receiving the Statement, the Media Intervenors may file a challenge to any of the redactions made pursuant to Paragraphs 3 and 4 above.  Within seven (7) business days after receiving such challenge, the Parties shall reply as necessary to the challenge of the Media Intervenors.

6.   Upon receiving a challenge made pursuant to Paragraph 5 above, the Discovery Master shall review the material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY that is contained in the Filings under seal under the Stipulated Protective Order. If the Discovery Master determines that a hearing is necessary he shall set such a hearing.

*Order Amending Stipulated Protective Order - Page 2 of 4*

The Discovery Master shall report in-camera his findings (including a recommendation as to whether the materials should remain sealed or whether the parties should revise their redactions) to the Court and the Parties, as well reporting its findings to the Media Intervenors, except that the Discovery Master's report which is served on the Media Intervenors shall have all material marked CONFIDENTIAL or ATTORNEYS' EYES ONLY redacted out.  The Discovery Master's report and recommendations shall be guided by the factors articulated in Paragraph 23 of this Court's August 11, 2005 Order.

7. Any objections to any aspect of the Discovery Master's report shall be made within five (5) business days of service of the report and recommendation.

8. The Court will consider objections to the Discovery Master's report and recommendation before ruling on whether the materials should remain sealed or whether the parties should revise their redactions.

9. Paragraph 23 of the Stipulated Protective Order dated August 11, 2005 is amended by substituting "must be obtained as provided in this STIPULATED ORDER AMENDING STIPULATED PROTECTIVE ORDER" for "must be obtained no later than the hearing in connection with which it is filed," as set forth six lines from the bottom of that Paragraph 23.

Dated this 29th day of August, 2005.

　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　THE HONORABLE STEVEN GONZALEZ

**EXHIBIT A**

**JOINT CONFIDENTIALITY LOG**

| Filing | Docket Number | Document Sealed or Redacted | Identifying Information | Basis for Filing Under Seal | Recommendation of the Special Master and Reasons for Recommendation |
|---|---|---|---|---|---|
| [Title of the Document] | [The docket number of the document filed under seal or redacted.] | [Description of the document sealed or redacted.] | [Bates numbers, descriptions of documents or deposition page and line designations for the information filed under seal | [Statement of the reason why the document was filed under seal.] | |

*Order Amending Stipulated Protective Order - Page 4 of 4*