The Honorable Steven Gonzalez
Date of Hearing: August 29, 2005
Without Oral Argument

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

MICROSOFT CORPORATION, a Washington corporation,

    Plaintiff,

v.

KAI-FU LEE and GOOGLE INC., a Delaware corporation,

    Defendants.

No. 05-2-23561-6SEA

DEFENDANT KAI-FU LEE'S MOTION FOR EVIDENTIARY HEARING AND PERMISSION TO TAKE ORAL TESTIMONY

## I. RELIEF REQUESTED

Pursuant to CR 43(e)(2), defendant Kai-Fu Lee ("Dr. Lee") requests an evidentiary hearing with permission to take the testimony of witnesses by way of direct and cross-examination at the preliminary injunction hearing. A two-day evidentiary hearing, including taking oral testimony of certain critical witnesses, is both appropriate and necessary for two important reasons.

First, as is apparent from the papers submitted regarding the motion for a temporary restraining order, the parties hold starkly different views of what it is that Dr. Lee did at Microsoft, what it is that he knows about confidential or trade secret information, and whether any knowledge he may have is at all relevant or material whatsoever to his anticipated work at Google. For example, Dr. Lee has declared that his involvement in Internet search was minimal, was not recent, and that his knowledge in this area is outdated and immaterial. Microsoft's witnesses claim he's an expert in search. Dr. Lee has explained that

DEFENDANT KAI-FU LEE'S MOTION TO PERMIT ORAL
TESTIMONY AT INJUNCTION HEARING - 1

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000



responsibility for development of Microsoft's desktop search product was transferred to another group shortly after a prototype was developed. Microsoft's witnesses proclaim that he led the charge in the development of that product. These contradictory claims, as well as others that go to the heart of Microsoft's claims, cannot be fully understood or fairly resolved by review of flat papers drafted by attorneys. Rather, the complexity of the subject matter and the necessity of particularity in the technical detail in order to determine the extent and relevance of Dr. Lee's knowledge, demands the probing questioning and credibility determinations that can only come from hearing the testimony of live witnesses.

Second, and equally importantly, at stake in this matter is not simply the business interests of rival corporations. Entry of the pretrial injunctive relief that Microsoft requests would have a direct, severe and probably irreversible personal impact on Dr. Lee and his family. This Court is required to consider and protect Dr. Lee's "equally competing concerns" regarding his personal rights, freedoms and interests. Knight, Vale & Gregory v. McDaniel, 37 Wn. App. 366, 370, 680 P.2d 448 (1984).

Dr. Lee, through his personal passion, interest, and efforts, has developed a substantial personal reputation in China. His genuine interest in advancing higher education and his passion for working with Chinese university students is widely admired. In short, as is explained more fully below, Dr. Lee is an established public figure in China in his own right, who is respected and admired for his intelligence, integrity and genuineness by university students, public officials and the Chinese media.

It is Dr. Lee's personal qualities, attributes, resources and reputation that made him attractive to Google, and it was the possibility of further developing and working within these areas of his personal interest and passion that motivated Dr. Lee's move from Microsoft to Google. These areas have nothing to do with any technical expertise, knowledge, or information that is peculiar to Microsoft or that Dr. Lee gained from Microsoft during his employment.

DEFENDANT KAI-FU LEE'S MOTION TO PERMIT ORAL TESTIMONY AT INJUNCTION HEARING - 2

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Microsoft has no right "to prevent the competitive use of the unique personal qualities" of Dr. Lee. Perry v. Moran, 109 Wn.2d 691, 702, 748 P.2d 224 (1987). Yet, it is precisely these personal qualities, attributes, resources, and professional interests that will be directly and severely (and probably irreversibly) impacted by further pretrial injunctive relief if this Court grants such relief. Indeed, it is precisely the exercise of these personal qualities, attributes and resources that Microsoft is apparently deliberately seeking to suppress and enjoin as part of its strategy to deprive Google of utilizing Dr. Lee's personal reputation as a "draw" to attract talented Chinese IP professionals – and especially students – to Google.

