AUG 22 2005
Preston Gates & Ellis LLP

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

MICROSOFT CORPORATION, a Washington corporation,

    Plaintiff,

vs.

KAI-FU LEE and GOOGLE, INC., a Delaware corporation,

    Defendants.

NO. 05-2-23561-6 SEA

**GOOGLE INC.'S JOINDER OF LEE'S MOTION FOR EVIDENTIARY HEARING**

    Defendant Google, Inc. ("Google") respectfully submits this Joinder in Defendant Kai-Fu Lee's Motion for Evidentiary Hearing and Permission to Take Oral Testimony ("Evidentiary Hearing Motion"). Google believes that the issues raised and arguments made in Dr. Lee's moving papers are important and well taken.

    Google further submits that an evidentiary hearing is important at the Preliminary Injunction stage because the four-month period between the Preliminary Injunction Hearing and trial is a very important window. Google will suffer substantial harm for the coming year (and beyond) if the TRO – or any similarly broad restriction on Dr. Lee's activities – remains in place until the January trial date. As the Court is aware, when Google hired Dr. Lee, Google intended that he help establish a new research and development facility in China, which would develop

GOOGLE INC.'S JOINDER OF LEE'S MOTION FOR
EVIDENTIARY HEARING -1-

DORSEY & WHITNEY LLP
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

new products to be used throughout the numerous markets that Google serves. Specifically, Google and Dr. Lee anticipated that he would spend late 2005 overseeing Google's recruiting efforts for that R&D center, with the bulk of the candidates to be evaluated and hired being Chinese university students from the Class of 2006 – i.e. those who are expected to graduate at the end of the 2005-2006 academic year. See Declaration of Kai-Fu Lee, ¶ 5 (submitted July 26, 2005, in opposition to Plaintiff's Request for Temporary Restraining Order) ("Lee Decl.").

The "recruiting season" for the Class of 2006 occurs during that last quarter of 2005. If Dr. Lee remains enjoined from recruiting university students on behalf of Google until the time of trial, he will be unable to help Google recruit from the Class of 2006 during the recruiting season. As set forth in the Evidentiary Hearing Motion, Dr. Lee is a highly respected and influential person in China, particularly among Chinese students. If Dr. Lee is not permitted to recruit from the Class of 2006 for Google, Google's efforts to staff its Chinese R&D center, and the overall progress of that R&D center itself, will be affected not just for the four months between the preliminary injunction hearing and trial, but for the entire next year, and beyond.

Microsoft asserted at the TRO stage that Dr. Lee knows Microsoft's "business strategies with respect to China" and therefore should be barred from doing any work for Google in China. Microsoft's Motion [for TRO] at 4:7-8; Order at 2:20-21. Google submits, and intends to prove at an evidentiary hearing, that what Microsoft was really worried about has nothing to do with potential misuse of trade secrets or legitimate "protectable" interests of a former employer. Instead, what Microsoft was concerned about was that, because of Dr. Lee's powerful reputation among the Chinese students, many of the students both companies seek to recruit would go to Google, not Microsoft. That fear – while perhaps justified – has nothing to do with Dr. Lee's supposed knowledge of Microsoft's purported "China Strategy" or trade secrets, and everything to do with Dr. Lee's unique personal qualities and reputation. An evidentiary hearing would assist the Court in assessing the actual reasons and motives behind Microsoft's efforts to bar Dr.

GOOGLE INC.'S JOINDER OF LEE'S MOTION FOR
EVIDENTIARY HEARING-2-

DORSEY & WHITNEY LLP
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

Lee from on-campus recruiting, and therefore in deciding whether they are or are not sufficient under the governing law.

Any preliminary injunction issued by this Court in September will have a significant effect on Google's Chinese R&D center well beyond the January trial date (in addition to the significant effect it will have on Dr. Kai-Fu Lee, as set forth in his papers). It will also have a significant effect on any other Microsoft employee who is thinking of joining Google, or, indeed, any other company. In light of the importance of the decision, Google respectfully joins Dr. Lee's request that the Court hold an evidentiary hearing on the Preliminary Injunction motion.

DATED this 22nd day of August, 2005.

DORSEY & WHITNEY LLP

_____
Michael W. Droke, P.C. WSBA #25972
James R. Hermsen, WSBA #1332
Elizabeth Van Moppes, WSBA #27362
Attorneys for GOOGLE INC.

GOOGLE INC.'S JOINDER OF LEE'S MOTION FOR
EVIDENTIARY HEARING-3-

DORSEY & WHITNEY LLP
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington, that I caused to be served, via hand delivery, the following:

GOOGLE INC.'S JOINDER OF LEE'S MOTION FOR EVIDENTIARY HEARING

Said pleading was served upon:

| | |
|---|---|
| Jeffrey C. Johnson<br>Preston Gates & Ellis, LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104-1158 | Bradley Keller<br>Byrnes & Keller, LLP<br>1000 – 2nd Avenue<br>Suite 3800<br>Seattle, WA 98104 |

DATED at Seattle, Washington, this 22nd day of August, 2005.

*Stefanie Jaswal* (signature)
Stefanie Jaswal

GOOGLE INC.'S JOINDER OF LEE'S MOTION FOR
EVIDENTIARY HEARING-4-
4814-4808-0384\1 8/22/2005 2:32 PM

DORSEY & WHITNEY LLP
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820