**GOOGLE_LEE**
**09/13/05 PI Hearing Trans FINAL**
9/13/2005

1     IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

2       COUNTY OF KING

3     -------------------------------------------------------

4     MICROSOFT,       )

5        PLAINTIFF,  )

6          ) NO. 05-2-23561-6 SEA

7     VS.      )

8     GOOGLE AND KAI-FU LEE,  )

9       DEFENDANTS.  )

10    -------------------------------------------------------

11      VERBATIM REPORT OF PROCEEDINGS

12    JUDGE'S ORAL RULING ON PRELIMINARY INJUNCTION

13    -------------------------------------------------------

14      THE HONORABLE STEVEN GONZALEZ

15       SEATTLE, WASHINGTON

16       SEPTEMBER 13, 2005

17   APPEARANCES:

18   FOR PLAINTIFF:    KARL QUACKENBUSH

19       JEFF JOHNSON

20       THOMAS BURT

21   FOR DEFENDANT GOOGLE: JOHN KEKER

22       RAGESH TANGRI

23   FOR DEFENDANT LEE:   BRADLEY KELLER

24

25   REPORTED BY:    APRIL LAINE

1              (IN OPEN COURT:)

2                   THE COURT:  FIRST, BEFORE I SUMMARIZE

3              THE PRELIMINARY INJUNCTION, WHICH I AM

4              ISSUING TODAY, I WANT TO SAY I'VE RECEIVED A

5              NUMBER OF SUBMISSIONS FROM PEOPLE WHO ARE NOT

6              PARTIES TO THIS CASE; SOME OF THEM

7              COMPLIMENTARY, SOME OF THEM CRITICAL, JUST

8              FROM THE HEADINGS ON THEM.  I HAVEN'T READ

9              ANY FARTHER.  THEY SEEM TO ADDRESS MY ACTIONS

10             AND BELIEFS, REAL OR IMAGINARY.

11                  I WOULD INVITE FOLKS TO STOP SUBMITTING

12             SUCH THINGS TO ME.  I WILL NOT BE READING

13             THEM.  I CANNOT CONSIDER THEM AS PART OF THIS

14             CASE.

15                  IF ANYONE BELIEVES THEY HAVE INFORMATION

16             WHICH IS RELEVANT TO THIS CASE, PLEASE BRING

17             IT TO THE ATTENTION OF THE PARTIES, NOT

18             DIRECTLY TO THE COURT.

19                  THIS MATTER IS HERE BEFORE THE COURT ON

20             MICROSOFT'S MOTION FOR A PRELIMINARY

21             INJUNCTION.  THE DEFENDANTS, GOOGLE AND

22             DR. LEE, HAVE ALSO REQUESTED THAT THE COURT

23             DISSOLVE THE TEMPORARY RESTRAINING ORDER

24             PREVIOUSLY ISSUED ON JULY 28TH OF THIS YEAR.

25                  AS YOU KNOW, THIS CASE INVOLVES

1          ALLEGATIONS BY MICROSOFT THAT CERTAIN ASPECTS

2          OF DR. LEE'S EMPLOYMENT AT GOOGLE VIOLATE THE

3          NONCOMPETITION CLAUSE IN THE AGREEMENT HE

4          SIGNED ON AUGUST 8TH OF 2000, WHEN HE BEGAN

5          WORKING IN REDMOND.

6              IT IS WELL ESTABLISHED IN WASHINGTON

7          THAT COVENANTS NOT TO COMPETE UPON

8          TERMINATION OF EMPLOYMENT ARE ENFORCEABLE IF

9          THEY ARE REASONABLE.

10             IN THE ORDER I AM ISSUING TODAY, AFTER

11         THAT INTRODUCTORY LANGUAGE, PAGES TWO THROUGH

12         FIVE ARE SIMPLY A LISTING OF THE EVIDENCE AND

13         DOCUMENTS AND OTHER SUBMISSIONS I HAVE

