1  STEPHEN E. TAYLOR (SBN 58452)
   STACEY L. WEXLER (SBN 184466)
2  JAN J. KLOHONATZ (SBN 111718)
   TAYLOR & COMPANY LAW OFFICES, INC.
3  One Ferry Building, Suite 355
   San Francisco, California 94111
4  Telephone:  (415) 788-8200
   Facsimile:  (415) 788-8208
5  E-mail: staylor@tcolaw.com
   E-mail: swexler@tcolaw.com
6  E-mail: jklohonatz@tcolaw.com

7  Attorneys for Plaintiffs
   GOOGLE INC. and KAI-FU LEE

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

12

13  GOOGLE INC. and KAI-FU LEE,          Case No.:  CV 05-03095 (RMW)

14          Plaintiffs,                  **REPLY BY PLAINTIFFS GOOGLE INC.
                                         AND KAI-FU LEE IN SUPPORT OF
15  v.                                   MOTION FOR SUMMARY JUDGMENT**

16  MICROSOFT CORPORATION,               Date:     October 14, 2005
                                         Time:     9:00 a.m.
17          Defendant.                   Place:    Courtroom 6

18                                       Honorable Ronald M. Whyte

19

20

21

22

23

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, INC.

REPLY BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT:  CASE NO. CV 05-03095 (RMW)

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...................................................................................................... 1

II.     ARGUMENT ............................................................................................................ 2

        A.  IN THE PROCEEDING BEFORE THIS COURT, WASHINGTON
            LAW CANNOT GOVERN THE ENFORCEABILITY OF THE
            COVENANT NOT TO COMPETE ................................................................. 3

            1.  Google is Not a Party to The Agreement
                Containing The Choice-of-Law Clause, And
                Therefore Cannot be Bound by That Clause ....................................... 3

            2.  Microsoft's Choice-of-Law Clause Cannot Be Enforced
                in This Court Because Application of Washington Law
                Would Violate California's Fundamental Public Policy
                Against Non-Competes, And California Has a Materially
                Greater Interest in Determining The Enforceability of
                The Covenant Not to Compete ........................................................... 4

            3.  California's Interest in Determining The Enforceability
                of The Covenant Not to Compete Under California Law
                is Paramount to Any Purported Interest of Washington ..................... 6

        B.  ANY RESTRAINT IN DR. LEE'S EMPLOYMENT
            AGREEMENT IS UNENFORCEABLE UNDER
            CALIFORNIA LAW, AND APPLICATION OF
            WASHINGTON LAW'S REASONABLENESS
            TEST VIOLATES CALIFORNIA'S PUBLIC POLICY ................................. 9

        C.  AS A MATTER OF LAW, MICROSOFT'S  COVENANT NOT TO
            COMPETE IS NOT NECESSARY  TO PROTECT MICROSOFT'S
            TRADE SECRETS  OR CONFIDENTIAL INFORMATION ....................... 11

III.    CONCLUSION ....................................................................................................... 14

TAYLOR & CO.
LAW OFFICES, INC.

# TABLE OF AUTHORITIES

## CASES

Application Group, Inc. v. Hunter Group, Inc.,
61 Cal. App. 4th 881 (1998) ................................................................5, 6, 7, 8, 9, 12

Boughton v. Socony Mobil Oil Co.,
231 Cal. App. 2d 188 (1964) ....................................................................................10

Campbell v. Board of Trustees of Stanford University,
817 F.2d 499 (9th Cir. 1987) .................................................................................9, 11

D'Sa v. Playhut, Inc.,
85 Cal. App. 4th 927 (2000) ............................................................................8, 12, 13

Diodes, Inc. v. Franzen,
260 Cal. App. 2d 244 (1968) ......................................................................................9

Erie R.R. Co. v. Tompkins,
304 U.S. 64 (1938)......................................................................................................4

Ferrofluidics Corp. v. Advanced Vacuum Components, Inc.,
968 F.2d 1463 (1st Cir. 1992).................................................................................7, 8

General Commercial Packaging, Inc. v. TPS Package Eng'g, Inc.,
126 F.3d 1131 (9th Cir. 1997) ....................................................................................9

Gen. Signal Corp. v. MCI Telecomms. Corp,
66 F.3d 1500 (9th Cir. 1995) ......................................................................................5

Gordon v. Landau,
49 Cal. 2d 690 (1958) ...............................................................................................13

Hall v. Superior Court,
150 Cal. App. 3d 411 (1983) .......................................................................................5

Hill Med. Corp. v. Wycoff,
86 Cal. App. 4th 895 (2001) .......................................................................................4

Int'l Bus. Mach. Corp. v. Bajorek,
191 F.3d 1033 (9th Cir. 1999) ...............................................................................9, 10

Manetti-Farrow, Inc. v. Gucci Am., Inc.,
858 F.2d 509 (9th Cir. 1988) ......................................................................................3

McGill v. Hill,
31 Wash. App. 542 (1982)...........................................................................................5

ii.

TAYLOR & CO.
LAW OFFICES, INC.

