MICHAEL J. BETTINGER (State Bar No. 122196)
RACHEL R. DAVIDSON (State Bar No. 215517)
PRESTON GATES & ELLIS LLP
55 Second Street, Suite 1700
San Francisco, California 94105-3493
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

KARL J. QUACKENBUSH (*Admitted Pro Hac Vice*)
JEFFREY C. JOHNSON (*Admitted Pro Hac Vice)*)
PRESTON GATES & ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
Telephone: (206) 623-7580
Facsimile: (206) 623-7022

Attorneys for Defendant
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GOOGLE, INC. and KAI-FU LEE,

Plaintiffs,

v.

MICROSOFT CORPORATION,

Defendant.

Case No. C 05-03095 RMW

**MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY**

Date: October 14, 2005
Time: 9:00 a.m.
Place: Courtroom 6
Judge: Ronald M. Whyte

PRINTED ON RECYCLED PAPER

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........ 1

II. THIS COURT SHOULD EXERCISE ITS DISCRETION AND DISMISS OR STAY PLAINTIFFS DECLARATORY RELIEF ACTION ........ 2

A. Microsoft's Washington Action And Plaintiffs' Reactive Declaratory Relief Action Are Parallel Proceedings With No Significant Differences ........ 3

B. The *Medtronic* Case Does Not Apply ........ 4

III. PLAINTIFFS CANNOT OVERCOME THE STRONG POLICY FAVORING ENFORCEMENT OF A FREELY NEGOTIATED FORUM SELECTION CLAUSE ........ 6

A. Enforcement of The Contractually Agreed to Washington Choice of Venue Provision Does Not Violate California Public Policy ........ 7

B. The Relief Sought and Obtained by Microsoft in the Washington Action Does Not Violate California Policy ........ 8

1. Dr. Lee Is Not Restrained From His Profession Or From Working For Google ........ 9

2. Dr. Lee's Agreement is Enforceable Because it is Narrowly Drawn To Protect Microsoft's Confidential and Trade Secret Information ........ 10

C. The Forum Selection Clause Binds Google Notwithstanding That It Is Not A Signatory To Dr. Lee's Agreement ........ 11

IV. PLAINTIFFS' ARGUMENT AGAINST TRANSFER IS UNSUPPORTED BY THE FACTS AND LAW ........ 12

A. The Convenience Of The Parties Calls For Transfer To Washington ........ 12

B. The Convenience Of The Witnesses Calls For Transfer To Washington ........ 12

C. The Interests Of Justice Call For Transfer To Washington ........ 13

1. Plaintiffs' Argument That "A Forum Selection Clause Is Afforded No Special Consideration" Is Contrary To Law ........ 13

2. Washington Is More Familiar With The Governing Law ........ 13

3. Washington Provides Greater Access To Proof ........ 14

4. Plaintiffs Do Not Dispute Case Law Establishing That Their Choice Of Forum Is Given Little Weight ........ 14

V. CONCLUSION ........ 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Advanced Bionics Corp., v. Medtronic, Inc*, 29 Cal. 4th 697 (2002) .... 4, 5

*Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) .... 2, 3, 4, 5

*Campbell v. Board of Trustees*, 817 F.2d 499 (9th Cir. 1987) .... 9, 10

*D'Sa v. Playhut, Inc*., 85 Cal. App. 4th 927 (2000) .... 10

*DeFeo v. Procter & Gamble Company*, 831 F. Supp. 776 (N.D Cal 1993) .... 1, 4, 5

*Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796 (9th Cir. 1995) .... 3

*Ferrofluidics Corp. v. Advanced Vacuum Components, Inc*., 968 F.2d 1463 (1st Cir. 1992) .... 6

*General Commercial Packaging, Inc. v. TPS Package Eng'g, Inc*., 126 F.3d 1131 (9th Cir. 1997) .... 9, 10

*Gordon v. Landau*, 49 Cal.2d 690 (1958) .... 10

*Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) .... 2, 3

*IBM Corp. v. Bajorek*, 191 F.3d 1033 (9th Cir. 1999) .... 9

*In re Estate of Bachmeier*, 147 Wash.2d 60 (2002) .... 6

*Jones v. GNC Franchising, Inc*., 211 F.3d 495 (9th Cir. 2000) .... 13

*Lowry Computer Products Inc. v. Head*, 984 F. Supp. 1111 (E.D. Mich. 1997) .... 10

*Manetti-Farrow, Inc. v. Gucci America Inc*., 858 F.2d 509 (9th Cir. 1988) .... 11

*Maxon v. Jefferson Pilot Securities Corp*., (2002) U.S. Dist. LEXIS 5888 at *5 .... 14

