**E-FILED on** __10/27/05__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE, INC. and KAI-FU LEE,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | No. C-05-03095 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR A STAY AND DEFERRING RULING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket Nos. 15, 22]** |

Google, Inc. ("Google") and Kai-Fu Lee ("Lee") have sued Microsoft Corporation ("Microsoft") for declaratory relief. Microsoft moves to dismiss, transfer or stay this case. Google and Lee oppose the motion and cross-move for summary judgment. The court has read the moving and responding papers and considered counsels' arguments. For the reasons set forth below, the court grants Microsoft's motion for a stay and therefore defers ruling on Google and Lee's motion for summary judgment.

**I. BACKGROUND**

The facts relevant to Microsoft's motion are undisputed. In August 2000, Lee began working as Microsoft's Vice President for Research and Development. Lee Decl. Supp. Mot. Summ. J. ("Lee Decl.") Ex. A at ¶ 9. Lee's employment agreement with Microsoft contains a limited covenant not to compete:

> While employed at MICROSOFT and for a period of one year thereafter, I will not (a) accept employment or engage in activities competitive with products, services, or projects (including actual or demonstrably anticipated research or development) on which I worked

or about which I learned confidential or proprietary information or trade secrets while employed at MICROSOFT; (b) render services in any capacity to any client or customer of MICROSOFT for which I performed services during the twelve months prior to leaving MICROSOFT's employ[ment]; (c) induce, attempt to induce, or assist another to induce or attempt to induce any person to terminate his employment with MICROSOFT or to work for me or for any other person or entity. If during or after my employment with MICROSOFT I seek work elsewhere, I will provide a copy of this Agreement to any persons or entities by whom I am seeking to be hired before accepting employment or engagement by them.

*Id*. The Microsoft employment agreement also provides (1) that it "shall be governed for all purposes by the laws of the State of Washington" and (2) "that exclusive venue and exclusive personal jurisdiction for any action arising out of this Agreement shall lie in state or federal court located in King County, Washington." *Id*. at ¶ 14. Finally, the Microsoft employment agreement contains a non-disclosure agreement in which Lee agreed "not [to] disclose to anyone outside MICROSOFT nor use for any purpose other than my work for MICROSOFT: a) any MICROSOFT confidential or proprietary information or trade secrets." *Id*. at ¶ 3.

In May 2005, Lee approached Google about leaving Microsoft and coming to work for Google. Lee Decl. ¶ 4. On July 18, 2005 Lee quit his job at Microsoft. *Id*. at ¶ 5. Later that day, Microsoft filed a complaint against Google and Lee in the Washington Superior Court for King County. *Id*. The complaint asserts causes of action for (1) breach of the covenant not to compete, (2) breach of non-disclosure promises and misappropriation of trade secrets, and (3) tortious interference with contractual relations. Taylor Decl. Supp. Mot. Summ. J. ("Taylor Decl.") Ex. A. On July 19, 2005 Lee accepted a job as Google's Vice President of Engineering. *Id*. at ¶ 4.[1]

On July 21, 2005 Google and Lee filed the instant action in the California Superior Court for Santa Clara County. Google and Lee seek a declaration that the covenant not to compete is invalid and unenforceable under California law. Compl. ¶ 18. Microsoft removed the case to federal court.

On July 28, 2005 the Washington state court issued a Temporary Restraining Order ("TRO") against Google and Lee. Bettinger Decl. Supp. Mot. Dism. ("Bettinger Decl.") Ex. 3. The Washington state court then held an evidentiary hearing. On September 13, 2005 it granted Microsoft's motion for a preliminary injunction against Google and Lee. Bettinger Decl. Supp. Opp. Mot. Summ. J. ("Bettinger

---

[1] Lee has now relocated to California. Lee Decl. ¶ 6.