In order to issue injunctive relief, this Court must first find "in a factually specific way that the criteria for injunctive relief have been met." Kucera v. Wash. State Dep't. of Transp., 140 Wn.2d 200, 219, 995 P.2d 63 (2000) (emphasis added). Dr. Lee respectfully submits that a two day evidentiary hearing, including oral testimony of critical witnesses, is the only way to make properly informed and factually specific findings under the circumstances of this case, and does not impose, relative to the rights at stake, too great a burden on the parties or the Court.

Before Dr. Lee's life, career and activities are further restricted, this Court should hear and fully consider the personal interests at stake, understand the critical specifics of the technical issues, and weigh the credibility of the witnesses. The time has come to go beyond conclusory and general assertions in lawyer-prepared declarations. Only in that way can the Court provide a full and fair hearing, and reach a just resolution, regarding these important issues.

## II. BACKGROUND

1. ### The Parties' Positions Are Diametrically Opposed on the Core Technical Issues.

In what is clearly a highly technically specific and fast moving field, Microsoft has thus far for litigation purposes studiously avoided any technical particularity. Rather, it has

DEFENDANT KAI-FU LEE'S MOTION TO PERMIT ORAL TESTIMONY AT INJUNCTION HEARING - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

painted broad brush strokes, relying without explanation or definition upon terms such as "search," "speech," "natural language processing," and "machine learning." Beneath these broad terms, however, are many discreet areas of technology that are critical to a proper determination of exactly what knowledge Dr. Lee has concerning any Microsoft trade secrets in those specific areas.

For example, Microsoft's request for injunctive relief is premised on the broad assertion that Dr. Lee was intimately involved in developing Microsoft search engine technologies for internet and desktop search. Conversely, however, it is Dr. Lee's contention that there is no material nexus between Dr. Lee's former responsibilities at Microsoft and the core search engine technologies that Microsoft currently employs in its search products. Today's MSN Search is an algorithmic-search-based Internet search. Dr. Lee, however, was never responsible for algorithmic-search-based Internet search at Microsoft.

The search technology over which Dr. Lee had oversight responsibility between 2001 and 2002 was not an algorithmic-search-based Internet Search application and did not actually perform the algorithmic Internet search. Instead, it sent queries to be run on search engines provided by other companies such as Inktomi and Alta Vista.

After Dr. Lee's involvement with MSN ended in 2002, the Microsoft team responsible for development was transferred to Christopher Payne. About six months after that, MSN decided to refocus the team to develop its own algorithmic-search-based engine, and to compete against its former algorithmic-search-based search engine partners. Since the transfer in 2002, Dr. Lee has not been a member of that team, nor did he participate in its work.

Instead, Dr. Lee subsequently headed the Natural Interactive Services Division, which is under Microsoft's Server & Tools Business. In this division, Dr. Lee supervised work on Speech Recognition, Natural Language Technologies, the Speech Server, the Assistance Platform, and various natural user interface efforts to improve the Windows® user experience.

DEFENDANT KAI-FU LEE'S MOTION TO PERMIT ORAL
TESTIMONY AT INJUNCTION HEARING - 4

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  That division was not responsible for internet search; a division headed by Christopher Payne
2  was.
3       In sum, Dr. Lee is not an expert in the search technology Microsoft has now chosen to
4  employ. He would not be considered a "search expert" by search experts. He would not be
5  considered a "search architect" by search engineers.
6       2.    <u>Substantial Personal Rights, Work and Reputation of Dr. Lee Are at Stake</u>
7       It is fundamentally Dr. Lee's position that his value to Google has predominantly to do
8  with his unique personal reputation, resources and abilities with Chinese university students,
9  and Chinese government relations. Microsoft has no legal or equitable right to prohibit Dr.
10 Lee's exercise of his personal reputation, attributes and resources.
11      Dr. Lee was born in Taiwan and came to the United States at the age of 11. Dr. Lee is
12 a United States citizen living in California. However, Dr Dr. Lee's bicultural background,
13 and the many visits he has made to China, have generated in him a genuine interest in helping
14 to bridge the gap between Eastern and Western culture, particularly in regard to Chinese
15 university students. Indeed, a book that Dr. Lee has authored, <u>Be Your Personal Best</u>, in part
16 addresses how Chinese employees and students can succeed in a modern industry and
17 commerce by applying constructive American philosophy yet remain true to the values and
18 teachings of Confucius, is being published by the People's Press in China this September.
19      Dr. Lee has spent considerable personal time and energy pursuing his passion for the
20 people and students of China. Dr. Lee has been a visiting professor in China since 1990. Dr.
21 Lee has lectured extensively in China. He has written numerous articles that have been
22 published in China. He created his own interactive website with a discussion forum to
23 provide information and support to Chinese university students. There are nearly 40,000
24 registered Chinese users of the site, and maybe ten times that many browsing the site that are
25 not registered. He has given considerable personal time responding to queries and providing
26 advice and mentoring. His work has generated interest by Chinese university faculty who