14         REVIEWED IN CONNECTION WITH THIS MATTER.

15             THE RELIEF MICROSOFT SEEKS AT THIS STAGE

16         MIRRORS IN MANY WAYS THE RELIEF IT SEEKS AT

17         TRIAL.  THE BURDEN ON MICROSOFT IS TO

18         DEMONSTRATE THAT IT HAS A CLEAR LEGAL OR

19         EQUITABLE RIGHT, A WELL-GROUNDED FEAR OF

20         IMMEDIATE INVASION OF THAT RIGHT, AND THAT

21         THE DEFENDANTS' ACTIONS ARE RESULTING IN OR

22         WILL RESULT IN ACTUAL AND SUBSTANTIAL INJURY

23         TO MICROSOFT.

24             SINCE THE ENTRY OF THE TRO, THE

25         DEFENDANTS HAVE, BOTH IN WRITING AND IN OPEN

1          COURT, OFFERED TO STIPULATE TO CERTAIN

2          RESTRICTIONS ON THEIR ACTIVITIES THAT MIGHT

3          COMPETE WITH MICROSOFT.  MICROSOFT HAS

4          DECLINED TO JOIN THAT STIPULATION.  SINCE

5          MICROSOFT IS NOT REQUIRED TO JOIN THE

6          STIPULATION, WE MUST GO THROUGH THIS EXERCISE

7          BASED ON THE EVIDENCE SUBMITTED BY THE

8          PARTIES AT THE HEARING.

9             GOOGLE AND DR. LEE CONTEND THAT HE

10         SHOULD BE ABLE TO EMPLOY HIS GENERAL

11         KNOWLEDGE, PERSONAL ATTRIBUTES AND GENERAL

12         REPUTATION AND SKILLS TO HELP GOOGLE SET UP

13         AND STAFF A PRODUCT RESEARCH AND DEVELOPMENT

14         FACILITY IN CHINA.

15            MICROSOFT CONTENDS THAT, WERE DR. LEE TO

16         DO SO, IT WOULD VIOLATE PARAGRAPH 9 OF THE

17         AGREEMENT.  MICROSOFT CONTENDS THAT DR. LEE

18         LOST HIS OBJECTIVITY AND BEGAN USING

19         PROPRIETARY INFORMATION OF MICROSOFT FOR HIS

20         AND GOOGLE'S BENEFIT EVEN BEFORE HE LEFT HIS

21         EMPLOYMENT WITH MICROSOFT.

22            THE COURT MAKES THE FOLLOWING FINDINGS

23         OF FACT AND CONCLUSIONS OF LAW:

24            DR. LEE EXECUTED THE AGREEMENT ON

25         AUGUST 8TH OF 2000.  A QUESTION REMAINS FOR

1        TRIAL WHETHER INDEPENDENT CONSIDERATION

2        EXISTS TO SUPPORT THE AGREEMENT.

3            THE AGREEMENT DOES NOT CONFER TO

4        MICROSOFT ANY RIGHT TO CONTROL DR. LEE'S

5        PUBLIC IMAGE OR PERSONAL RELATIONSHIPS.

6            IN JUNE OF 2005, DR. LEE MISLED

7        MICROSOFT ABOUT HIS INTENTION TO RETURN TO

8        MICROSOFT FOLLOWING HIS SABBATICAL.  HE

9        CONTINUED TO HAVE ACCESS TO MICROSOFT'S

10       PROPRIETARY INFORMATION AFTER HE DECIDED TO

11       LEAVE AND JOIN ONE OF MICROSOFT'S DIRECT

12       COMPETITORS.  HE BEGAN ASSISTING GOOGLE WHILE

13       STILL EMPLOYED AT MICROSOFT, AND CONFUSED THE

14       DIFFERENCE BETWEEN THE DISCRETION GIVEN HIM

15       TO DISCLOSE MICROSOFT'S CONFIDENTIAL

16       INFORMATION FOR THE BENEFIT OF MICROSOFT AS

17       PART OF HIS EMPLOYMENT AND DISCLOSING SUCH

18       CONFIDENTIAL INFORMATION FOR HIS OWN BENEFIT

19       OR FOR THE BENEFIT OF ANOTHER.

20           DURING HIS EMPLOYMENT WITH MICROSOFT,

21       DR. LEE WORKED ON PRODUCTS, SERVICES OR

22       PROJECTS REGARDING INTERNET SEARCH, DESKTOP