Medtronic, Inc. v. Advanced Bionics Corp.,
    29 Cal 4th 697 (2002) ..................................................................................4,6, 12

Metro Traffic Control, Inc. v. Shadow Traffic Network,
    22 Cal. App. 4th 853 (1994) ...............................................................................12

Muggill v. Reuben H. Donnelley Corp.,
    62 Cal. 2d 239 (1965) ........................................................................................12

Mundy v. Household Fin. Corp.,
    885 F.2d 542 (9th Cir. 1989) ................................................................................5

Nedlloyd Lines B.V. v. Superior Court,
    3 Cal. 4th 459 (1992) ............................................................................................4

Roesgen v. Am. Home Prod. Corp.,
    719 F.2d 319 (9th Cir. 1983) .............................................................................6, 7

Salve Regina College v. Russell,
    499 U.S. 225 (1991) ..............................................................................................6

Scott v. Snelling & Snelling, Inc.,
    732 F. Supp. 1034 (N.D. Cal. 1990) .................................................................5, 6

Smith v. CMTA-IAM Pension Trust,
    654 F.2d 650 (9th Cir. 1981) ................................................................................9

Sparling v. Hoffman Constr. Co.,
    864 F.2d 635 (9th Cir. 1988) ................................................................................5

Thompson v. Impaxx, Inc.,
    113 Cal. App. 4th 1425 (2003) ...........................................................................13

Whyte v. Schlage Lock Co.,
    101 Cal. App. 4th 1443 (2002) ......................................................................8, 13

**STATUTES**

California Business and Professions Code section 16600 ............................................. Passim

TAYLOR & CO.
LAW OFFICES, INC.

1

## I.   <u>INTRODUCTION</u>

2    Microsoft desperately wants to keep this Court from deciding this case under California law.

3 That is because Microsoft knows that the Covenant Not to Compete it is trying to impose on Dr. Lee is

4 invalid and unenforceable under the black-letter law of this state.  As part of its effort to avoid having

5 the Court protect Google's and Dr. Lee's rights under California law, Microsoft asks the Court to defer

6 ruling on plaintiffs' Motion for Summary Judgment until after ruling on Microsoft's Motion to

7 Dismiss, Transfer or Stay, which is being heard concurrently with plaintiffs' Motion.  For the reasons

8 described in plaintiffs' Opposition to Microsoft's Motion, the Court should retain jurisdiction over this

9 action and should decide it now under California law.

10    Microsoft makes two substantive arguments in opposition to plaintiffs' Motion for Summary

11 Judgment:  (1) that Washington law, and not California law, applies to this dispute based on a choice-

12 of-law clause in Dr. Lee's form Microsoft Employment Agreement; and (2) that even if California law

13 applies, the Covenant Not to Compete is enforceable against Dr. Lee and Google.  The Court should

14 reject those arguments, for the following reasons:

15
16    • Google is neither a signatory to nor a beneficiary of the choice-of-law provision in the
       Microsoft Employment Agreement, and that provision cannot be enforced <u>against Google</u>
17       under these circumstances;

18    • As for Dr. Lee, who is a signatory to the agreement at issue, a federal court sitting in diversity
       in California cannot enforce a choice-of-law clause that that would be contrary to California's
19       public policy, where, as here, California has a materially greater interest, as a matter of law, in
       having the enforceability of the Covenant Not to Compete decided under California law;

20
21    • California has a strong public policy against the enforcement of non-compete provisions in
       employment agreements, as expressed in Business and Professions Code section 16600,
22       whereas Washington law enforces "reasonable" non-compete provisions;

23    • Application of Washington law's "reasonableness" test to the enforceability of Microsoft's
       Covenant Not to Compete would violate California's fundamental public policy against such
24       provisions, and California's interests in protecting its employees and employers are paramount
       to those of Washington.  Thus, the Court must not enforce the Washington choice-of-law
25       provision;

26    • Under California law, the Covenant Not to Compete must be declared unenforceable, as
       California does not allow for any restraints on employee mobility in employment contracts.
27

28

In sum, because Microsoft has not presented <u>any evidence</u> that there is a dispute of material fact as to the issues raised by plaintiffs' Summary Judgment Motion, the Court should grant judgment in plaintiffs' favor on their sole cause of action for declaratory relief.

Moreover, Microsoft's suggestion that it is <u>plaintiffs</u> who are forum shopping is belied by Microsoft's repeated attempts to take this case out of the hands of a California court.  Google and Dr. Lee, on the other hand, have not attempted to derail the proceedings in Washington, understanding that under California law, the appropriate course of action is to allow both proceedings to go forward in parallel.  As an example of Microsoft's unjustified accusations against plaintiffs, it is difficult to understand how plaintiffs could have filed this case because they were "[u]nhappy with the rulings of the Washington court," when plaintiffs filed this case <u>before</u> the Washington court had made any rulings, and they filed this Summary Judgment Motion <u>before</u> the Washington court held its preliminary injunction hearing.  Microsoft's claim that plaintiffs never asked the Washington court to consider the choice-of-law issue is likewise a ruse.  Even if the two states do, in the abstract, employ the same choice-of-law principles, the focus of each state's rule is on whether the <u>forum</u> state's public policy would be offended by application of the chosen law.  Here, Washington's policy would not be offended by its own "reasonableness" test, so any argument in a Washington court that California law should apply would likely be futile.  California's policies, on the other hand, would be contravened by application of Washington's "reasonableness" standard for enforcing non-competes, thus California law must apply in this case in California.