*Metro Traffic Control, Inc. v. Shadow Traffic Network*, 22 Cal.App.4th 853 (1994) ........ 10

*Muggill v. Reuben H. Donnelley Corp.*, 62 Cal.2d 239 (1965) ........ 10

*Nedlloyd Lines B.V. v. The Superior Court of San Mateo County*, 3 Cal. 4th 459 (1992) ........ 7

*O'Brien v. Shearson Hayden Stone, Inc.*, 90 Wash.2d 680 (1978) ........ 7

*Perry v. Moran*, 109 Wash. 2d 691 (1987) ........ 4

*Polido v. State Farm Mutual Automobile Insurance Company*, 110 F.3d 1418 (9th Cir. 1997) ........ 3

*Raimonde v. Van Vlerah*, 42 Ohio St. 2d 21 (1975) ........ 4

*Roesgen v. American Home Products Corp.* 719 F.2d 319 (9th Cir. 1983) ........ 6

*Schmitt v. JD Edwards World Solutions Co.*, 2001 U.S. Dist LEXIS 7089 (N.D. Cal 2001) ........ 4

*Shipley Co. v. Kozlowski*, 926 F. Supp. 28 (D. Mass 1996) ........ 10

*Thompson v. Impaxx, Inc.*, 113 Cal.App. 4th 1425 (2003) ........ 10

*Wash. Pub. Util. Dist. Util. Sys. v. Pub. Util. Dist. No. 1 of Clallam County*, 112 Wash.2d 1 (1989) ........ 6

*Whipple Industries v. Opcon*, 2005 WL 2175871 (E.D. Cal) ........ 13

*Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443 (2002) ........ 10

**STATUTES**

Business and Professions Code

Section 16600 ........ 10

**OTHER AUTHORITIES**

Restatement (Second) Conflict of Laws

Section 187 ........ 8, 9

**RULES**

Local Rule 3-4(e) ........................................ 4

**I. INTRODUCTION AND SUMMARY OF ARGUMENT.**

This action should be dismissed, transferred to the Western District of Washington, or stayed.

First, this is an improper declaratory judgment action and should simply be dismissed. In their response, Plaintiffs offer no legitimate basis for permitting this case to proceed where they have a competent forum in Washington State where all their claims and arguments are already being litigated or could be litigated. Plaintiffs offer no meaningful reason why this Court should not follow the ruling in *DeFeo*, a decision from this District which is factually and legally indistinguishable. Instead, Plaintiffs offer inapposite legal authority that is easily distinguishable, and misstate the law concerning when a federal court should decline jurisdiction in favor of a pending state court action. Here, like in *DeFeo*, this Court should dismiss the "reactionary" declaratory judgment Plaintiffs have filed, and decline Plaintiffs invitation to proceed with a duplicative lawsuit.

Second, even if Plaintiffs were permitted to proceed with this action, the forum selection and choice of law provisions of the Agreement between Dr. Lee and Microsoft should be enforced and this action transferred to the Western District of Washington. Plaintiffs offer no persuasive reason not to enforce these provisions. In the face of a presumptively valid forum selection clause, Plaintiffs assert that the clause violates California public policy because it deprives Plaintiffs of the opportunity to have their claims decided under California law. But Plaintiffs fail to acknowledge that Washington and California both employ the identical Restatement standard for determining the enforceability of contractual choice of law provisions. As a result, enforcing the forum selection clause does not impact any California public policy. Moreover, Plaintiffs have a full and fair opportunity to make the very same public policy and choice of law arguments in the Washington action. They offer no defensible rationale to support the implication that Washington courts can not properly apply these legal principles.

Even if this Court were to accept Plaintiffs' argument that California public policy is somehow implicated by a presumptively valid choice of venue provision, it is equally clear that the *application* of Washington law, as reflected in Judge Gonzalez's September 19 Preliminary Injunction Order, is not inconsistent with that public policy. Under California law, non-compete clauses are lawful so

long as they do not "completely restrain" one from pursuing one's profession or are narrowly tailored to protect an employer's trade secrets. Judge Gonzalez's Preliminary Injunction does not prohibit Dr. Lee from working for Google, and, contrary to Plaintiffs' misrepresentation here, Microsoft never contended that it should. Rather, Judge Gonzalez's Order restrains Dr. Lee and Google from misusing Microsoft's confidential information (which Judge Gonzalez found Dr. Lee had a propensity to do) and only restrains Dr. Lee from working in competition with specified narrow areas he worked in or learned about at Microsoft. The Order does not prohibit Dr. Lee from engaging in his profession, and specifically permits him to continue working for Google.