ORDER GRANTING DEFENDANT'S MOTION FOR A STAY AND DEFERRING RULING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT —C-05-03095 RMW
DOH                                                                2

1 Opp. Decl.") Ex. G.  The injunction, which lasts through the scheduled trial date of January 2006, prohibits
2 Lee from accepting employment with Google involving competitive activities:

> Lee is enjoined from accepting employment competitive with any product, service, or project (including demonstrable anticipated research and development) on which he worked or about which he learned confidential or proprietary information or trade secrets while employed at Microsoft, including but not limited to activities relating to: [¶] (a) computer search technology, including but not limited to internet search, desktop search, or mobile search; [¶] (b) natural language processing or speech technologies; and [¶] (c) participating in setting the budget or compensation levels and defining the research and development to be undertaken at Google's planned research and development facility in China.

*Id*. at 11:23-12:7.  The injunction also forbids Lee from disclosing Microsoft's trade secrets or soliciting Microsoft employees to join Google.  *Id*. at 12:17-13:5.

## II.  ANALYSIS

### A.    The Declaratory Judgment Act

Microsoft urges this court to refuse jurisdiction under the Declaratory Judgment Act ("DJA") in light of the pending Washington state proceeding.  The DJA provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration . . . ."  28 U.S.C. § 2201 (emphasis added).  Congress "deliberately cast" the DJA "in terms of permissive, rather than mandatory, authority" and thus "gave the federal courts competence to make a declaration of rights; [rather than] impos[ing] a duty to do so."  *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc) (internal quotations and citations omitted).  Federal courts therefore enjoy "unique and substantial discretion in deciding whether to declare the rights of litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

In *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), the United States Supreme Court established that federal courts may decline to grant declaratory relief when a "parallel" lawsuit is pending in state court.  *Brillhart* explains that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  *Id*. at 495.  *Brillhart* "remain[s] the philosophic touchstone for the district court."  *Dizol*, 133 F.3d at 1225.  Thus, "when a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, there exists a presumption that the entire suit should be heard in state court."

ORDER GRANTING DEFENDANT'S MOTION FOR A STAY AND DEFERRING RULING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT —C-05-03095 RMW
DOH                                                                       3

*Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991). A district court should not issue declaratory relief if doing so would (1) "needlessly determine issues of state law," (2) help a party improperly "avoid state court proceedings," or (3) cause "duplicitous litigation." *Id*. at 1367.

Two courts in this district have declined to issue declarations on the enforceability of covenants not to compete. First, in *DeFeo v. Proctor & Gamble Co.*, 831 F. Supp. 776 (N.D. Cal. 1993), DeFeo worked for Proctor & Gamble in Ohio. His stock option plan included a covenant not to compete. When DeFeo quit his job and accepted a job with Clorox in California, Proctor & Gamble told DeFeo that it would sue him. DeFeo filed a suit in California state court, seeking a declaration that the covenant not to compete was unenforceable. One day later, Proctor & Gamble sought injunctive relief in Ohio state court. Proctor & Gamble removed the California case to federal court and then moved to dismiss it under *Brillhart*. The court granted the motion, reasoning that there was no need for two courts to address the same issues simultaneously:

> The rationales behind the [*Brillhart*] presumption support the conclusion that this [c]ourt should decline jurisdiction. This case involves exclusively questions of state law, [p]laintiffs filed the declaratory relief action in order to secure a California forum, and the Ohio suit is a 'mirror image' of the one before this [c]ourt. Therefore, were this [c]ourt to proceed, it would be making needless decisions of state law, rewarding forum shopping, and engaging in duplicative litigation.

*Id*. at 778.[2]

Similarly, in *Schmitt v. JD Edwards World Solutions Co.*, 2001 WL 590039 (N.D. Cal. 2001),[3] Schmitt worked for JD Edwards in Colorado. His employment agreement contained a covenant not to compete. Ariba, a California corporation, hired Schmitt. JD Edwards filed a breach of contract suit against Schmitt in Colorado state court and Schmitt filed a request for declaratory relief in California state court. Both cases were removed to federal court. The California federal court granted JD Edwards' motion to dismiss, noting that (1) "[i]t makes no sense for both courts to adjudicate these cases" and (2) the timing of Schmitt's suit indicates that he "'simply wanted to wrest the choice of forum away from the

---

[2] The court also rejected DeFeo's argument that Proctor & Gamble could not challenge federal jurisdiction after removing the case, noting that California state courts also may decline to issue declaratory relief under similar circumstances. *See DeFeo*, 831 F. Supp. at 779 & n.10.