DEFENDANT KAI-FU LEE'S MOTION TO PERMIT ORAL
TESTIMONY AT INJUNCTION HEARING - 5

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1 have sought him out, and it has deepened ties with government officials that otherwise would
2 not have been developed.

3     Dr. Lee has been voted one of the 100 Most Influential People in China and one of the
4 20 Most Influential People in Software. These awards were given based on Dr. Lee's genuine
5 interest and deep caring for the people and students of China.

6     In short, Dr. Lee is an established public figure in China in his own right, who is
7 respected and admired for his intelligence, integrity and genuineness by university students,
8 public officials and the Chinese media.

9     It was the prospect of being given an opportunity by Google to combine his
10 professional life with his personal passions and interests for Chinese education and students –
11 to do things good for the people of China while doing good things for Google – that
12 motivated Dr. Lee's move to Google. These interests and the anticipated work that Dr. Lee
13 will do at Google are entirely independent of any trade secret, technical or confidential
14 information obtained by Dr. Lee from Microsoft.

15     A preliminary injunction will have the effect of limiting the terms of Dr. Lee's
16 employment for the period through trial, more than half of the 12-month period demanded by
17 Microsoft.

18     Conversely, Microsoft has not shown, and it is Dr. Lee's contention that it will be
19 unable to show, that any illegitimate competitive harm has resulted or will result from Dr.
20 Lee's anticipated work for Google. The only information that Microsoft may properly seek to
21 restrict competitive use of are those trade secrets developed by, and unique to, Microsoft. <u>See</u>
22 <u>Perry</u>, 109 Wn.2d at 702. Competition that results <u>not</u> from the transfer of trade secrets, but
23 simply from the personal attributes, qualities, general experience, and reputation of Dr. Lee is
24 legitimate and cannot be restricted.

25
26

DEFENDANT KAI-FU LEE'S MOTION TO PERMIT ORAL
TESTIMONY AT INJUNCTION HEARING - 6

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## III. ARGUMENT

A. <u>Injunctive Relief Cannot Properly Issue Absent "Factually Specific" Findings Regarding Both the Core Technical Questions and the Impact of Injunctive Relief Upon the Personal Rights and Freedoms of Dr. Lee.</u>

Before injunctive relief may properly issue in this matter, Microsoft must first prove, and this Court must find, "in a <u>factually specific</u> way that the criteria for injunctive relief have been met." <u>Kucera</u>, 140 Wn.2d at 219 (emphasis added).

An injunction is an "extraordinary" equitable remedy "which should not be lightly indulged in, but should be used sparingly and only in a clear and plain case." <u>Kucera</u>, 140 Wn.2d at 209. In order to obtain a preliminary injunction, Microsoft must prove that (1) it has a clear legal or equitable right, (2) a well-grounded fear of immediate invasion of that right, and (3) the acts complained of are either resulting in or will result in actual and substantial injury. <u>Id</u>. Since an injunction is an equitable remedy, in making a determination under the foregoing criteria, this Court must also weigh the relative interests of the parties and, if appropriate, the interests of the public. <u>Id</u>.