23       SEARCH, MOBILE SEARCH, NATURAL LANGUAGE

24       PROCESSING AND SPEECH TECHNOLOGIES.  HE

25       RECEIVED CONFIDENTIAL, PROPRIETARY OR TRADE

1        SECRET INFORMATION WITH RESPECT TO

2        MICROSOFT'S RECRUITING STRATEGIES AND

3        RESEARCH AND DEVELOPMENT IN CHINA,

4        MICROSOFT'S GOVERNMENT RELATIONS IN CHINA,

5        AND OTHER MATTERS.

6            GOOGLE'S USE OF DR. LEE TO ENGAGE IN

7        RECRUITING ACTIVITIES RELATED TO GOOGLE'S

8        PLANNED RESEARCH AND DEVELOPMENT FACILITY IN

9        CHINA PENDING TRIAL IN JANUARY OF 2006, DOES

10       NOT VIOLATE THE AGREEMENT, PROVIDED DR. LEE

11       DOES NOT RECRUIT FROM MICROSOFT OR USE ANY

12       CONFIDENTIAL INFORMATION FROM MICROSOFT.

13           AS FOR CONCLUSIONS OF LAW, IF

14       INDEPENDENT CONSIDERATION IS ESTABLISHED AT

15       TRIAL, WHICH LIKELY IT WILL BE, THE AGREEMENT

16       PROVIDES MICROSOFT WITH CLEAR LEGAL OR

17       EQUITABLE RIGHTS ENFORCEABLE UNDER WASHINGTON

18       LAW.  AT ISSUE AT TRIAL WILL BE THE SCOPE OF

19       THOSE RIGHTS UNDER THE AGREEMENT.

20           I FIND THAT PARAGRAPH 9 IS REASONABLY

21       NECESSARY TO PROTECT MICROSOFT'S LEGITIMATE

22       BUSINESS INTERESTS.

23           THE DEFENDANTS' STIPULATION IS NOT A

24       SUBSTITUTE FOR PLAINTIFF'S REQUEST FOR

25       INJUNCTIVE RELIEF, ESPECIALLY, AS HERE, THE

1      STIPULATION WAS OFFERED AFTER THE LAWSUIT

2      BEGAN AND THE COURT ISSUED THE TEMPORARY

3      RESTRAINING ORDER.

4        EXCEPT AS TO CERTAIN ACTIVITIES IN

5      CHINA, THE COURT IS SATISFIED THAT MICROSOFT

6      HAS ESTABLISHED A CLEAR LEGAL OR EQUITABLE

7      RIGHT, A WELL-GROUNDED FEAR OF IMMEDIATE

8      INVASION OF THAT RIGHT, AND THE EQUITIES

9      DICTATE A PRELIMINARY INJUNCTION, DESPITE THE

10      OFFER OF A STIPULATION.

11        MICROSOFT, HOWEVER, HAS NOT SUFFICIENTLY

12      SHOWN THAT IT HAS A CLEAR LEGAL OR EQUITABLE

13      RIGHT TO ENJOIN DR. LEE, PENDING TRIAL, FROM

14      ESTABLISHING AND STAFFING A GOOGLE

15      DEVELOPMENT FACILITY IN CHINA, OR AT LEAST

16      CERTAIN ASPECTS OF THAT WORK.

17        THIS IS BASED ON THE FACT THAT THE

18      GENERAL ACTIVITIES OF DR. LEE AT MICROSOFT

19      SINCE 2000 REGARDING CHINA AND RECRUITING

20      EFFORTS IN CHINA ARE NOT A PROJECT WITHIN THE

21      MEANING OF THE AGREEMENT. DUE TO THE PUBLIC

22      POLICY IMPLICATIONS, ANY BROADER

23      INTERPRETATION OF THE TERM "PROJECT" IN THE

24      AGREEMENT TO INCLUDE SUCH ACTIVITIES WOULD

25      RAISE SIGNIFICANT QUESTIONS ABOUT THE

1    ENFORCEABILITY OF THAT PORTION OF THE

2    AGREEMENT.

3        PENDING TRIAL OF THIS MATTER, IT IS

4    ORDERED THAT DR. LEE AND GOOGLE ARE

5    PRELIMINARILY ENJOINED AS FOLLOWS:

6        DR. LEE IS ENJOINED FROM ACCEPTING

7    EMPLOYMENT COMPETITIVE WITH OR ENGAGING IN

8    ACTIVITIES COMPETITIVE WITH ANY PRODUCT,

9    SERVICE OR PROJECT ON WHICH HE WORKED OR

10    ABOUT WHICH HE LEARNED CONFIDENTIAL OR