## II.   <u>ARGUMENT</u>

There is no dispute as to any of the facts material to deciding this motion, all of which are contained in plaintiffs' moving papers.  In its opposition, Microsoft attempts to distract the Court from what is truly important by describing, in painstaking detail, the proceedings in Washington.  While many of those facts are likewise undisputed, they are also wholly immaterial to deciding the dispute before this Court.  In Washington, the court has considered, and is continuing to consider, whether the

2.

TAYLOR & CO.
LAW OFFICES, INC.

Covenant Not to Compete is enforceable under <u>Washington</u> law.[1]  This Court, on the other hand, has the responsibility to decide whether that provision is enforceable under <u>California</u> law, which it is not.

As a preliminary matter, the Court should not defer ruling on this motion based on Microsoft's Motion to Dismiss, as there is no truly parallel proceeding in Washington (and even if there were, under California law, <u>both</u> cases were properly filed and should be allowed to proceed), and because the forum-selection clause in the Microsoft Employment Agreement should not be enforced, as doing so would contravene California's public policy against non-competes in employment agreements. Thus, Microsoft's Motion in no way renders this Summary Judgment Motion moot.  <u>See</u> Microsoft's Opposition at p. 5:11-12.

### A. IN THE PROCEEDING BEFORE THIS COURT, WASHINGTON LAW CANNOT GOVERN THE ENFORCEABILITY OF THE COVENANT NOT TO COMPETE

#### 1. Google is Not a Party to The Agreement Containing The Choice-of-Law Clause, And Therefore Cannot be Bound by That Clause

It is undisputed that Dr. Lee's form Microsoft Employment Agreement contains a Washington choice-of-law clause.  It is further undisputed that Google is <u>not</u> a signatory to Dr. Lee's Microsoft Employment Agreement.  Because Google is not a signatory to the Microsoft Employment Agreement, it cannot be bound by the agreement's choice-of-law clause.  And Microsoft does not cite any authority for the proposition that Google can be bound by that clause.[2]  Accordingly, regardless whether the

---

[1] Contrary to Microsoft's claim that plaintiffs concealed the pendency of this motion from the court presiding over the Washington action, this motion was addressed and discussed by both sides at the preliminary injunction hearing in that case on September 6 and 7, 2005.  Microsoft's counsel raised this motion first during its opening statement at the preliminary injunction hearing because, as the moving party, it proceeded first with its opening statement.

[2] Microsoft does cite <u>Manetti-Farrow, Inc. v. Gucci Am., Inc.,</u> 858 F.2d 509, 512, 513 (9th Cir. 1988), for the proposition that Google can be bound by the <u>forum-selection</u> clause in Dr. Lee's employment agreement with Microsoft based on Google's alleged "close relationship with the Agreement."  Microsoft's Opposition at p.5 n.1.  Microsoft is wrong about this as well, as a forum selection clause is only enforced against a non-signatory where the non-signatory is a <u>beneficiary</u> of the agreement -- not where a party to the agreement simply wishes to bind the non-signatory after-the-fact.  <u>Id.</u> at 511, 514 n.5.  Here, Google is anything but a beneficiary of the Microsoft Employment Agreement, and thus is not subject to its forum selection provision.  <u>See</u> Plaintiffs Google Inc.'s and Kai-Fu Lee's Opposition to Microsoft's Motion to Dismiss, Transfer or Stay at section III.A.2, incorporated by reference herein.

REPLY BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT:  CASE NO. CV 05-03095 (RMW)

TAYLOR & CO.
LAW OFFICES, INC.

Washington choice-of-law clause is enforceable against Dr. Lee (which it is not, for the reasons discussed below), the Court should not enforce it against Google.

**2. Microsoft's Choice-of-Law Clause Cannot Be Enforced in This Court Because Application of Washington Law Would Violate California's Fundamental Public Policy Against Non-Competes, And California Has a Materially Greater Interest in Determining The Enforceability of The Covenant Not to Compete**

The parties agree that California's choice-of-law rules apply in this diversity action. Under California's test regarding enforceability of a contractual choice-of-law clause, such a clause shall not be applied (1) where the chosen state has no "substantial relationship" to the parties or the transaction, or there is no other reasonable basis for the parties' choice of law, or (2) where the chosen state's law "is contrary to a fundamental public policy of California." [3] See, e.g., Nedlloyd Lines B.V. v. Superior Court, 3 Cal. 4th 459, 466 (1992) (emphasis added). If there is a conflict between the chosen state's law and California's public policies, the court must then determine which state has a "materially greater interest in the determination of the particular issue." Id.[4]

It is beyond question that California has a strong, fundamental public policy against covenants not to compete. See, e.g., Medtronic, Inc. v. Advanced Bionics Corp., 29 Cal. 4th 697, 706 (2002); Hill Med. Corp. v. Wycoff, 86 Cal. App. 4th 895, 900-01 (2001); see also Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment at section III.A.1. Not surprisingly, Microsoft's analysis of the choice-of-law question skips over this point, and jumps directly to the question of which state, Washington or California, has a materially greater interest in deciding this dispute. See Microsoft's Opposition at p. 7:4-14. The well established answer to this question under California law is that California's interests in protecting its employers and employees

---

[3] Plaintiffs do not dispute that Washington has the requisite "substantial relationship" to the transactions at issue such that its law could have been an appropriate choice in this case if it did not offend California's public policy against non-competes.