Lastly, Plaintiffs' argument against transfer is unsupported by both fact and law. Dr. Lee agreed that this action be heard in Washington, and it is undisputed that California had no interest whatsoever in this case until July 19 when Dr. Lee hastily relocated to California. Plaintiffs do not challenge the law cited by Microsoft holding that those who agree to a particular forum effectively waive their right to argue the forum is not convenient.

## II. THIS COURT SHOULD EXERCISE ITS DISCRETION AND DISMISS OR STAY PLAINTIFFS DECLARATORY RELIEF ACTION.

Plaintiffs concede the Federal Declaratory Judgment Act vests this court with "great" discretion to abstain from entertaining this suit. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) remains the "philosophic touchstone for the district court." *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). *Brillhart* dictates that where there are parallel state proceedings – involving the same issues and parties – pending at the time the federal declaratory action is filed, the entire action should be heard in state court. *Brillhart*, 316 U.S. at 495. The Ninth Circuit has emphasized that "reactive" declaratory relief actions presenting the same issues of state law as a pending state court action are the archetype of cases in which a district court should decline jurisdiction. *Dizol*, 133 F.3d at 1225. Plaintiffs' action here is a quintessential "reactive" declaratory relief action, filed three days after Microsoft brought suit in Seattle against Plaintiffs seeking to enforce Dr. Lee's Agreement. Unhappy with the rulings of the Washington court, Plaintiffs hope that this Court will provide a forum to relitigate the identical issues in hopes of a different result, or in

Case5:05-cv-03095-RMW Document30 Filed09/30/05 Page8 of 19

search of an advisory opinion regarding future hires by Google.

**A. Microsoft's Washington Action And Plaintiffs' Reactive Declaratory Relief Action Are Parallel Proceedings With No Significant Differences.**

Plaintiffs ask this Court to disregard the well-established rule that a federal court should decline jurisdiction over a "reactive" declaratory relief action presenting the same issues of state law as a pending state court action. In this case there is no dispute that the present action involves the same parties, addresses the same Agreement, and concerns the same facts already being fully litigated in Washington. Nevertheless, Plaintiffs argue that because California law is different than Washington law, the two actions are significantly different and not parallel proceedings. This argument is without merit.

Plaintiffs claim that the presumption that suits should be heard in state court only applies where the actions are truly parallel and the "same state law governs," citing *Dizol*, 133 F.3d at 1224. (Plaintiffs' Opposition, p. 14). Nowhere in *Dizol* did the court hold, let alone even mention, that the same state law has to govern in both proceedings in order for the *Brillhart* presumption to apply. In fact the opposite is true. It is not dispositive whether related federal and state actions involve identical law or even the same parties. Rather, there only need be an "overlap of factual questions between the two actions" and an available "procedural vehicle" in state court by which the federal plaintiff, even if not a party in the state action, may resolve the issues raised in the federal action. *See, Polido v. State Farm Mutual Automobile Insurance Company*, 110 F.3d 1418, 1423 (9th Cir. 1997) (citing *Employers Reinsurance Corp. v. Karussos,* 65 F.3d 796, 798 (9th Cir. 1995) (overruled on other grounds by *Dizol,* 133 F.3d at 1220).

In this case there is no question that there is an overlap of factual issues between the present action and the Washington state action. It is also clear that Plaintiffs had a "procedural vehicle" in Washington to make the same California public policy argument that they make to this Court since Washington and California employ the same standard for determining the enforceability of contractual choice-of-law provisions. In the Washington action, Plaintiffs so far have elected for their own strategic reasons not to argue that California law governed Dr. Lee's Agreement or that

MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY
Case No. C 05-03095 RMW

3

PRINTED ON RECYCLED PAPER

jurisdiction did not properly rest with the King County Superior Court. It is undisputed, however, that they *could* have raised these arguments but instead embarked on a forum shopping trip to this Court.