[3] Google and Lee claim that Microsoft improperly cites *Schmitt* in violation of Local Rule 3-4(e), which prohibits parties from citing "[a]ny order or opinion that is designated: "NOT FOR CITATION." However, *Schmitt* does not appear to be such a case.

ORDER GRANTING DEFENDANT'S MOTION FOR A STAY AND DEFERRING RULING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT —C-05-03095 RMW
DOH                    4

allegedly aggrieved party.'" *Id*. at *1 (quoting *First Fishery Dev. Serv., Inc. v. Lane Labs USA, Inc.*, 1997 U.S. Dist. LEXIS 11231 at *12 (S.D. Cal. 1997)).

*DeFeo* and *Schmitt* are instructive. Just as those courts declined to grant declaratory relief because doing so would reward forum shopping, this court elects to stay the action by Google and Lee requesting declaratory relief, which Google and Lee admit they filed to try to secure a California forum. In addition, the Washington state court has already held an evidentiary hearing, issued a preliminary injunction, and set a January 2006 trial date. Continuing to hear arguments in California would potentially waste judicial resources. However, Google and Lee correctly note that *DeFeo*, *Schmitt*, and the *Brillhart* presumption rests upon the premise that "the *same* state law issues [are]    . . . pending" in both state and federal court. *Wilton*, 515 U.S. at 283 (emphasis added); *see also DeFeo*, 831 F. Supp. at 778 (describing the state and federal cases as "mirror images"); *Schmitt*, 2001 WL 590039 at *1 ("[b]oth parties agree that the California case and the Colorado case raise the same issues between the same parties"). Google and Lee contend that the same is not true here.

**1.    Whether This Case and the Washington State Court Proceeding are "Parallel"**

Google and Lee assert that *Brillhart* and its progeny do not apply because this case and the Washington state proceeding will apply different rules to resolve the same legal issues. Google and Lee note that this court, sitting in diversity, must apply (1) federal law to the issue of whether to honor the forum selection clause[4] and (2) California law to the issues of whether the choice-of-law clause and covenant not to compete are enforceable.[5] According to Google and Lee, the Washington state court will apply Washington law to all these questions. They argue that this distinction is crucial because California and Washington view covenants not to compete differently. California Business and Professions Code section 16600 ("section 16600") provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." As the California Supreme Court has explained, "California has a strong interest in protecting its employees from noncompetition agreements

---

[4]    Federal courts sitting in diversity apply federal law to the issue of whether a forum selection clause is valid. *See Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).

[5]    "In a diversity case, the district court must apply the choice-of-law rules of the state in which it sits." *Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000).

under section 16600." *Advanced Bionics Corp. v. Medtronic, Inc.*, 29 Cal.4th 697, 706-07 (2002). Washington, on the other hand, expresses no such policy preference. *See, e.g., Perry v. Moran*, 109 Wash. 2d 691, 698 (1987) (explaining that Washington courts will uphold covenants not to compete if they are "reasonable"). Thus, Google and Lee contend that "the Washington state court forum . . . is inadequate to protect [Google and Lee's] separate and independent rights *under California law*." Opp. Mot. Dism. at 14:11-13 (emphasis in original).

The flaw in this argument is that Google and Lee fail to explain why they cannot ask the Washington state court to apply California law. Both states apply the Restatement (Second) of Conflict of Laws § 187 ("section 187") to determine whether choice-of-law provisions are valid. *Compare Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464 (1992) ("[i]n determining the enforceability of arm's-length contractual choice-of-law provisions, California courts shall apply the principles set forth in Restatement [of Conflict of Laws] section 187, which reflect a strong policy favoring enforcement of such provisions") *with O'Brien v. Shearson Hayden Stone, Inc.*, 90 Wash. 2d 680, 685 (1978) ("[i]n this case, where the law of the state has been chosen by the parties, we believe the language of the Restatement (Second) Conflict of Laws [§] 187 . . . as it relates to the law of the state chosen by the parties, to be useful in determining the law to be applied . . ."). Section 187 permits a court to disregard a choice-of-law provision for, *inter alia*, policy reasons:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless . . . application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of s[ection] 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Rest. (Second) Conf. Laws § 187(2)(b).