Here, whether Microsoft can meet its burden to obtain injunctive relief is partially dependent upon the validity and reasonableness of the non-compete covenant upon which it relies. If Washington rather than California law applies, a covenant not to compete will only be enforced if it is validly entered and is reasonable. <u>Labriola v. Pollard Group, Inc.</u>, 152 Wn.2d 828, 833 100 P.3d 791 (2004); <u>Sheppard v. Blackstock Lumber Co.</u>, 85 Wn.2d 929, 931-33, 540 P.2d 1373 (1975). A covenant not to compete is reasonable only where it (1) is no greater than required for the protection of the employer, (2) does not impose undue hardship on the employee and, (3) is not injurious to the public. <u>See, e.g., Sheppard</u>, 85 Wn.2d at 933. <u>See also Knight, Vale & Gregory</u>, 37 Wn. App. at 370 (employees rights and freedoms must also be considered).

A covenant not to compete may properly protect only against the competitive use of trade secrets and information <u>unique to the employer</u>; any attempt to restrict competitive use

DEFENDANT KAI-FU LEE'S MOTION TO PERMIT ORAL
TESTIMONY AT INJUNCTION HEARING - 7

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

of the personal attributes, qualities and resources of the employee is unenforceable. <u>Perry</u>, 109 Wn.2d at 702. Thus, for example, an attempt to restrict a former employee from working in his field of expertise, <u>even where he takes no unfair advantage of his former employer</u>, is unreasonable, and therefore unenforceable, as a matter of law. <u>See</u>, <u>e.g.</u>, <u>Labriola</u>, 152 Wn.2d 847 (Madsen J., concurring) (discussing caselaw).

In this case, therefore, a preliminary injunction may not issue absent "factually specific" evidence on the technical issues upon which Microsoft bases its claim and the full and fair consideration of Dr. Lee's rights, and the burden that such extraordinary relief would place upon him. Under the circumstances, evidentiary particularity is required not only to meet the legal standard, but, given the complexity of the subject matter and the fast moving advances in the field, is also necessary in order to fairly determine the reasonableness of Microsoft's position, whether it is likely to suffer actual substantial injury, or whether Microsoft is simply seeking to paint with a broad brush and illegitimately restrict Dr. Lee's free exercise of his personal attributes and resources, without him actually taking any unfair advantage of his former employer.

B. <u>A Two Day Evidentiary Hearing, Including Oral Testimony, Is Appropriate and Necessary Under the Circumstances.</u>

Pursuant to CR 43(e)(2), this Court is authorized to permit the taking of oral testimony at the preliminary injunction hearing. Dr. Lee respectfully submits that, under the unique circumstances of this case, a two day evidentiary hearing, including oral testimony by certain critical witnesses is necessary to fairly present the facts, understand and determine the issues, balance the competing interests, and determine the reasonableness of Microsoft's request for this injunctive relief. An evidentiary hearing is the only way that this Court can fairly resolve, in the required "factually specific" manner, the starkly opposing positions of the parties and fully consider the personal rights and impact of injunctive relief on Dr. Lee. <u>See</u> <u>Kucera</u>, 140 Wn.2d at 219.

DEFENDANT KAI-FU LEE'S MOTION TO PERMIT ORAL
TESTIMONY AT INJUNCTION HEARING - 8

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Indeed, Washington State Supreme Court has held that where pivotal issues of fact are disputed, affidavits are conflicting, and no testimony is taken, it is improper to grant injunctive relief. See <u>Isthmian S. S. Co. v. Nat'l Marine Engrs' Beneficial Ass'n</u>, 41 Wn.2d 106, 117-18 (1952). In <u>Isthmian</u>, the Supreme court held that the granting of an injunction to restrain a labor union from picketing was an abuse of discretion. The court opined: "[t]he order appealed from grants an injunction *pendente lite*, which was issued <u>after a hearing upon affidavits only; no testimony was taken and, of course, none of the affiants was subject to cross examination</u>. The <u>affidavits are conflicting</u> on several material issues of fact." <u>Id</u>. at 111-112 (emphasis added). The <u>Isthmian</u> court concluded that because pivotal issues of fact were disputed, the evidence in the record was insufficient to sustain a preliminary injunction and the trial court had abused its discretion in granting it. <u>Id</u>. at 117-18. In so holding, the court stated: "An injunction *pendente lite* will not issue in a doubtful case <u>nor where the material facts in the complaint and supporting affidavits, on which the right depends, are controverted or denied</u>." <u>Id</u>. (emphasis added).