11    PROPRIETARY INFORMATION OR TRADE SECRETS

12    WHILE AT MICROSOFT.

13        THIS INCLUDES COMPUTER SEARCH

14    TECHNOLOGIES, NATURAL LANGUAGE AND SPEECH

15    TECHNOLOGIES.  IT ALSO INCLUDES PARTICIPATION

16    IN SETTING THE BUDGET OR COMPENSATION LEVELS,

17    OR DEFINING THE RESEARCH AND DEVELOPMENT TO

18    BE UNDERTAKEN AT GOOGLE'S PLANNED RESEARCH

19    AND DEVELOPMENT FACILITY IN CHINA.

20        GOOGLE IS SIMILARLY PRELIMINARILY

21    ENJOINED.

22        WHAT THE COURT MEANS BY THAT IS THAT

23    DR. LEE MAY INTERVIEW AND ASSIST IN

24    RECRUITMENT FOR THE FACILITY IN CHINA.  HE

25    MAY ASSIST SITING THAT FACILITY IN CHINA.  HE

1        MAY MEET WITH FACULTY IN CHINA ONLY REGARDING

2        RECRUITMENT FOR THAT FACILITY.  HE MAY MEET

3        WITH GOVERNMENT OFFICIALS IN CHINA, TO THE

4        EXTENT THAT IS NECESSARY, TO ESTABLISH,

5        LICENSE AND SITE THE FACILITY.

6            HE IS NOT TO HAVE CONTACT WITH THOSE

7        GOVERNMENT OFFICIALS OR UNIVERSITY OFFICIALS

8        REGARDING SOFTWARE DEVELOPMENT OR OTHER

9        RESEARCH PROJECTS OF GOOGLE PENDING TRIAL.

10           DR. LEE AND GOOGLE ARE, OF COURSE,

11       ENJOINED FROM DISCLOSING OR MISAPPROPRIATING

12       ANY TRADE SECRETS OR CONFIDENTIAL INFORMATION

13       OF MICROSOFT.

14           DR. LEE, AS THE AGREEMENT PROVIDES, IS

15       ENJOINED FROM SOLICITING ANY OF MICROSOFT'S

16       EMPLOYEES TO JOIN GOOGLE.

17           ALL PARTIES ARE ENJOINED FROM DESTROYING

18       ANY DOCUMENTS OR FILES OF ANY KIND THAT

19       RELATE TO THIS MATTER.

20           MICROSOFT SHALL MAINTAIN THE CURRENT

21       INJUNCTION BOND IN PLACE AFTER THE TRO.

22           THE TRO IS SUPERSEDED BY THIS

23       PRELIMINARY INJUNCTION.  THEREFORE,

24       DEFENDANTS' MOTION TO DISSOLVE THE TRO IS

25       MOOT AT THIS POINT.

1              THE BAILIFF HAS COPIES OF THE

2        PRELIMINARY INJUNCTION I HAVE JUST

3        SUMMARIZED.  SHE WILL MAKE THEM AVAILABLE TO

4        THE PARTIES AND THE PUBLIC.

5              WE ARE IN RECESS UNTIL THE TRIAL IN

6        JANUARY.

7     (RECESS.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1     STATE OF WASHINGTON  )

2                )  SS.  REPORTER'S CERTIFICATE

3     COUNTY OF KING     )

4

5          I, APRIL M. LAINE, ONE OF THE OFFICIAL COURT

6     REPORTERS OF THE SUPERIOR COURT OF THE STATE OF

7     WASHINGTON, IN AND FOR THE COUNTY OF KING, DO HEREBY

8     CERTIFY THAT THE VERBATIM REPORT OF PROCEEDINGS IN THE

9     FOREGOING CAUSE WAS ORDERED VERBALLY BY DENNIS TESSIER

10    AND SCOTT RIEWERTS ON THE 13TH DAY OF SEPTEMBER,

11    2005.

12

13         I FURTHER CERTIFY THAT I DELIVERED A COPY OF SAID

14    VERBATIM REPORT OF PROCEEDINGS TO MR. TESSIER AND

15    MR. RIEWERTS ON THE 15TH OF SEPTEMBER, 2005, THE

16    ORIGINAL BEING RETAINED BY ME.

17

18

19

20

21

22         _____

23         APRIL M. LAINE

24         OFFICIAL COURT REPORTER

25