[4] The California choice-of-law test also looks at which state "would be the state of the applicable law in the absence of an effective choice of law by the parties." Nedlloyd, 3 Cal. 4th at 465. Here, California law would be the applicable law in the absence of the choice-of-law clause, as a federal court exercising diversity jurisdiction in California must apply the substantive law of the state in which it is located. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

REPLY BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT:  CASE NO. CV 05-03095 (RMW)

TAYLOR & CO.
LAW OFFICES, INC.

from covenants not to compete are paramount to those of a state that employs a "reasonableness" test for enforceability of a covenant not to compete. Accordingly, California law must apply here.[5]

Indeed, both California state and federal courts recognize California's paramount interest in prohibiting non-competes. In the leading California case on this issue, <u>Application Group, Inc. v. Hunter Group, Inc.</u>, 61 Cal. App. 4th 881 (1998), the court held that California's interest in protecting its employees' freedom of movement and its employers' ability to compete for talented employees was materially greater than any interest Maryland had in enforcing a Maryland employer's non-compete in California under Maryland's "reasonableness" test. <u>See id.</u> at 900-02. The court declined to enforce the Maryland choice-of-law clause, holding that to do so, "would have been to allow an out-of-state employer/competitor to limit employment and business opportunities in California," which would be contrary to California's fundamental public policy. <u>Id.</u> at 902.

Likewise, in <u>Scott v. Snelling & Snelling, Inc.</u>, 732 F. Supp. 1034 (N.D. Cal. 1990), the Honorable Eugene F. Lynch concluded that California law trumps a choice-of-law clause with respect to the issue of enforceability of a non-compete if the contractually chosen state law employs a "rule of reason" test. In that case, plaintiffs argued that a covenant not to compete contained in a franchise agreement was unenforceable as a matter of California law. <u>See id.</u> at 1039. The franchise agreement contained a Pennsylvania choice-of-law clause. <u>See id.</u> After determining that Section 16600 applies to franchise agreements, the court held that California law applied to the question of enforceability of the covenant not to compete, despite the Pennsylvania choice-of-law clause in the agreement. <u>See id.</u>

---

[5] <u>See also</u> <u>Gen. Signal Corp. v. MCI Telecomms. Corp.</u>, 66 F.3d 1500, 1506 (9th Cir. 1995) ("Under California choice-of-law rules, we must apply the law designated by the contractual provision unless . . . such application would run contrary to a <u>California</u> public policy or evade a <u>California</u> statute.") (emphasis added) (citations omitted); <u>Mundy v. Household Fin. Corp.</u>, 885 F.2d 542, 544 (9th Cir. 1989) ("California courts respect choice of law provisions in a contract unless doing so would violate a strong public policy") (citation omitted); <u>Hall v. Superior Court</u>, 150 Cal. App. 3d 411, 417 (1983) ("[A]n agreement designating [a foreign] law will not be given effect if it would violate a strong California public policy") (citation and internal quotation omitted). Washington takes the same approach, but from the perspective of whether the chosen law violates <u>its own</u> public policy. <u>See, e.g.</u>, <u>Sparling v. Hoffman Constr. Co.</u>, 864 F.2d 635, 641 (9th Cir. 1988) ("Washington law gives effect to an express choice of law clause in a contract as long as application of the chosen law does not violate <u>Washington's</u> fundamental public policy") (emphasis added) (citation omitted); <u>McGill v. Hill</u>, 31 Wash. App. 542, 547 (1982) (in Washington, "[a]n express choice of law clause in a contract will be given effect, as expressing the intent of the parties, so long as application of the chosen law does not violate the fundamental public policy of the forum state").

5.

1    at 1041.  "This is so under California choice of law principles because of the strong public policy of

2    California embodied in section 16600, the lack of an applicable statutory exception to section 16600,

3    and the broadly inclusive language of the statute."  Id.

### 3. California's Interest in Determining The Enforceability of The Covenant Not to Compete Under California Law is Paramount to Any Purported Interest of Washington

6        Microsoft is correct that plaintiffs do not dispute the facts that Dr. Lee's Microsoft

7    Employment Agreement was entered into and substantially performed in Washington, or that certain

8    benefits were conferred on Dr. Lee by Microsoft, a Washington corporation, in Washington under the

9    Agreement, while Dr. Lee was a Washington resident.  But those facts are not relevant or material to

10   determining the question of law at hand.  Rather, under California law, the material undisputed facts

11   are that Google is a California corporation, Dr. Lee is now employed by Google, and Microsoft -- an

12   out-of-state corporation -- is trying to interfere with that employment relationship by seeking to impose

13   its Covenant Not to Compete.  Here, as in Application Group and Scott, the Court should conclude

14   that, under California law, where an out-of-state former employer seeks to impose a covenant not to

15   compete that would interfere with a California employment relationship, California law must govern

16   the dispute.