Moreover, Plaintiffs fail to distinguish *DeFeo v. Procter & Gamble Company,* 831 F. Supp. 776 (N.D Cal 1993). *DeFeo* is identical to the facts of this case and dictates that this court should decline to exercise jurisdiction over Plaintiffs' reactive declaratory relief action.[1] In *DeFeo*, the Court declined jurisdiction over a California declaratory relief action regarding the enforceability of a non-compete agreement because there was a parallel case pending in Ohio state court, involving the same non-competition agreement. *Id*. at 777. Similar to this case, at issue in both the California and the Ohio action in *DeFeo* was whether Proctor & Gamble could enforce its non-compete provisions against DeFeo. *Id*. Plaintiffs here argue that *DeFeo* differs from this case because Washington and California treat non-competition agreements differently, whereas the Ohio and California law in *DeFeo* were "mirror image(s)" in this regard. (Plaintiffs' Opposition p. 15). Plaintiffs are simply mistaken. In fact, Ohio and Washington employ the same "reasonableness" test to determine whether a non-compete restriction is enforceable. Compare *Perry v. Moran*, 109 Wash. 2d 691, 698 (1987) with *Raimonde v. Van Vlerah,* 42 Ohio St. 2d 21 (1975). Despite the fact that Ohio and California law differed on the enforceability of non-competition agreements, the *DeFeo* court declined jurisdiction over plaintiff's declaratory relief action, citing the *Brillhart* presumption and its underlying rationale. Accordingly, Plaintiffs' claim that this Court should exercise jurisdiction over their declaratory relief action because California and Washington treat employment restrictions differently should be rejected.

**B. The *Medtronic* Case Does Not Apply.**

Plaintiffs argue that *Advanced Bionics Corp., v. Medtronic, Inc*, 29 Cal. 4th 697 (2002), supports their position that this declaratory relief action should proceed even though there is a pending action in Washington. However, *Medtronic* is not controlling and is easily distinguishable.

[1] *Schmitt v. JD Edwards World Solutions Co*., 2001 U.S. Dist LEXIS 7089 (N.D. Cal 2001), discussed in Microsoft's opening papers, is also directly on point and Plaintiffs do not distinguish it. Plaintiffs incorrectly claim that Microsoft has improperly cited this case in violation of Local Rule 3-4(e) which prohibits citing opinions that are "NOT FOR CITATION."

In *Medtronic*, a former employee and his new California employer sought declaratory relief in California state court from a non-competition agreement signed with a former Minnesota employer. *Id*. at 701. The Minnesota employer subsequently filed suit in Minnesota state court seeking to enforce the non-competition agreement in Minnesota. *Id*. at 701-2. The California state court granted a motion for a temporary restraining order preventing the former employer from taking any action whatsoever in the second filed Minnesota suit, including making any appearance, filing any paper, participating in any proceedings, posting any bond, or taking any other action. *Id.* at 702. On appeal, the California Supreme Court held that the trial court erred in issuing an injunction that barred the Minnesota-based employer from suing to enforce the anti-competition provision in Minnesota courts. *Id*. at 708. It found that a state could not enjoin a party from taking action in the courts of another state. *Id.* at 707-8. The court nevertheless concluded, without much comment or analysis, that the Minnesota action did not divest California of jurisdiction over the dispute. *Id.* at 708.

Besides the fact that the *Medtronic* case deals with a remarkably different set of facts than this case (whether a court can enjoin a party from taking any action altogether in another court), the decision of the California state court in *Medtronic* is not controlling law in this case. Contrary to Plaintiffs' claim, this Court's exercise of discretion over whether to retain jurisdiction over this declaratory relief action is procedural, not substantive, and thus is governed by federal law as this court held in *DeFeo,* 831 F. Supp. at 779 (propriety of maintaining jurisdiction over declaratory relief in federal court is procedural matter). The facts in *DeFeo* are identical to those in the present case. Furthermore, there is a fundamental difference between *Medtronic* and this case. *Medtronic* involved two state courts, California and Minnesota, and thus did not implicate the federalism issues that are the underlying rationale supporting federal court abstention under *Brillhart* and its progeny. Unlike federal courts, state courts are not afforded unique discretion under the Declaratory Relief Act to decline jurisdiction where there are parallel state proceedings. Lastly, in *Medtronic,* the court decided to allow a first filed California action to proceed in wake of a second filed Minnesota action. Here, Microsoft is requesting that this Court decline jurisdiction over Plaintiffs' second filed declaratory relief action in favor of the first filed Washington state lawsuit.

## III. PLAINTIFFS CANNOT OVERCOME THE STRONG POLICY FAVORING ENFORCEMENT OF A FREELY NEGOTIATED FORUM SELECTION CLAUSE.

Plaintiffs do not dispute that California had absolutely no interest in this matter until Dr. Lee terminated his employment with Microsoft and began work for Google in California. Plaintiffs do not contend that Dr. Lee misunderstood his contractual obligations or that he was defrauded, or not compensated under his Agreement with Microsoft. Having enjoyed the benefits of his contract with Microsoft, Dr. Lee should not be able to escape from his side of the deal and thereby deprive Microsoft of the benefit of the bargain.