Google and Lee claim that even if Washington and California "do, in the abstract, employ the same choice-of-law principles, the focus of each state's rule is on whether the *forum* state's public policy would be offended by application of the chosen law." Rep. Supp. Mot. Summ. J. at 2:13-15 (emphasis in original). According to Google and Lee, Washington would not find that its "reasonableness" test violated its own public policy. However, contrary to Google and Lee's contention, the Restatement does *not* focus exclusively on the forum state's policy. Instead, the Restatement—which permits courts to strike down

ORDER GRANTING DEFENDANT'S MOTION FOR A STAY AND DEFERRING RULING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT —C-05-03095 RMW
DOH                                                          6

choice-of-law clauses when, *inter alia*, "application of the law of the chosen state would be contrary to a fundamental policy *of a state* which has a materially greater interest than the chosen state"—sets forth a forum-neutral rule.[6]  Rest. (Second) Confl. Laws § 187 (emphasis added).  Therefore, under section 187, the Washington court should apply California law if California (1) has a materially greater interest than Washington in the validity of the covenant not to compete and (2) California "would be the state of applicable law" under the factors set forth in the Restatement (Second) Conflict of Laws § 188 ("section 188").

Google and Lee have a colorable argument that California's interest in adjudicating the validity of the covenant not to compete exceeds Washington's.  For example, in *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881 (1998), a California appellate court held that California law applied to an employment contract similar to the Microsoft employment agreement.  In that case, Pike, a computer consultant, worked for Hunter, a Maryland corporation.  The employment agreement between Pike and Hunter contained a covenant not to compete and a Maryland choice-of-law provision.[7]  AGI, a California corporation, hired Pike away from Hunter.  However, Pike remained in Maryland.  The court reasoned that section 16600 expresses an important California policy:

> California has a strong interest in protecting the freedom of movement of persons whom California-based employers (such as AGI) wish to employ . . . and we see no reason why these employees' interests should not be 'deemed paramount to the competitive business interests' of out-of-state as well as in-state employers . . . .  [S]ection 16600 [also] . . . ensures that California employers will be able to compete effectively for the most talented, skilled employees in their industries, wherever they may reside . . . . California has a correlative interest in protecting its employers and their employees form anticompetitive conduct by out-of-state employers . . . .

---

[6] Section 187(2), comment G, illustration 9 explains that courts may look to another state's public policy in determining whether to enforce a choice-of-law clause:

> In state X, A and B, who are both domiciled in that state, negotiate the terms of a contract which is to be performed in X.  The contract provides that it shall be governed by the law of state Y; it is signed first by A in X and then by B in Y.  A suit involving the validity of the contract is brought before a court of state Z.  The court will be more inclined to deny effect to the choice-of-law provision in deference to X policy than it would have been if the elements had not been massed to so great an extent in X.

[7] The covenant provided that "[d]uring the term of [Pike's] employment, and for a period of [one year] after the date of its termination, [Pike] agrees that [she] will not render, directly or indirectly, any services of an advisory or consulting nature, whether as an employee or otherwise, to any business which is a competitor of [Hunter]." *Application Group*, 61 Cal. App. 4th at 887.

ORDER GRANTING DEFENDANT'S MOTION FOR A STAY AND DEFERRING RULING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT —C-05-03095 RMW
DOH                                                7

*Id*. at 901 (quoting *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 255 (1968)).  The court thus ignored the choice-of-law provision and invalidated the covenant not to compete.  *Id*. at 902.