It has been said that cross-examination is the true test of the truthfulness and credibility of witnesses. That is no less true at the preliminary injunction stage, especially where the factual issues are complex and the personal stakes to an individual defendant are so high.

The highly contested nature of this case, the factual complexity, and the substantial impact that the issuance of a preliminary injunction will have on the respective rights of the parties and potentially on non-parties, weigh heavily in favor of presentation of oral testimony at the preliminary injunction hearing. In addition, the impact of this Court's decision at the preliminary injunction hearing will be felt throughout the remainder of this litigation. See CR 65. It is imperative, therefore, that all factual determinations be based upon an examination of all relevant evidence, including live testimony, and that the testimony of the critical witnesses be subject to cross-examination. Further, this Court should be provided the opportunity to

DEFENDANT KAI-FU LEE'S MOTION TO PERMIT ORAL
TESTIMONY AT INJUNCTION HEARING - 9

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

make a determination of credibility as to the testimony and evidence before it rather than being forced to make such weighty decisions based on conflicting attorney-drafted declarations.

Dr Lee proposes that the Court should hear from at least the following witnesses:

(1) Dr. Kai-Fu Lee (defendant)

(2) Eric Rudder (Dr. Lee's most recent supervisor at Microsoft)

(3) Christopher Payne (Head of Microsoft division responsible for Internet Search)

(4) Alan Eustace (Google Vice-President of Engineering)

### III.  CONCLUSION

This case presents unusual technical complexity and unique personal, geographical, and jurisdictional facts unlike any other Washington non-compete decision. In addition to the largely business aspects that have predominated the discussions to date in this case, also at stake are the personal rights, career, and reputation of Dr. Lee and his family. The forward progress of Dr. Lee's life has already been temporarily halted at Microsoft's request. The personal stakes to Dr. Lee and his family are enormous. Given their magnitude, a two-day evidentiary hearing that can only better assist the court in rendering a just decision is warranted.

DATED this 19th day of August, 2005.

BYRNES & KELLER LLP

By _____
Bradley S. Keller, WSBA #10665
Jofrey M. McWilliam, WSBA #28441
Attorneys for Defendant
Kai-Fu Lee

DEFENDANT KAI-FU LEE'S MOTION TO PERMIT ORAL TESTIMONY AT INJUNCTION HEARING - 10

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 19th day of August, 2005, a true copy of the foregoing pleading was served on each and every attorney of record herein via hand delivery:

Michael W. Droke
Dorsey & Whitney LLP
1420 Fifth Avenue, Suite 3400
Seattle, WA  98101-4010

Jeffrey C. Johnson
Preston Gates & Ellis LLP
925 Fourth Avenue
Suite 2900
Seattle, WA  98104-1158

DEFENDANT KAI-FU LEE'S MOTION TO PERMIT ORAL
TESTIMONY AT INJUNCTION HEARING - 11

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

The Honorable Steven Gonzalez
Date of Hearing: August 29, 2005
Without Oral Argument

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

MICROSOFT CORPORATION, a Washington corporation,

Plaintiff,

v.

KAI-FU LEE and GOOGLE INC., a Delaware corporation,

Defendants.

No. 05-2-23561-6SEA

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR EVIDENTIARY HEARING AND PERMISSION TO TAKE ORAL TESTIMONY

This matter came regularly for hearing on Defendant's Motion for Evidentiary Hearing and Permission to Take Oral Testimony and the Court having considered the materials submitted by the parties and the arguments of counsel, it is therefore hereby

ORDERED, ADJUDGED and DECREED that Defendant's Motion for Evidentiary Hearing and Permission to Take Oral Argument is GRANTED. A two day hearing commencing on _____ is hereby set.

DATED this _____ day of _____, 2005.

_____
The Honorable Steven Gonzalez
King County Superior Court Judge

ORDER - 1



1  Presented By:
   BYRNES & KELLER LLP
2

3

4  _____
   Bradley S. Keller, WSBA #10665
5  Jofrey M. McWilliam, WSBA #28441
   Attorneys for Defendant
6  Kai-Fu Lee

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 2