17       The cases Microsoft relies on are not to the contrary.  First, in Roesgen v. Am. Home Prod.

18   Corp., 719 F.2d 319 (9th Cir. 1983), the Ninth Circuit reviewed a district court's decision to apply

19   New York law in a diversity case brought in California.  The Ninth Circuit noted that the district court

20   made its determination based on its interpretation and application of California's choice-of-law

21   principles.  Stating that its "review of the district court's interpretation of state law in diversity cases is

22   limited" and that it thus "may not overrule the [district] court unless it is 'clearly wrong,'" the Ninth

23   Circuit affirmed the application of New York law.[6]  Id. at 320.

24       Since Roesgen was decided well before the California state courts' seminal decisions in

25   Application Group and Medtronic, its continuing viability is questionable at best.  In fact, the court in

---

[6] The "clearly erroneous" standard of review employed by the Ninth Circuit in Roesgen has since been rejected by the United States Supreme Court.  Salve Regina College v. Russell, 499 U.S. 225, 239 (1991) (holding that courts of appeals must review district court determinations of state law de novo)

REPLY BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT:  CASE NO. CV 05-03095 (RMW)

TAYLOR & CO.
LAW OFFICES, INC.

<u>Application Group</u> rejected the holding of <u>Roesgen</u>, stating that "application of such a lenient standard of review may well have resulted in <u>an erroneous decision under California law</u> by a federal court, which we need not follow." <u>Application Group</u>, 61 Cal. App. 4th at 903 n.16 (emphasis added). Moreover, even the Ninth Circuit itself noted in <u>Roesgen</u> that, at the time of its decision in 1983, the California Supreme Court had not addressed the choice-of-law issue in that case. <u>See Roesgen</u>, 719 F.2d at 321. Consequently, the Ninth Circuit relied solely on two California Supreme Court cases decided in 1961 and 1957, involving the Statute of Frauds and mortgage/forfeiture laws, respectively, to reach the conclusion that New York law applied. <u>See id.</u> Now that the California courts <u>have spoken</u> on the choice-of-law question in the non-compete context, <u>Roesgen</u> is no longer applicable in this diversity case.

The other case on which Microsoft relies in arguing that Washington has a materially greater interest here is a First Circuit case, <u>Ferrofluidics Corp. v. Advanced Vacuum Components, Inc.</u>, 968 F.2d 1463 (1st Cir. 1992). Not only is <u>Ferrofluidics</u> non-binding on the Court, but it is easily distinguishable. First, in <u>Ferrofluidics</u>, the United States District Court for the District of New Hampshire applied <u>New Hampshire</u> law to decide the enforceability of a non-compete, despite the facts that the contract at issue contained a Massachusetts choice-of-law provision, and the defendants had argued for the application of California law. The First Circuit held that the decision to apply New Hampshire law "probably was erroneous." <u>Id.</u> at 1467. Nevertheless, the appellate court found the error to be harmless, because it concluded that Massachusetts law should have applied, and the substantive law of Massachusetts regarding non-competes is the same as that of New Hampshire. Significantly, the First Circuit looked to <u>New Hampshire choice-of-law rules</u> to decide the issue of which state's law applied, and made <u>no mention of a public policy factor under those rules</u>. Instead, the court looked <u>only</u> at which state had the "most significant relationship" to the transaction at issue. <u>Id.</u> at 1467-68. Because California does not ascribe to the "most significant relationship" test, and instead takes into consideration the respective states' public policy concerns, <u>Ferrofluidics</u> has no bearing on the present case.

Second, the only connection to California in <u>Ferrofluidics</u> was that the former employees incorporated their new company in California <u>for the purpose</u> of avoiding their non-compete obligations; in fact, they did so after receiving legal advice that California does not recognize non-competes.  <u>See id.</u> at 1466.  To the contrary in the present case, it is obvious that Google did not set up shop in California back in 1998 for the purpose of avoiding the effects of Dr. Lee's non-compete.

As its final argument that Washington has the materially greater interest here, Microsoft makes a futile attempt to distinguish California's <u>Application Group</u> case.  Microsoft's argument misses the point.  The <u>Application Group</u> decision makes it clear that the particular language of the restraint is not the relevant inquiry.  Even "reasonable" restraints, which might be enforceable under the law of other states, are void in California under Section 16600.  <u>See</u> <u>Application Group</u>, 61 Cal. App. 4th at 900-01. California's interest in prohibiting restraints on employment thus applies whether the language of the clause creates a "reasonable" restraint, or a complete restraint.

Microsoft further argues that the <u>Application Group</u> case is distinguishable because the court there found the former employer's covenant not to compete by design violated California's public policy in favor of employee mobility.  Microsoft claims circumstances are different here because Microsoft's purported purpose for requiring the non-compete is to protect Microsoft's trade secrets or proprietary information.  Under California law, though, the enforceability of a non-compete does not depend upon the out-of-state employer's claimed subjective intent, and merely asserting a fear of trade secret misappropriation is not enough to render a non-compete enforceable.  Indeed, the court in <u>Whyte v. Schlage Lock Co.</u>, 101 Cal. App. 4th 1443, 1463 (2002) disapproved of Microsoft's tactic here, holding:  "If a covenant not to compete . . . is part of the employment agreement, the inevitable disclosure doctrine cannot be invoked to supplement the covenant, alter its meaning, or make an otherwise unenforceable covenant enforceable."