The strong public policy of both Washington and California is that the expectations of the parties to a contract, as expressed in an integrated agreement, ought to be protected by the rule of law. *See, e.g. In re Estate of Bachmeier*, 147 Wash.2d 60, 68 (2002) ("Generally, courts function to enforce contracts as drafted by the parties and not to change the obligations of the contract the parties saw fit to make."). Dr. Lee and Microsoft made a contract which they agreed would be litigated exclusively in Washington and governed by Washington law. Through this action, however, Plaintiffs ask this Court to enable Dr. Lee to escape his valid contractual obligations simply because he moved to another state. The mere act of changing localities, however, does not release Dr. Lee from the contractual obligations to which he freely agreed. Dr. Lee was a Washington resident for five years while he enjoyed the benefits of that contract, working in Washington and employed by a Washington corporation.

This case is identical to *Roesgen v. American Home Products Corp.*, 719 F.2d 319,321 (9th Cir. 1983), and *Ferrofluidics Corp. v. Advanced Vacuum Components, Inc.*, 968 F.2d 1463, 1468 (1st Cir. 1992), which hold that a former employee cannot escape his contractual obligations by simply moving to California. An unambiguous contract should not mean one thing in one state and another thing in a different state. *Wash. Pub. Util. Dist. Util. Sys. v. Pub. Util. Dist. No. 1 of Clallam County,* 112 Wash.2d 1, 10 (1989). Accordingly, this Court should uphold Dr. Lee's contractual obligations to Microsoft and dismiss Plaintiffs' declaratory relief action.

Case5:05-cv-03095-RMW Document30 Filed09/30/05 Page12 of 19

### A. Enforcement of The Contractually Agreed to Washington Choice of Venue Provision Does Not Violate California Public Policy.

Plaintiffs concede that forum selection clauses are presumptively valid and that a party challenging such a clause bears the heavy burden of showing that a forum selection should not be enforced. They claim, however, that the contractually agreed to forum selection clause in this case violates fundamental California public policy. They further claim that if the choice of venue provision were enforced they "likely would never have the opportunity to have their claims decided under California law." (Plaintiffs' Opposition, p. 8.). Plaintiffs' arguments miss the mark because they are premised upon the erroneous assumption of a right to have their claims decided under California law. Here Dr. Lee contractually agreed to the application of Washington not California law. And, Plaintiffs can litigate in Washington their argument that this clause of Dr. Lee's Agreement should not be enforced under applicable choice of law principles. More fundamentally, enforcement of the forum selection clause does not impact any California public policy.

Enforcement of the forum selection clause can only impact California public policy if there is some difference between the analysis a court in Washington would apply in resolving the underlying choice of law question. Here, there is no substantive difference between the applicable choice of law analysis in California and Washington. The underlying question is not whether California law should apply, but rather what procedural rule should apply to resolve any conflict between the contractual choice of law provision and a potentially conflicting state law. In this instance, California and Washington both employ the same standard for determining the enforceability of contractual choice of law provisions. *Nedlloyd Lines B.V. v. The Superior Court of San Mateo County*, 3 Cal. 4th 459, 465 (1992); *O'Brien v. Shearson Hayden Stone, Inc*., 90 Wash.2d 680, 682 (1978). Application of those same rules by a Washington state court instead of a California federal court surely can not violate California public policy. In any event, Plaintiffs have not disputed jurisdiction in King County and have not contended in that case that California law was controlling.

Plaintiffs also fundamentally mischaracterize the applicable choice of law analysis. Plaintiffs concede, as they must, that Washington and California employ the same choice of law rules under the

MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY
Case No. C 05-03095 RMW

7

PRINTED ON RECYCLED PAPER

Restatement (Second) Conflict of Laws Section 187. Plaintiffs argue, however, that this is irrelevant because the "outcome of the choice of law analysis is dependent on the forum that is undertaking the analysis." ( Plaintiffs' Opposition, p. 10). Plaintiffs misstate the law. Section 187 of the Restatement requires a Court to determine "…whether application of the law of the chosen state would be contrary to a fundamental policy of the state which has a materially greater interest than the chosen state…." Restatement (Second) Conflict of laws Section 187. (emphasis added). By its terms, the Restatement is a ***forum neutral*** rule. Thus, Plaintiffs' claim that the outcome of the choice of law analysis depends on the forum conducting the analysis is just plain wrong. (The cases relied upon by Plaintiffs are cases in which the comparison was between a foreign choice of law provision and the law of the forum state, and hence the courts in those circumstances, were applying an appropriate short-hand articulation of the test for those specific circumstances.) The proper inquiry involves a comparison between the contractual choice of law provision and the competing state law that allegedly conflicts. Had Plaintiffs chose to argue that California public policy trumped the contractual Washington choice of law provision in the King County action, the Washington court, (as would a California court) would have had to decide whether California has a materially greater interest than Washington, and if so, whether the Agreement is contrary to the fundamental policy of California. Since the procedural mechanisms for resolving this issue are the same, whether the issue is addressed by a court in Washington or California, Plaintiffs have no legitimate basis to claim that the forum selection clause violates any California public policy.