Moreover, Google and Lee have a colorable argument that California is "the state of applicable law" under section 188.  Section 188 requires a court to apply the contract law of the state most intimately connected with the deal:

> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.
> (2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
> (a) the place of contracting,
> (b) the place of negotiation of the contract,
> (c) the place of performance,
> (d) the location of the subject matter of the contract, and
> (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Rest. (Second) Confl. Laws § 188(1)-(2).

As section 188 makes plain, a court must analyze section 188 with an eye toward the Restatement (Second) of Conflict of Laws § 6 ("section 6").  Section 6 requires courts to balance competing state interests to determine which law to apply:

> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

Rest. (Second) Confl. Laws § 6.

These factors suggest that California could be "the state of applicable law" under sections 188 and 6.  Although section 188(2)(a) favors applying Washington law—Microsoft and Lee negotiated and signed the employment agreement in Washington—the Washington court could conclude that "the place of performance" of the covenant not to compete was California. *Cf. Application Group*, 61 Cal. App. 4th at

904 (rejecting argument that "place of performance" of covenant not to compete was place of employment because "the contracting parties were undoubtedly well aware that the purpose of the noncompetition clause was to prevent Hunter's competitors, *especially* those in California, from recruiting and hiring Hunter's consultants") (emphasis in original).  In addition, under section 188(2)(e), Microsoft has a significant California presence, Google is a California-based employer, and Lee is now a California resident.[8]  *See* Ku Decl. Supp. Mot. Summ. J. ¶¶ 2, 4; Lee Decl. ¶ 6; Taylor Decl. Supp. Mot. Summ. J. Ex. D.  Moreover, as noted, under section 6(c), California likely qualifies as an "interested state" with a strong stake "in the determination of" the covenant's validity.  Thus, nothing prevents Google and Lee from making the same arguments in the Washington state proceeding that they make here.

Google and Lee cite *McGill v. Hill*, 31 Wash. App. 542 (1982) and *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635 (9th Cir. 1988) for the proposition that Washington courts will only strike down choice-of-law provisions that violate Washington law.  In *McGill*, a Washington appellate court announced that "[a]n express choice of law clause in a contract will be given effect, as expressing the intent of the parties, so long as application of the chosen law does not violate the fundamental public policy of the forum state."  *McGill*, 31 Wash. App. at 547.  Similarly, citing *McGill*, *Sparling* posited that "Washington law gives effect to an express choice of law clause in a contract as long as application of the chosen law does not violate Washington's fundamental public policy."  *Sparling*, 864 F.2d at 641.  However, neither case involved a Washington court deciding whether to apply another state's law despite a Washington choice-of-law clause.  *See McGill*, 31 Wash App. at 546-48 (declining to apply Washington law in light of a Pennsylvania choice-of-law clause); *Sparling*, 864 F.2d at 641 (declining to apply Washington law in light of an Alaska choice-of-law clause).  In addition, the Washington Supreme Court has refused to apply Washington law under sections 188 and 6 out of deference to another state's interests.  *See Pac. Gamble Robinson Co. v. Lapp*, 95 Wash. 2d 341, 345-48 (1980) (applying Colorado law to issue of whether creditor could recover community property because "numerous contacts, competing policies, and justifiable expectations of the parties show Colorado's interest in the contract to be far more significant than Washington's"), *overruled on other grounds by deElche v. Jacobsen*, 95 Wash. 2d 237, 247 (1980). Google and Lee can thus urge the Washington state court to apply California law.  In fact, doing so would

---

[8]  Although a California resident, Lee's anticipated assignment with Google is in China.

ORDER GRANTING DEFENDANT'S MOTION FOR A STAY AND DEFERRING RULING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT —C-05-03095 RMW
DOH                                                                 9

simply entail repeating the same arguments they make here.  For these reasons, the court concludes that there is no meaningful difference between this case and the Washington state proceeding.[9]  Because the two cases are "parallel," this court declines to declare the rights and other legal relations of the parties pending the outcome in the Washington state court.