To the extent Microsoft's opposition attempts to articulate Washington's (as opposed to Microsoft's own) interest in deciding the issue, Microsoft also argues that enforceability of the non-compete is necessitated by Washington's desire to protect trade secrets.  Microsoft acknowledges, however, that California has that interest as well.  <u>See</u> Microsoft's Opposition at p.11; <u>see also</u> <u>D'Sa v.</u>

8.

Playhut, Inc., 85 Cal. App. 4th 927, 934 (2000). The interest in protecting trade secrets thus provides Washington with no greater claim to having its law apply than that of California. Furthermore, California courts have determined, as a matter of law, that California's interest in ensuring the freedom of mobility of employees and the competitive position of California employers elevates California's interest above that of Washington in this context. See Application Group, 61 Cal. App. 4th at 901 (quoting Diodes, Inc. v. Franzen, 260 Cal. App. 2d 244, 255 (1968)). California's interest simply is not protected under Washington law.

Finally, Microsoft contends that summary judgment should be denied because disputed issues of material fact exist as to whether application of Washington law would violate a fundamental public policy in California. That is not the case. Not surprisingly, Microsoft does not identify any specific issues of material fact that it contends are in dispute, because there are none. All the Court needs to do to decide this motion is apply the plain language of Section 16600 to the terms of the Microsoft Employment Agreement. No further facts are necessary, or in dispute, and summary judgment should be granted in plaintiffs' favor.

**B.   ANY RESTRAINT IN DR. LEE'S EMPLOYMENT AGREEMENT IS UNENFORCEABLE UNDER CALIFORNIA LAW, AND APPLICATION OF WASHINGTON LAW'S REASONABLENESS TEST VIOLATES CALIFORNIA'S PUBLIC POLICY**

As expected, Microsoft relies upon distinguishable Ninth Circuit cases to attempt to save the Covenant Not to Compete in Dr. Lee's Microsoft Employment Agreement. The core issue in this case, however, is not addressed in any of the Ninth Circuit decisions. The issue here is not whether Dr. Lee should be allowed to retain the proceeds of incentive stock options (Int'l Bus. Mach. Corp. v. Bajorek, 191 F.3d 1033 (9th Cir. 1999)), or be required temporarily to delay the receipt of pension benefits (Smith v. CMTA-IAM Pension Trust, 654 F.2d 650 (9th Cir. 1981)). Nor is the enforceability of a contract provision in a subcontract between two corporations (General Commercial Packaging, Inc. v. TPS Package Eng'g, Inc., 126 F.3d 1131 (9th Cir. 1997)), or a license agreement clause prohibiting the licensor from creating a product in competition with the licensed product (Campbell v. Board of Trustees of Stanford University, 817 F.2d 499 (9th Cir. 1987)), at issue in this case. Instead, the issue

9.

here is whether Microsoft should be allowed to interfere with Dr. Lee's right to work after leaving Microsoft, based upon a restraining clause contained in the Microsoft Employment Agreement.  The California cases cited in plaintiffs' moving papers answer that question -- the restraint is unenforceable.  See Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment at section III.B.1.

Nevertheless, Microsoft asserts that the Ninth Circuit decision in Bajorek, 191 F.3d 1033 (9th Cir. 1999), "is directly on point."  To the contrary, the Bajorek court noted that the former employee in that case had alternatives under which he could have begun working for an IBM competitor immediately upon leaving IBM, including by exercising his options six months before leaving, or by foregoing exercising those options.  See id. at 1041.  The Covenant Not to Compete in Dr. Lee's Microsoft Employment Agreement provided no such alternatives.

The lone California case cited in support of Microsoft's argument that only complete restraints are unenforceable under California law also is distinguishable.  In Boughton v. Socony Mobil Oil Co., 231 Cal. App. 2d 188 (1964), the contract provision at issue was a restriction in a deed prohibiting a certain use of land prior to a specified date.  The court expressly stated that the "single restriction is imposed, not personally on plaintiffs restraining them from engaging or carrying on any profession, trade or business but, on the use of the land upon which they as grantees are barred merely from selling petroleum products, and then only for a limited period of time."  Id. at 190.  Boughton thus does not stand for the proposition that a limited restraint under Section 16600 is permissible.  Where, as here, the restraint is imposed on an individual and interferes with his right and ability to work, it is unenforceable irrespective of whether it is a complete restraint.

Microsoft also attempts to minimize the scope of the restraint imposed on Dr. Lee by the Microsoft Employment Agreement to argue that the non-compete is enforceable because it does not completely restrain Dr. Lee.  As the California cases decided since Bajorek (cited in plaintiffs' opening brief) establish, any direct restraint on employment is unenforceable.  Indeed, Bajorek stands for the proposition that Section 16600 extends even to restraints that do not directly affect an employee's ability to work.  And where an agreement affects other rights that may make it more difficult for

10.

TAYLOR & CO.
LAW OFFICES, INC.

individuals to exercise their right to work, e.g., stock options, pension benefits, subcontracting and licensing, the scope of the restraint might be a relevant inquiry.  But where a direct restraint on an individual's ability to work is at issue -- as in the present case -- that restraint is <u>per se</u> unenforceable.

Finally, to the extent Microsoft suggests the <u>Campbell</u> case raises a triable issue of fact regarding the scope of Dr. Lee's non-compete obligations, that argument also should be rejected. Where the covenant not to compete is contained in an employment agreement and restrains an individual's employment in any way, there is a violation of Section 16600, and no triable issue of fact exists.