### B. The Relief Sought and Obtained by Microsoft in the Washington Action Does Not Violate California Public Policy.[2]

Plaintiffs argue that California's public policy against non-competes is a justification for not enforcing the freely negotiated contractual obligations contained in Dr. Lee's Agreement, including the forum selection provision. This argument should be rejected. As set forth above, under Section

[2] Plaintiffs make the exact same public policy arguments in their motion for Summary Judgment. Microsoft has responded in full to Plaintiffs' public policy arguments in its Opposition to Plaintiffs' Summary Judgment Motion that it incorporates by reference herein. (Docket # 26)

Case5:05-cv-03095-RMW Document30 Filed09/30/05 Page14 of 19

187 of the Restatement, the relevant inquiry is whether the application of Washington law would be contrary to the fundamental policy of California. Thus, the test is not whether Washington's laws on non-compete agreements are generally inconsistent with California's public policy, or whether Dr. Lee's non-compete agreement, as written, would be enforced by a California court. Rather, the question is whether Judge Gonzalez's specific application of Washington law, as reflected in his September 13 Preliminary Injunction Order, is contrary to fundamental California policy. Here, it is clear that the application of Washington law does not violate California public policy.

**1. Dr. Lee Is Not Restrained From His Profession Or From Working For Google.**

The decisions in *IBM Corp. v. Bajorek,* 191 F.3d 1033 (9th Cir. 1999), *Campbell v. Board of Trustees*, 817 F.2d 499 (9th Cir. 1987) and *General Commercial Packaging, Inc. v. TPS Package Eng'g, Inc*., 126 F.3d 1131, 1132-34 (9th Cir. 1997) all make clear that non-competition restrictions are enforceable in California if such restrictions do not completely restrain one from engaging in an entire business, trade or profession. As was the case in *Bajorek*, *Campbell, and General Commercial,* the relief sought and obtained by Microsoft here does not completely restrain Dr. Lee from his profession, or even from working for Google. It only restricts him from working for Google in the same specific areas where he worked for Microsoft or learned confidential or proprietary information or trade secrets.

By Dr. Lee's own admission, the narrow non-compete obligations in the Agreement, as enforced by the preliminary injunction entered on September 13, 2005, do not stop him from working in his profession or working for Google. In comments to the press after Judge Gonzalez's September 13 ruling, Dr. Lee stated: "[The Preliminary Injunction] allows me to do my job. I'm going to walk into Google and start work." "Starting today I have the green light to do what I wanted to do." Supplemental Declaration of Michael J. Bettinger ("*Supp. Bettinger Decl.")*, Tabs 8 and 9.

Dr. Lee's non-compete clause is considerably narrower than the non-compete clause upheld in *Bajorek*, which restrained the former employer from working for a competitor altogether or required him to forfeit is stock options. *Bajorek*, 191 F.3d at 1040. Plaintiffs' attempt to distinguish *Bajorek*,

MICROSOFT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY
Case No. C 05-03095 RMW

9

PRINTED ON RECYCLED PAPER

*Campbell and General Commercial* on the ground that these cases do not involve employment agreements should be rejected. In all of these cases, the court analyzed whether a particular non-compete provision was enforceable against an employee under Section 16600. The fact that a non-compete provision is part of a stock option agreement, a pension plan or a license agreement, rather than an employment agreement is irrelevant to the analysis of whether the provision violates Section 16600. Since the non-compete clause as applied by Judge Gonzalez is valid and enforceable under California law, Plaintiffs' public policy argument must fail.

**2. Dr. Lee's Agreement is Enforceable Because it is Narrowly Drawn To Protect Microsoft's Confidential and Trade Secret Information.**

There is another equally compelling reason to reject Plaintiffs' public policy argument. California public policy is not violated by the enforcement of Dr. Lee's non-competition obligations because these obligations are necessary to protect Microsoft's confidential information and trade secrets. *Muggill v. Reuben H. Donnelley Corp*., 62 Cal.2d 239 (1965); *See also, Metro Traffic Control, Inc. v. Shadow Traffic Network*, 22 Cal.App.4th 853 (1994); *Gordon v. Landau*, 49 Cal.2d 690, 694 (1958). *See also, Lowry Computer Products Inc. v. Head*, 984 F. Supp. 1111, 1114 (E.D. Mich. 1997) (application of Michigan non-compete law did not violate California fundamental policy because California allows enforcement of non-competes to protect trade secrets); *Shipley Co. v. Kozlowski*, 926 F. Supp. 28, 30 (D. Mass 1996) ( application of Massachusetts non-compete law did not violate California fundamental policy because California allows enforcement of non-competes to protect trade secrets.). [3]