## 2.   Whether *Advanced Bionics* Holds Otherwise

Google and Lee also contend that the California Supreme Court's decision in *Advanced Bionics* "expressly addressed the issue [of] whether two cases pending in courts in different states, but involving the same dispute over a non-compete provision, should proceed simultaneously" and "concluded that allowing both proceedings to go forward *in parallel* was the appropriate course of action."  Opp. Mot. Dism. at 11:22-26 (emphasis in original).  The court disagrees.  *Advanced Bionics* held that a California court improperly enjoined parties from litigating the validity of a covenant not to compete in Minnesota state court.  *Advanced Bionics*, 29 Cal. 4th at 707-08.  However, the court reached this conclusion out of respect for principles of sovereignty and comity:

> [E]ven assuming a California court might reasonably conclude that the contractual provision at issue here is void in this state, this policy interest does not, under these facts, justify issuance of a TRO against the parties in the Minnesota court proceedings.  A parallel action in a different state presents sovereignty concerns that compel California courts to use judicial restraint when determining whether they may properly issue a TRO against parties pursing an action in a foreign jurisdiction.

*Id*. at 706-07.  No similar circumstances are present here.  Microsoft's request—that this court permit the first-filed Washington state proceeding to continue—is far less intrusive and extreme than a request to enjoin parties from litigating before a foreign tribunal.  In any event, "[t]he propriety of granting declaratory

---

[9]     The one difference is the issue of the enforceability of the forum selection clause.  As noted, this court would apply federal law to the issue.  The United States Supreme Court has held that courts should presume that forum selection clauses are valid and only invalidate them when they are "unreasonable."  *See Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).  A forum selection clause is "unreasonable," *inter alia*, if the clause's opponent makes a strong showing that "enforcement of the clause would contravene a strong public policy *of the forum in which the suit is brought*."  *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (quoting *Bremen*, 407 U.S. at 12-13) (emphasis added).  Thus, this court would determine whether the forum selection clause violated California policy, while the Washington state court would determine whether the forum selection clause violated Washington policy.

However, this distinction has no practical significance.  If Google and Lee successfully prove that California's interest in striking down the covenant not to compete is sufficiently strong, the Washington state court should apply California law regardless of whether the forum selection clause is valid.  If Google and Lee cannot make this showing, then the validity of the forum selection clause is not critical: the case should proceed under Washington law.  Either way, the validity of the forum selection clause cannot be dispositive in the Washington state proceeding.

1 relief in federal court is a procedural matter" governed by federal law.  *DeFeo*, 831 F. Supp. at 779.

2 Accordingly, because *Advanced Bionics* applied California law, it does not control this court's decision to

3 decline to entertain a request for declaratory relief.  *See Hannah v. Plumer*, 380 U.S. 460, 465 (1965) (in

4 diversity cases "federal courts are to apply state substantive law and federal procedural law").

5     **C.**    **The Court Stays the Case**

6     "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often

7 be the preferable course."  *Wilton*, 515 U.S. at 288 n.2.  Because it is still possible that the Washington

8 state court will dismiss the case or not allow Google and Lee to contend that California law applies, this

9 court hereby stays the case until the completion of the Washington state proceedings.

ORDER GRANTING DEFENDANT'S MOTION FOR A STAY AND DEFERRING RULING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT —C-05-03095 RMW
DOH                                            11

### III. ORDER

For the foregoing reasons, the court grants Microsoft's motion for a stay and therefore defers ruling on Google's motion for summary judgment.

DATED:        10/27/05                    /s/ Ronald M. Whyte
                                          RONALD M. WHYTE
                                          United States District Judge

1 | **Notice of this document has been electronically sent to:**

2 | **Counsel for Plaintiff(s):**

3 | Stephen E. Taylor      staylor@tcolaw.com
Jan J. Klohonatz      jklohonatz@tcolaw.com

4

**Counsel for Defendant(s):**

5

Lisa Marie Schull      lmschull@prestongates.com
6 | Michael J. Bettinger      mikeb@prestongates.com
Rachel R. Davidson      racheld@prestongates.com

7

8 | Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

9

10

11

**Dated:**      10/27/05          DOH
12 |                                                             **Chambers of Judge Whyte**