### C. AS A MATTER OF LAW, MICROSOFT'S COVENANT NOT TO COMPETE IS NOT NECESSARY TO PROTECT MICROSOFT'S TRADE SECRETS OR CONFIDENTIAL INFORMATION

The non-compete in Dr. Lee's employment agreement is not, as Microsoft now claims, limited to the protection of Microsoft's trade secrets, nor is its enforcement in California necessary to protect trade secrets.  In fact, Dr. Lee's obligations not to disclose Microsoft's trade secrets are governed by the entirely separate "<u>Non-Disclosure</u>" section of his employment agreement with Microsoft.  <u>See</u> Declaration of Kai-Fu Lee in Support of Motion by Plaintiffs Google Inc. and Kai-Fu Lee for Summary Judgment ("Lee Decl."), Exh. A, ¶ 3.  That provision states, in part, as follows:  "During my employment and at all times thereafter, I will not disclose to anyone outside MICROSOFT nor use for any purpose other than my work for MICROSOFT:  a) any MICROSOFT confidential or proprietary information or trade secrets."  (Lee Decl., Exh. A, ¶ 3.)  Plaintiffs do not challenge the propriety of the non-disclosure provision in Dr. Lee's employment agreement; rather, it is the non-compete (paragraph 9 of the Microsoft Employment Agreement) that plaintiffs challenge.

Even Microsoft has conceded that the subject of its dispute with Dr. Lee and Google is the non-compete provision, and not trade secrets.  At the outset of the preliminary injunction evidentiary hearing in the Washington action, Microsoft's counsel stated:  "Your Honor, this case is not a trade secret case.  It's not a misappropriation case.  <u>This is a noncompete case</u>."  (Declaration of Stacey L.

11.

Wexler in Support of Reply by Plaintiffs Google Inc. and Kai-Fu Lee in Support of Motion for Summary Judgment, ¶ 2, Exh. A at 6:24-7:2) (emphasis added).

The cases upon which Microsoft relies do not support its position that the Covenant Not to Compete is narrowly tailored to protect its trade secrets.  With only one exception, those cases either pre-date <u>Application Group</u> and <u>Medtronic</u> by decades, or are from non-California jurisdictions. First, <u>Metro Traffic Control, Inc. v. Shadow Traffic Network</u>, 22 Cal. App. 4th 853 (1994), undermines, rather than supports, Microsoft's position.  In that case, the court declared a non-compete invalid, even though the agreement recited language purporting to protect the employer's trade secrets.  <u>See id.</u> at 856 n.1, 859-60.  Like Microsoft's form employment agreement, the non-compete in <u>Metro Traffic Control</u> prohibited plaintiff's employees from working for a competitor in areas on which they had worked for plaintiff (defined as "Restricted Activities"), for a period of one year after leaving plaintiff's employ.  <u>See id.</u> at 856 n.1.  The employment agreement also contained a separate covenant not to disclose plaintiff's confidential and trade secret information.  <u>See id.</u>  Noting that plaintiff had not proved trade secret misappropriation, the court held that the non-compete violated Section 16600.  <u>See id.</u>; <u>see also</u> <u>Muggill v. Reuben H. Donnelley Corp.</u>, 62 Cal. 2d 239, 242-43 (1965).  Like the non-compete at issue in <u>Metro Traffic Control</u>, the Microsoft Covenant Not to Compete violates Section 16600.

The Microsoft Employment Agreement also bears striking similarities to the agreement a California court held to be invalid in <u>D'Sa</u>, 85 Cal. App. 4th at 935.  In that case, a former employer, Playhut, argued to no avail that the non-compete provision in its employment agreement was necessary to protect its trade secrets.  Like the Microsoft Employment Agreement, the non-compete in <u>D'Sa</u> purported to prevent Playhut employees from working in connection with any competitor's products that competed with Playhut products as to which the employee had been exposed to confidential information.  <u>See id.</u> at 930-31.  The Court held that the non-compete at issue was not necessary to protect trade secrets, because:

REPLY BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT:  CASE NO. CV 05-03095 (RMW)

> (1) it is the <u>other provisions of the agreement that are meant to provide</u>
> <u>such protection</u>, and (2) the covenant not to compete only places a one-
> year limitation on plaintiff's activities whereas these other provisions are
> not so limited.

<u>Id</u>. at 935 (emphasis added).  Dr. Lee's employment agreement is no different, and the Covenant Not to Compete is likewise unenforceable.  <u>See also</u> <u>Thompson v. Impaxx, Inc.</u>, 113 Cal. App. 4th 1425, 1430-31 (2003) (noting that mere recital in an employment agreement that the non-compete applies only to confidential information does not establish that the information is a trade secret); <u>Whyte</u>, 101 Cal. App. 4th at 1463 (holding that the inevitable disclosure doctrine cannot be invoked to make an otherwise unenforceable covenant not to compete enforceable).