Here, Dr. Lee's non-compete obligations are narrowly drawn and serve the legitimate purpose of ensuring that Microsoft's confidential information is not used in competition with Microsoft. There is no blanket prohibition against working for competitors. The scope of the non-compete

[3] Plaintiffs cite *Whyte v. Schlage Lock Co*., 101 Cal. App. 4th 1443, 1463 (2002), *Thompson v. Impaxx, Inc*., 113 Cal.App. 4th 1425 (2003) *and D'Sa v. Playhut, Inc*., 85 Cal. App. 4th 927 (2000) for the proposition that all non-competes are unenforceable in California. Plaintiffs misread these cases. *Whyte* and *D'Sa* actually confirm that non-competition obligations are enforceable where they are necessary to protect confidential information and trade secrets. *Whyte*, 101 Cal. App. 4th at 1462; *D'Sa*, 85 Cal.App.4th at 935. The *Thompson* court simply found that the particular non-solicitation agreement at issue was not legitimately tied to protecting confidential information. 113 Cal.App. 4th at 1429-31. It did not hold, as Plaintiffs suggest, that all non-competition agreements are void under California law.

provision agreed to by Dr. Lee is quite narrow, applying to defined competitive activities and continuing for only one year after termination of employment. In fact, in granting Microsoft's Preliminary Injunction, Judge Gonzalez found that during his employment with Microsoft, Dr. Lee worked on products, services or projects (including actual and demonstrably anticipated research or development) and/or received Microsoft confidential, proprietary or trade secret information in areas of computer search, including but not limited to internet search, desktop search, mobile search, and natural language processing and speech technologies. *Supp. Bettinger Decl*., Tab 10, p. 8 ¶ 5. After hearing the evidence concerning Dr. Lee's interaction with Google while working for Microsoft, including Dr. Lee's own testimony, Judge Gonzalez concluded that Dr. Lee had misled Microsoft and had "confused" his obligation to protect the confidentiality of Microsoft's information and not use it for the benefit of Google. *Id.* pp. 7-8, ¶ 4. Judge Gonzalez specifically found that the restraints against Dr. Lee's future employment contained in the Agreement "are no greater than reasonably necessary to protect Microsoft's legitimate business interests." *Id.* at pp. 10, ¶¶ 3-4.

**C. The Forum Selection Clause Binds Google Notwithstanding That It Is Not A Signatory To Dr. Lee's Agreement.**

Google's attempt to circumvent enforcement of the forum selection clause by claiming that it is not a signatory to or a beneficiary of the Agreement should be rejected. It is well settled that a forum selection clause is to be enforced against a plaintiff who is not a party to the contract where that plaintiff is "closely related" to the contractual relationship. *Manetti-Farrow, Inc. v. Gucci America Inc*., 858 F.2d 509 (9th Cir. 1988). In *Manetti-Farrow*, the plaintiff argued, as Google does here, that the forum selection clause could only apply to actual signatories to the contract. The Ninth Circuit rejected that argument, and found that the clause could be applied to non-signatories to the contract where the alleged conduct of those non-parties is "closely related" to the contractual relationship. *Id* at 514. It held that "a range of transaction participants, parties and nonparties, should benefit and be subject to forum selection causes." *Id*. Contrary to Google's claim, the law does not enforce forum selection clauses only against those who are signatories to or a beneficiary of the Agreement at issue.

Here there is no question that Google is closely related to the contractual relationship between

Microsoft and Dr. Lee. Google is seeking to employ Dr. Lee in contravention of this Agreement and is now seeking a declaration of rights under the Agreement. Google is actively litigating the Agreement in Washington. Google was aware of the Agreement when it hired Dr. Lee. It has also agreed to indemnify and defend Dr. Lee if he was enjoined from working for Google and has assured Dr. Lee that he will receive his full compensation while any injunction is in place. Based on these facts, Google cannot credibly claim that it is not a "closely related" party such that the forum selection clause does not apply to it. To hold otherwise would be to permit a plaintiff, like Dr. Lee, to side step any valid forum selection clause simply by going to work for a new employer in another forum and having that employer challenge the enforceability of the clause.