Finally, the California Supreme Court's opinion in <u>Gordon v. Landau</u>, 49 Cal. 2d 690, 694 (1958), also cited by Microsoft, concerned a non-solicitation clause that is distinguishable from the general non-compete provision in Dr. Lee's employment agreement.  In <u>Gordon</u>, the plaintiff employer operated a door-to-door household supply sales business, which earned the majority of its revenue from repeat customers.  Each day, the employer provided its salesmen with a list detailing the names, addresses, purchase history and credit rating of its repeat customers.  As part of his employment agreement, defendant agreed not to solicit or disclose the identities of plaintiff's customers for a period of one year after the termination of his employment.  However, after two years of working for plaintiff, defendant started his own business and continued soliciting 117 of plaintiff's top customers, the identities and buying habits of whom defendant learned only through his employment with plaintiff.  The court found that the identity of the key customers was a valuable trade secret that defendant misappropriated when he continued to use it after leaving plaintiff's employ.  <u>Id.</u>

The undisputed facts here could not be more different.  In fact, Microsoft's counsel has even stated in open court in the Washington action that the parties' dispute is <u>not</u> about trade secrets, like a customer list, but is about a non-compete.  Under these circumstances, the cases cited by Microsoft just confirm that Microsoft's Covenant Not to Compete is unenforceable as matter of California law.

13.

TAYLOR & CO.
LAW OFFICES, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.  <u>CONCLUSION</u>

For the foregoing reasons, and those set forth in plaintiffs' moving papers, the Court should

grant this motion and should enter judgment in plaintiffs' favor.


Dated:  September 30, 2005                    TAYLOR & COMPANY LAW OFFICES, INC.



                                              By: _____/s/ Stacey L. Wexler_____
                                                          Stacey L. Wexler

                                              Attorneys for Plaintiffs
                                              GOOGLE INC. and KAI-FU LEE

REPLY BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT:  CASE NO. CV 05-03095 (RMW)

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Taylor & Company Law Offices, Inc., One Ferry Building, Suite 355, San Francisco, California 94111.

On September 30, 2005, I served a true and correct copy of the document(s) described as: **REPLY BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** on the following interested parties in this action:

> Mr. Michael J. Bettinger
> Ms. Lisa Marie Schull
> Ms. Rachel R. Davidson
> Preston Gates & Ellis LLP
> 55 Second Street, Suite 1700
> San Francisco, CA 94105
> *Telephone:  (415) 882-8200*
> *Facsimile:  (415) 882-8220*

**Counsel for Microsoft Corporation**

**[     ]   [BY US MAIL]** I caused the foregoing document(s) to be enclosed in a sealed envelope, with first class postage fully paid, for delivery on the individuals identified above as indicated herein. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing and know that, in the ordinary course of Taylor & Company Law Offices, Inc.'s business practice, the document(s) described above would be deposited with the United States Postal Service on that same day at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed to be invalid if the postal cancellation date, or postage meter date, is more than one day after the date of deposit for mailing set forth in this declaration.

**[     ]   [BY FACSIMILE]** I caused the foregoing document(s) to be transmitted by facsimile to the offices of the addressees indicated above at the facsimile numbers listed for each addressee served. Upon completion of said facsimile transmission, the transmitting machine issued a transmission report showing that the transmission was complete and without error.

15.

TAYLOR & CO.
LAW OFFICES, INC.

**[   ]  [BY OVERNIGHT DELIVERY]** I caused delivery of the document(s) listed above to be effected by overnight mail, by placing true and correct copies in separate envelopes for each addressee shown above, with the name and address of the person served shown on the envelope, and by sealing the envelope and placing it for collection.  Delivery fees were paid or provided for in accordance with the ordinary business practices of Taylor & Company Law Offices, Inc.

**[ X ]  [BY PERSONAL SERVICE]** I caused the foregoing document(s) to be served by hand on the above individual(s) as indicated on the "Declaration of Personal Service" attached hereto as <u>Exhibit A</u>.  The person who delivered a true and correct copy of such document(s) to the person(s) identified below is identified in <u>Exhibit A</u> attached hereto.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.  Executed this 30th day of September, 2005, at San Francisco, California.

_____/s/ Grace D. Frary_____<br>Grace D. Frary

# EXHIBIT A

## DECLARATION OF PERSONAL SERVICE

I, the undersigned, declare as follows:

I am a resident of the State of California, over the age of 18 years, and not a party to the within action.  My business address is set forth beneath my signature herein.  On September 30, 2005, I served the document(s) described as **REPLY BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** by personally delivering a true and correct copy of the document(s) described above to the person(s) at the address(es) set forth below:

> Mr. Michael J. Bettinger
> Ms. Lisa Marie Schull
> Ms. Rachel R. Davidson
> Preston Gates & Ellis LLP
> 55 Second Street, Suite 1700
> San Francisco, CA 94105
> *Telephone:  (415) 882-8200*
> *Facsimile:  (415) 882-8220*
> **Counsel for Microsoft Corporation**

I declare under penalty of perjury, under the laws of the State of California, that on the date set forth in this declaration I served the document(s) described in this declaration on the person(s) identified above.  Executed on this 30th day of September, 2005.


                                         _____/s/ Evan P. LeBon_____
                                                      Evan P. LeBon

REPLY BY PLAINTIFFS GOOGLE INC. AND KAI-FU LEE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT:  CASE NO. CV 05-03095 (RMW)

TAYLOR & CO.
LAW OFFICES, INC.