## IV. PLAINTIFFS' ARGUMENT AGAINST TRANSFER IS UNSUPPORTED BY THE FACTS AND LAW.

### A. The Convenience Of The Parties Calls For Transfer To Washington.

In their Opposition, Plaintiffs do not argue that California is a more convenient forum for the parties than Washington, but merely that the two forums are "equal." Plaintiffs' argument, essentially, is that one party has to travel and that might as well be Microsoft. This argument, however, ignores the presence of the forum selection clause requiring this dispute to be litigated in Washington. Plaintiffs do not challenge or address the law cited by Microsoft holding that those who agree to a particular forum effectively waive their right to argue the forum is not convenient. Accordingly, this factor weighs in favor of transfer.

### B. The Convenience Of The Witnesses Calls For Transfer To Washington.

In its motion, Microsoft raised several points demonstrating that Washington is a more convenient forum for witnesses, including the facts that (1) the majority of the witnesses with knowledge of the key facts in this dispute are Microsoft personnel residing in Washington, (2) Plaintiffs' key witness, Dr. Lee, has extensive ties to Washington and will likely be traveling from China, in any event, and (3) the parties are already actively engaged in litigation in Washington. In their Opposition, Plaintiffs present no facts, or even argument, demonstrating that California is a more

convenient forum for witnesses, instead concluding that this case will be decided on summary judgment. As such, this factor weighs exclusively in favor in transfer.

**C. The Interests Of Justice Call For Transfer To Washington.**

**1. Plaintiffs' Argument That "A Forum Selection Clause Is Afforded No Special Consideration" Is Contrary To Law.**

Plaintiffs argue that the parties' contractual choice of forum is "afforded no special consideration" where enforcement of the clause is contrary to fundamental state policy, citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000). In *Jones*, however, the forum selection clause at issue violated a California statute voiding forum selection clauses *in franchise agreements*. Nevertheless, the *Jones* court found that (1) the California statute (and public policy behind it) was "not dispositive," but, rather, merely a factor to be considered, and (2) the forum selection clause, though also not dispositive, was a "significant" factor. In any event, the present case is fundamentally distinguishable from *Jones* in that enforcement of the forum selection clause would not violate any California statute or public policy. *See, Whipple Industries v. Opcon*, 2005 WL 2175871 (E.D. Cal) (distinguishing *Jones* on the ground that it is a franchise case, and California franchise law forbids forum selection clauses).

**2. Washington Is More Familiar With The Governing Law.**

The underlying issue in this California action is the enforceability of the Agreement. The Agreement specifies that it is governed by Washington law. Accordingly, Washington is the forum most familiar with the governing law. Nonetheless, Plaintiffs try to divorce this action from the Agreement by couching their action as a discrete legal issue under California law. This action, however, raises a host of factual questions regarding Dr. Lee's work for Microsoft and his proposed work for Google (all of which, of course, overlap with the issues pending in the Washington Action and which Google is litigating there). Moreover, there is no denying that this action arises directly out of the Agreement. This dispute is therefore governed by Washington law and should be decided in a Washington court. As noted above, the Washington court was and is capable of addressing any argument that California law should apply, if plaintiffs choose to advance that argument.

**3. Washington Provides Greater Access To Proof.**

Without any support, Plaintiffs state that "neither jurisdiction has greater access to sources of proof." This is not accurate. This dispute centers largely on the nature of the work Dr. Lee performed during his five year tenure at Microsoft in Washington. Accordingly, the vast majority of the documents and other sources of proof are located in Washington. Moreover, the Washington litigation is already well underway, with parties having already submitted numerous briefs with substantial evidence and conducted a two-day evidentiary hearing. The evidence is thus centralized in Washington. Accordingly, this factor is not neutral, as Plaintiffs suggest -- it favors transfer.

**4. Plaintiffs Do Not Dispute Case Law Establishing That Their Choice Of Forum Is Given Little Weight.**

In its motion, Microsoft detailed California law demonstrating that where the dispute is centered elsewhere, and the underlying agreement is executed elsewhere, the plaintiffs' choice of forum is not entitled to significant weight. *See, e.g. Maxon v. Jefferson Pilot Securities Corp.*, (2002) U.S. Dist. LEXIS 5888 at *5. Plaintiffs do not challenge, or even address, this authority. Accordingly, the Court should not consider Plaintiffs' choice of forum a significant factor in its analysis.

## V. CONCLUSION.

For all the foregoing reasons, Microsoft's Motion to Dismiss, Transfer or Stay should be granted.

DATED: September 30, 2005

PRESTON GATES & ELLIS LLP

By */s/ Michael J. Bettinger*
Michael J. Bettinger
Attorneys for Defendant
Microsoft Corporation